# BOIES, SCHILLER & FLEXNER LLP

575 LEXINGTON AVENUE • 7th FLOOR • NEW YORK, NY 10022 • PH 212-446-2300 • FAX 212-446-2350

MATTHEW L. SCHWARTZ
Tel.: (212) 303-3646
E-mail: mlschwartz@bsfllp.com

September 8, 2016

**BY ELECTRONIC MAIL**

Hon. Ronnie Abrams
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
FILED: SEP 09 2016

Re:   *United States v. Jason Galanis, et al.*, 16 Cr. 371 (RA)

Dear Judge Abrams:

    We represent Devon Archer, one of the defendants in the above-referenced case. I write to respectfully request the Court's permission for Mr. Archer to take a business trip to China, to attend board and investor meetings for a company in which Mr. Archer is involved. As the Court is aware, Your Honor has twice previously granted Mr. Archer permission to travel internationally on business, which he did without incident on both occasions. As before, the Court's Pretrial Services Office consents to this request, but the Government objects. For the reasons that follow, I respectfully submit that Mr. Archer – who is absolutely no risk of flight – should be allowed to take this important trip.

    The proposed trip would be from September 18 to September 23 in Beijing and Suzhou, China, to attend various investor and board of director meetings of a company in which Mr. Archer is a substantial shareholder. (He was also, until he voluntarily stepped down after the initiation of this case, a member of the company's board of directors, and he maintains the ability by virtue of his shareholding to appoint a director). Mr. Archer has provided an itinerary to his Pretrial Services Officer, who as noted consents to this request. A copy of Mr. Archer's proposed flight and meeting space/hotel information is attached as Exhibit A, which we respectfully request to be filed under seal.

    On June 13, 2016, Your Honor granted Mr. Archer permission to travel to Italy on business, on the conditions that he (a) report daily to his Pretrial Services Officer; (b) surrender his wife and three young children's passports during the duration of his trip; and (c) execute a waiver of extradition. Mr. Archer complied with those requirements, including delivering a waiver of extradition, in the form requested by the Government, which covered not only his trip to Italy but the entire duration of proceedings in this case. He then travelled to Italy for business and returned, on time and without incident.

On July 21, 2016, Your Honor again granted Mr. Archer permission to travel on business, this time to Latvia and with his wife, on the conditions that he report daily to his Pretrial Services Officers and surrender his three children's passports while he and his wife were away. Again, Mr. Archer complied with these requirements, and returned to the United States as scheduled and without incident.

In short, Mr. Archer has proven that he is no risk of flight. As we have previously explained, the evidence that Mr. Archer is not a flight risk is not limited to these two international trips. Alone among the defendants charged in this case, Mr. Archer already is permitted to travel without restriction in the continental United States, a fact (particularly because the government consented) that speaks volumes about the government's and the Court's faith in Mr. Archer's compliance. As set forth at greater length in our June 11th letter requesting permission for the Italy trip [ECF No. 41], Mr. Archer engaged fully with the Government throughout the course of its lengthy investigation, including returning from overseas once the Government first identified Mr. Archer as a "target" of its investigation, and producing documents to the Government on the same day the criminal complaint was sworn out (when the Government had made it fairly plain that it intended to charge him). Every morning on the week that he expected to be arrested, Mr. Archer sat on his front stoop at 6 AM waiting to surrender himself to law enforcement. (He waited outside principally so that his wife and three small children would not be frightened by an arrest in the home). Even *after* Mr. Archer was arrested, his defense team met with the Government to provide information and documents to attempt to convince them that an indictment of Mr. Archer was not in the interest of justice. In short, Mr. Archer – who has no criminal history at all – has repeatedly demonstrated that he intends to engage fully with the Government, either through persuasion or litigation;[1] he is no risk of flight.

As before, if the Court permits him to travel, Mr. Archer will report daily to his Pretrial Services Officer while he is away, and Mr. Archer will surrender his wife's and three young children's passports to Pretrial Services while he is out of the county.[2] If the Court believes that any other measures are necessary, such as a larger appearance bond, Mr. Archer would consent to them, as well, because he has absolutely no intention of fleeing. Accordingly, on behalf of Mr. Archer, I respectfully request that he be permitted to travel to China for business on September 18-23, 2016.

---

[1] In addition to engaging fully with the U.S. Attorney's Office, Mr. Archer is also participating fully in the parallel SEC case before Judge Pauley. Indeed, he objected to any stay of discovery in that matter precisely because he wishes to defend himself.

[2] Previously, Mr. Archer's wife surrendered her passport while Mr. Archer was in Italy, but she travelled to Latvia with Mr. Archer, as the Court of course was informed. Should the Court grant this request, Mr. Archer's wife does not plan to join him in China, and she will surrender her passport to Pretrial Services, along with the children's, while Mr. Archer is away.

2

Thank you for your consideration of this request.

>Respectfully,
>
>/s/ Matthew L. Schwartz
>Matthew L. Schwartz

cc: BY ELECTRONIC MAIL

     AUSAS Brian Blais, Aimee Hector, and Rebecca Mermelstein
     U.S. Pretrial Services Officer Andrew R. Kessler-Cleary

---

Application granted. Mr. Archer will report daily to Pretrial Services during his trip and his wife and children shall surrender their passports while he is out of the country. Because it contains private travel information, the exhibit attached to Mr. Schwartz's letter shall be filed under seal. SO ORDERED.

_[signature]_

Hon. Ronnie Abrams, U.S.D.J.
September 9, 2016