# BOIES, SCHILLER & FLEXNER LLP

575 LEXINGTON AVENUE • 7th FLOOR • NEW YORK, NY 10022 • PH. 212-446-2300 • FAX 212-446-2350

MATTHEW L. SCHWARTZ
Tel.: (212) 303-3646
E-mail: mlschwartz@bsfllp.com

January 27, 2017

**BY ECF**

Hon. Ronnie Abrams
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   *United States v. Jason Galanis, et al.*, S1 16 Cr. 371 (RA)

Dear Judge Abrams:

We represent Devon Archer, one of the defendants in the above-referenced case. Although no motion schedule has yet been established in this case, we write to make an emergency application to (a) compel the government to produce a search warrant and supporting application that it apparently secured last month, and (b) order Google to refrain from providing data responsive to the warrant until the defense has had a reasonable amount of time to review the warrant and application and determine whether to challenge it.

## BACKGROUND

Last night, at approximately 7:30 PM, we learned that the government had served a search warrant upon Google that called for e-mail account records and other data from several e-mail accounts, one of which appears to be associated with Mr. Archer.[1] The warrant was signed on December 28, 2016 – almost a month ago to the day. For reasons that are not clear, the government presented the warrant to Magistrate Judge Moses rather than to Your Honor.

Earlier today, we contacted the government to request a copy of the warrant and application, and to seek their consent to hold off on collecting responsive data until we have had an opportunity to review that material. This evening, the government advised us that they do not believe the warrant and application are "presently discoverable," and would only produce them later, along with the results of their search. They likewise informed us that they do not agree to instruct Google to hold off on producing responsive documents.

---

[1]   Google provided us with a copy of the warrant that is redacted in several respects.

The urgency of this application arises from the fact that Google has notified us that it will produce responsive data to the government, without further notice, unless it receives a copy of an objection filed with the Court. The warrant gave Google 30 days to produce responsive records; if the government served the warrant on the day it was issued, therefore, the deadline for production would be today. Absent an agreement with the government to hold off on collecting the Google data, therefore, Mr. Archer is filing this objection.

## ARGUMENT

There is no excuse for the government's failure to produce the warrant and application. The material is plainly subject to discovery under Rule 16, and indeed is routinely produced in discovery by the government in this district. *See, e.g., United States v. Mulholland*, 628 Fed. Appx. 40 (2d Cir. 2015) (noting that a search warrant and application were produced in pre-trial discovery, and ordering evidentiary hearing after trial testimony revealed that government engaged in potentially unconstitutional search). There is also no reason to wait – the government apparently did not obtain an order sealing the warrant. Nor would there have been any justification for a sealing order: the government is plainly attempting to gather evidence for trial, not investigating new charges. Indeed, the warrant calls for data created between January 1, 2014, and May 11, 2016 – the day that the defendants in this case were arrested.

Mr. Archer should be permitted to examine the warrant and application, and make any appropriate challenges, *before* the government searches the data, for two essential reasons. *First*, even based on the very limited information currently available to the defense, it appears that the warrant will be subject to challenge on numerous grounds. *Second*, Mr. Archer would be severely prejudiced by the government's review of information that it is quite likely not entitled to see, especially because we understand the subject account includes literally hundreds of attorney-client communications and the warrant appears to contain absolutely no restriction on the government's ability to access attorney-client materials. There would be no prejudice to the government from waiting, however, since responsive data will be preserved.

There is ample reason to believe that the warrant may be defective. Among other things, the warrant calls for old data, and the fact that it does not ask for documents through the present strongly suggests that any showing of probable cause was based on old evidence. This raises significant concerns about whether any probable cause for the warrant is stale. *See generally Rivera v. United States*, 928 F.2d 592 (2d Cir. 1991). There are other potential problems, as well. For example, the face of the warrant reveals that it is almost surely overbroad. It calls for not only the entire contents of an e-mail account, but also all Google Docs documents, all contents of Google Drive, all photographs stored on Picasa Web Albums, all internet browsing activity, all location data, and other expansive categories of information. Unless the application supplies probable cause to specifically search these various categories of data, there are serious concerns that the warrant amounts to an unconstitutional general search. *See generally United States v. Otero*, 563 F.3d 1127, 1132 (10th Cir. 2009) ("The modern development of the personal computer and its ability to store and intermingle a huge array of one's personal papers in a single place increases law enforcement's ability to conduct a wide-ranging search into a person's private affairs, and accordingly makes the particularity requirement that much more important.") (cited with approval in *United States v. Rosa*, 626 F.3d 56, 61-62 (2d Cir. 2010) (reversing denial

of motion to suppress because search of electronic evidence amounted to unconstitutional general search)).

Of course, we make no such allegations because we have been unable to review the unredacted warrant and application.  But if there is a basis to challenge the warrant, the Court should hear it before the government gains access to this massive amount of data.  Delaying a search of the data would cause no prejudice to the government.  Indeed, by its policies, Google maintains a copy of data requested by the government while any legal process is challenged, so there is no risk that data will be lost.  *See* Google Transparency Report, available at https://goo.gl/LS5Saq ("If the request appears to be legally valid, we will endeavor to make a copy of the requested information before we notify the user.").

On the other hand, Mr. Archer would be horribly prejudiced if the government had the opportunity to search through tremendous amounts of data that it may not be entitled to see – but which it cannot, of course, un-see.  The potential prejudice to Mr. Archer is especially acute because we understand that the e-mail account in question includes hundreds and hundreds of attorney-client communications.  Unlike many warrants, moreover, the warrant here contains no restrictions on the government's review of attorney-client materials, and no procedures for allowing the defense to conduct a privilege review, the use of a "taint team" or "wall AUSA," or other minimization procedures.  *See generally United States v. Levin*, No. 15 Cr. 101 (KBF), 2015 WL 5838579, at *2 (S.D.N.Y. Oct. 5, 2015) ("[W]hen searches capture large volumes of documents, some of which may be privileged or nonresponsive, the ethical wall is designed to protect the *defendant's* rights to the protection of his privilege and the culling out of documents not within the scope of the search warrant. The balance between protecting a defendant's Fourth Amendment rights and the realities of how documents are seized has led, *inter alia*, to the practice of using an ethical wall. As the wall is for the protection of the *defendant's* rights, it is decidedly not to give the Government a substantive look into that which it has no right to see." (emphases in original)).

To be clear, however, Mr. Archer does not believe that the use of a wall AUSA or taint team would be acceptable in this case.  Numerous courts in this district have described why such procedures are inappropriate in criminal cases.  *See, e.g., United States v. Kaplan*, No. 02 Cr. 883 (DAB), 2003 WL 22880914, at *12 (S.D.N.Y. Dec. 5, 2003) (explaining rationale and concluding: "Certainly this Opinion should be counted among those *disapproving* the Government's use of an ethical wall team to 'protect' the attorney-client and work-product privileges" (emphasis in original)); *In re Search Warrant for Law Offices Executed on March 19, 1992*, 153 F.R.D. 55, 59 (S.D.N.Y. 1994) ("this Court notes that reliance on the implementation of a Chinese Wall, especially in the context of a criminal prosecution, is highly questionable, and should be discouraged. The appearance of Justice must be served, as well as the interests of Justice. It is a great leap of faith to expect that members of the general public would believe any such Chinese wall would be impenetrable; this notwithstanding our own trust in the honor of an AUSA. Furthermore, in a case such as this the Chinese Wall attorney to perform the search required the physical assistance of agents, laborers, truckmen and others not bound by the ethical considerations which affect a lawyer. Those on the Mongol side of the Wall may well access the same information from other sources, and have difficulty convincing a defendant or the public that the information did not pass over or through the Wall.").  The possibility that privileged

information would "pass over or through the Wall" – and so might inform the government's development of evidence, further investigation, or questioning at trial – makes such a procedure inappropriate in this matter. At the very least, the government should not be permitted to receive and review responsive materials until an appropriate methodology has been designed and approved to protect the privilege.

## **CONCLUSION**

In short, it appears that the government has obtained – but thus far refused to produce – a search warrant that is almost certainly subject to challenge, and which calls for massive amounts of personal, irrelevant, and/or attorney-client privileged materials without any meaningful review procedure. The Court should enter an order (a) compelling the government to immediately produce copies of the warrant and application, and (b) requiring Google to refrain from providing data responsive to the warrant for at least a period of 30 days from the date that the government makes such production so that Mr. Archer may make any appropriate motion to challenge the warrant.

Thank you for your consideration.

Respectfully,

 /s/  Matthew L. Schwartz
Matthew L. Schwartz