

MATTHEW L. SCHWARTZ
Tel.: (212) 303-3646
E-mail: mlschwartz@bsfllp.com

July 28, 2017

**BY ECF**

Hon. Ronnie Abrams
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *United States v. Jason Galanis, et al.*, **S1 16 Cr. 371 (RA)**

Dear Judge Abrams:

    I write briefly to respond to the government's sur-reply letter of this afternoon, in order to make two quick points.

    *First*, the government has misapprehended Mr. Archer's argument. We did not argue (for present purposes) that the government was required to conduct its investigation in any particular way, and its citation to *Ulbricht* is therefore irrelevant. The government could have sought a warrant limited only to search terms, and been relieved of the problems associated with possessing large amounts of non-responsive data.[1] But instead it chose to ask for the entire contents of the e-mail accounts, specifically representing to the issuing Magistrate Judge that keyword searches were inadequate. Having made that choice (and that representation to the Court), the government must live with the consequences – it is not remotely sufficient for the government to answer that investigating document-intensive cases is harder when they are required to do a complete and appropriate *Brady* review.

    *Second*, the government cites *United States v. Ganias*, 755 F.3d 125, 136 (2d Cir. 2014), for the proposition that the time it takes the government to "review [] electronic files is subject to the rule of reasonableness." But *Ganias* involved a challenge to the amount of time it took the government to review materials it had seized *prior to indictment*. In this case, the government obtained and executed the Warrant post-indictment, and the Court has set a motion deadline and

---

[1] The government claims that a warrant containing key words could be challenged as unduly burdensome. But the government regularly serves subpoenas upon third parties – banks, accountants, brokers, counter-parties, etc. – that contain voluminous lists of names and/or other criteria that function precisely as key words, and which require the recipient to make responsiveness determinations. The process is therefore plainly not so burdensome that it should excuse the government's violation of the Fourth Amendment.



trial date. Purely as a matter of managing the Court's docket and discovery – separate and apart from whatever restrictions may be imposed by the Fourth Amendment, the Court has the authority to require the government to produce Rule 16 material by a date certain.[2]

The government's reliance on the panel decision in *Ganias* is misplaced for an additional reason: it is not good law. When the Second Circuit granted en banc review in *Ganias*, it vacated the panel decision relied upon by the government. *See, e.g., Carpenter v. Koskinen*, No. 16-1036-CV, 2017 WL 2817062, at *1 (2d Cir. June 29, 2017) ("The original *Ganias* panel decision, which the district court relied on in its June 4 Order, has since been vacated by the en banc Court."). And the en banc Court of Appeals expressly declined to rule on the question of how long the government may take to review electronic material obtained by warrant, choosing instead to resolve the issue on alternative grounds precisely because that question is so difficult. *See United States v. Ganias*, 824 F.3d 199, 220-21 (2d Cir. 2016) ("As we have said, we need not resolve the ultimate question whether the Government's retention of forensic copies of Ganias's hard drives during the pendency of its investigation violated the Fourth Amendment. We conclude, moreover, that we should not decide this question on the present record, which does not permit a full assessment of the complex and rapidly evolving technological issues, and the significant privacy concerns, relevant to its consideration. Having noted Ganias's argument, we do not decide its merits." (footnote omitted)); *Id.* at 241 (Chin, *J.*, dissenting) ("The Court [granted en banc review] ostensibly to provide guidance in a novel and difficult area of law. But, after a year-long en banc process, no guidance has come forth.").

Thank you for your consideration.

                                                Respectfully,

                                                /s/ Matthew L. Schwartz
                                                Matthew L. Schwartz

---

[2] The government says that requiring it to conclude its review by August 11 would place an undue strain on its resources, and that "it is not unreasonable for the Government's responsiveness review to take more than the six weeks that will have elapsed between July 3 and August 11." Of course, however, the government's review will not have taken six weeks as of August 11 – it will have taken approximately five *months* at that point, since the government got access to the e-mail data in or about early March when the Second Circuit dismissed Mr. Archer's appeal.