

| | | |
|---|---|---|
| 500 Fifth Avenue<br>43rd Floor<br>New York, NY 10110<br>(212) 796-6330 | **MORVILLO LLP** | 1101 17th Street, NW<br>Suite 1006<br>Washington, DC 20036<br>(202) 470-0330 |

www.morvillolaw.com

GREGORY MORVILLO
(212) 796-6340
GMORVILLO@MORVILLOLAW.COM

December 21, 2017

**Via ECF**

Honorable Ronnie Abrams
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

        Re:    <u>*United States v. Galanis, et al.*, S1 16-cr-371 (RA)</u>

Dear Judge Abrams:

      The undersigned represents Michelle Morton in the above captioned matter. Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, Ms. Morton respectfully requests that the Court order the United States Attorney's Office ("USAO" or "government") to conduct a review of all documents collected by the Securities and Exchange Commission ("SEC") in the parallel civil investigation that resulted in the filing a lawsuit against Ms. Morton, among others. *See SEC v. Archer*, *et al*., 16 Civ. 3505 (WHP).

      As Devon Archer's letter filed December 20, 2017 ("Archer's Letter") describes, the SEC has accumulated a universe of documents, including but not limited to emails and other documents acquired from Atlantic Asset Management (AAM). Archer's Letter notes that the defense does not know whether the government has taken physical possession of the entirety of these documents, but it clearly has access to at least some of them. To wit, on December 4, 2017, defendants received a production from the government that contained documents obtained from the SEC.[1] The production included documents from the following custodians: Sebastian Momtazi, Devon Archer, Hunter Traubman, Burnham Securities, Liechstenstein FMA, US Bank, and COR Capital.

---

[1] This is the eighth document production the USAO has made since its on-the-record statement in March 2017 that it had finished its document production in this matter.

As Archer's Letter makes clear, the SEC possesses far more information than the USAO has provided to Ms. Morton. Namely:

- Approximately 40 boxes of documents stored by AAM Alexandria and Stamford offices
- Servers, back up tapes collected from AAM by Receiver from AAM offices in Alexandria and Stamford
- Assorted materials collected by Receiver from AAM Alexandria and Stamford offices. Includes selected documents obtained by Receiver; additional hard drives from Alexandria and Kansas City (old); back up external harddrive of Stamford server; Daniel Turney's back up external harddrive from Alexandria; keys, id cards and employee phones (excluding Morton's); Hughes 2013 tax return; Service providers contracts; quick books data
- Emails from Intel (ISP for AAM Stamford)
- Quickbooks for AAM
- 55 Desktop harddrives; 7 laptops and 10 other devices

*See* Archer's Letter at 2.

Unlike the SEC and Archer, Ms. Morton does not have access to these highly relevant documents. This, despite the fact that more than one year ago, previous counsel, Neil Checkman, specifically requested that the government produce all AAM documents, as well as to review the SEC's files for *Brady* material. *See* Ex. A, Letter from Government dated February 12, 2017 responding to Mr. Checkman's Letter dated January 12, 2017.

The government refused. In the February 12, 2017 letter, it informed Mr. Checkman that it would not conduct any such search or produce the AAM documents. *Id*. at 1. The government took the position that it owed no obligation under *Brady* and its progeny, to review the SEC's materials because "neither the SEC nor FINRA were part of the prosecution team in this matter." *Id*.

At least one court in this district has disagreed with the USAO's self-imposed standard. In *United States v. Gupta*, Judge Rakoff rejected the government's refusal to conduct a *Brady* review, finding that "[f]or *Brady* purposes, it is enough that the agencies are engaged in joint fact-gathering, even if they are making separate investigatory or charging decisions…" 848 F. Supp. 2d 491, 494 (S.D.N.Y. 2012). Similarly, the Department of Justice Guidelines for Prosecutors Regarding Criminal Discovery lists factors to consider in determining whether to review material from another agency including, among others, "whether the agency played an active role in the prosecution, including . . . interviewing witnesses . . .; *whether the prosecutor knows of* and has access to discoverable information held by the agency; [and] *whether the prosecutor has obtained other information and/or evidence from the agency*." Memorandum for Department Prosecutors, U.S. Dep't of Justice, Guidance for Prosecutors Regarding Criminal Discovery (Jan. 4, 2010) (emphasis added), https://www.justice.gov/archives/dag/memorandum-department-prosecutors. In the instant case, the USAO clearly knows of the discoverable

information and has obtained information and evidence from the SEC. Thus, it should follow its own guidelines and conduct the search.

Notwithstanding the aforementioned, the government has politely declined to review the SEC files. At a time when the USAO did not affirmatively seek or accept documents from the SEC, *perhaps* it could have maintained its position that it had no obligation to search for *Brady* information. However, this is no longer the case. The government has received documents from the SEC's trove of information and thus it should not be permitted to refuse to do a comprehensive search. In effect, if the USAO does not conduct a full *Brady* review it will be using the SEC as both sword and shield – accepting documents when it suits its needs, but refusing to search for exculpatory information that could bolster Ms. Morton's defense.

Turning to Judge Rakoff's ruling in *Gupta*, this situation is similar enough to warrant action. It is clear that there has been joint fact-gathering in the instant case. As we understand it, the USAO and SEC investigations began simultaneously. In July 2015, Ms. Morton's company at the time, Hughes Capital Management, received an SEC document request. Only a few weeks later, in August 2015, the Federal Bureau of Investigation ("FBI") contacted Ms. Morton. The SEC and USAO also appear to have made charging decisions simultaneously. The USAO filed its criminal Complaint in this case on May 9, 2016; the SEC filed its civil Complaint on May 11, 2016. The fact that they concluded their investigations on virtually the same day cannot be overlooked. Moreover, we are aware of multiple meetings that both the SEC and USAO attended; one of which involving counsel for Ms. Morton. This indicates that the USAO and the SEC satisfy the *Gupta* standard regarding having conducted a joint fact-finding investigation for several years.

Because the government has engaged in this joint fact finding mission with the SEC, Ms. Morton respectfully requests that the Court order the government to conduct a *Brady* review of the entirety of the SEC's files so that Ms. Morton may have full and fair opportunity to contest the charges against her.[2] In the alternative and to the extent the USAO denies the joint nature of the fact-gathering, Ms. Morton respectfully requests the Court seek information, including documents and emails, between the USAO and the SEC so that it may learn the extent to which the aforementioned worked together on this investigation.

We are available at the Court's convenience should it require further information on this issue.

                                                Respectfully submitted,

                                                Greg Morvillo

cc:    All counsel of record (via ECF)

---

[2] In an attempt to save the April trial date, Ms. Morton is not seeking to have the government obtain and produce the entirety of the SEC file. Ms. Morton would be satisfied with a government review of the entirety of the SEC file and production of *Brady* material.