LAW OFFICES
**PAULA J. NOTARI**
315 MADISON AVENUE
SUITE 901
NEW YORK, NEW YORK 10017
---------
Tel. (646) 943-2172

March 19, 2018

**BY ECF**

The Honorable Ronnie Abrams
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re: *United States v. Jason Galanis, et al.*, S1 16 Cr. 371 (RA)

Dear Judge Abrams:

On behalf of defendant Bevan Cooney—given the ongoing voluminous document and audio productions by the Government on the cusp of trial—I write to request in the interests of justice that the Court adjourn the upcoming trial date to give all counsel the opportunity to review new discovery which continues to descend upon the defense almost daily. Counsel for all other defendants, including Michelle Morton, join this request.

Since January 16, 2018—the deadline for pretrial motions—the government has made 17 separate productions, adding at least 32,500 pages of new material, as well as critical metadata that has affected, and required a re-review of, certain of the government's prior productions.[1]

The defense has now been able to ascertain that the Galanis audio tapes which were first made available to Mr. Cooney on March 8, 2018 after the last court date consist of more than 250 hours of phone calls which Mr. Cooney is featured on; it is impossible to tell which other calls mention Mr. Cooney or are in reference to related activity without reviewing them. In total the Galanis wiretap production alone comprises 561 pages of examination reports; 8,282 text messages produced in a single 4,827 page document; a call log with 30,209 entries; and approximately 12,807 audio files of Jason Galanis's phone calls.

The Government has continually promised that they were finished with discovery except for some minimal materials, and yet they continue to produce large amounts of documents and now audio productions that will require hours to review and catalog. The government's most recent production, dated March 16 but not received by the defendants until today (and which therefore has not yet been uploaded to the Relativity platform), appears to include hundreds of new documents spanning over a thousand pages, including what appears to be the entire trade blotter for the Code Rebel IPO, a spreadsheet that – though counted as a single page for these purposes – is itself thousands of entries long.

---

[1] Since January 16, 2018 undersigned counsel for the above-mentioned defendants have counted 17-productions since we filed pretrial motions: 1/25, 1/26, 1/30, three productions on 2/8, 2/9, 2/12, 2/15, 2/16, 2/20, 2/22, 3/6, 3/7, 3/8, and 3/16, plus the Jason Galanis audio tapes and now the Gerova discovery.

And the Gerova discovery – which the Court ordered the government to produce at the March 6 hearing, but which the defendants have not yet gotten access to, even with the assistance of counsel for Gary Hirst – consists of an additional 734,166 documents. While it is not possible to calculate the total number of pages that these documents represent because of the form in which the Government produced them, counsel for Mr. Hirst informs that as of January 2016, when counsel made a request for an adjournment of the Gerova trial, the Government and defense counsel estimated that the total number of pages exceeded 2 million. Following that request, which Judge Castel granted based on the volume of discovery, the Government made approximately ten additional productions, which are included in the databases that Mr. Hirst's counsel has made available to the other defendants in this case. Defense counsel expect to receive access to the Gerova discovery later this week.[2]

In total, therefore, the defendants have received or will receive at least millions of pages of discovery and hundreds of hours of audio, all since the March 6 hearing alone.

As undersigned counsel informed the Court at a status hearing in October of 2017, I was essentially appointed to Mr. Cooney's case in January of 2017 and for reasons that were not in my control I did not have meaningful access to the Government's document productions until May of 2017 when they were uploaded to Relativity through an independent vendor arranged by the attorneys for Ms. Morton. Not including the new discovery, the Government had already produced more than 4.3 million documents from at least 70 custodians, comprising well over 5.1 million pages. The total volume of discovery is now well in excess of 7 million documents. The productions to date including the Gerova discovery are unwieldy in size and form, and have made it impossibly difficult to prepare for trial, especially because the Government has provided no information regarding which documents relate to the charges against Mr. Cooney and the other defendants.

I have been in communication with counsel for all of the defendants in this case and we are all in agreement that this volume of information on the cusp of trial is hopelessly unfair because there is simply no way that we can review (let alone make use of or follow up on) these materials before trial and, moreover, we will shortly receive the Government's 3500 materials and trial discovery. While the defendants in this case understand the Court's desire to proceed to trial on April 30, 2018, the Government should not be permitted to engage in tactics that will create a trial by ambush and result in unfair surprise. An adjournment of the trial date is necessary to avoid undue prejudice to the defendants.

Ultimately, this is a problem of the Government's own making. It was the Government that represented to the Court at a conference on March 3, 2017 (when the schedule was initially set) that there was "no" discovery in its possession and "nothing substantial" due to be received from third parties. (3/3/2017 Tr. at 4). Contrary to the Government's argument now that it was "well known" to the Court that in fact voluminous discovery remained. The Court may recall at the

---

[2] Although Messrs. Hirst and John Galanis had access to the Gerova discovery and the audio files earlier than the other defendants (albeit with the latter only available at the U.S. Attorney's Office prior to this Court's order that the files be turned over to the defense), they are now in the process of re-reviewing this discovery to determine whether it contains additional material relevant to this case, while simultaneously attempting to keep up with the near-daily torrent of new discovery. It is also important to note that counsel for John Galanis and newly-retained counsel for Mr. Hirst did not participate in the Gerova trial and accordingly are now reviewing much of this discovery for the first time.

October 2017 conference date, the Court was deciding between an April trial date versus and a trial date in late summer.  After that conference, counsel for Ms. Morton did not oppose the April trial date which the Court ultimately set. However if the defense, including counsel for Ms. Morton, had known that the Government would continue to produce new discovery until the cusp of trial, we believe that the Court – and certainly all of the defendants – would have agreed that an April trial date was not reasonable. A copy of the transcript was previously attached in Document #253, filed with the Court on October 20, 2017.

      Accordingly, we believe that an adjournment is necessary and appropriate, and respectfully request that the Court grant a continuance of at least three months.  Again, all defendants join in this request. Alternatively, we are available at the Court's convenience for a conference to discuss the state of discovery and the schedule in this case. Thank you for your consideration.

                Respectfully,

                /s/ Paula Notari
                Paula Notari
                Counsel for Bevan Cooney

cc:    AUSAs Rebecca Mermelstein, Negar Tekeei, Brendan Quigley (by ECF)