UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

UNITED STATES OF AMERICA,                :

                                         :

          - v.-                          :          S3 16 Cr. 371 (RA)

                                         :

GARY HIRST,                              :

JOHN GALANIS,                            :

          a/k/a "Yanni,"                 :

MICHELLE MORTON,                         :

DEVON ARCHER, and                        :

BEVAN COONEY,                            :

                                         :

                    Defendants.          :

----------------------------------------------------------------x

## JOINT REQUESTS TO CHARGE

## <u>TABLE OF CONTENTS</u>

Request No. 1   General Requests ................................................................................. 3

Request No. 2   The Indictment .................................................................................... 8

Request No. 3   Summary of Indictment ....................................................................... 9

Request No. 4   Count One: Conspiracy to Commit Securities Fraud – The Statute .................. 15

Request No. 5   Count One:  Conspiracy to Commit Securities Fraud – Conspiracy and Substantive Counts ......................................................................................................... 17

Request No. 6   Count One:  Conspiracy to Commit Securities Fraud – Elements of Conspiracy………………………………………………………………………………19

Request No. 7   Count One:  Conspiracy to Commit Securities Fraud – First Element: Existence of the Conspiracy ..................................................................................................... 21

Request No. 8:     Count One: Conspiracy to Commit Securities Fraud – Object of the Conspiracy………. ...................................................................................................... 26

Request No. 9   Count One:  Conspiracy to Commit Securities Fraud – Second Element: Membership in the Conspiracy ................................................................................. 29

Request No. 10     Count One: Conspiracy to Commit Securities Fraud – Third Element:  Overt Acts……………… ...................................................................................................... 34

Request No. 11     Count Two: Securities Fraud – The Indictment and the Statute .................... 36

Request No. 12     Count Two: Securities Fraud – Statutory Purpose ......................................... 38

Request No. 13     Count Two: Securities Fraud – Elements of the Offense ............................... 40

Request No. 14     Count Two: First Element – Fraudulent Act .................................................. 41

Request No. 15     Count Two: Second Element – Knowledge, Intent and Willfulness ............... 48

Request No. 16     Count Two: Securities Fraud – Third Element: Instrumentality of Interstate Commerce……… ...................................................................................................... 53

Request No. 17     Count Three: Conspiracy to Commit Investment Adviser Fraud – The Statute…………… ................................................................................. ………………………56

Request No. 18     Count Three:  Conspiracy to Commit Investment Adviser Fraud – Conspiracy and Substantive Counts ......................................................................................................... 57

Request No. 19     Count Three:  Conspiracy to Investment Adviser Fraud – First, Second and Third Elements: Existence of the Conspiracy, Knowing Membership in the Conspiracy, and Overt Acts……………….... ...................................................................................................... 59

Request No. 20     Count Four: Investment Adviser Fraud – The Indictment and the Statute...... 61

Request No. 21   Count Four: Investment Adviser Fraud – Statutory Purpose ......................... 63

Request No. 22   Count Four: Investment Adviser Fraud – Fiduciary Duty.............................. 65

Request No. 23   Count Four: Investment Adviser Fraud – Elements of the Offense ............... 67

Request No. 24:   Count Four: Investment Adviser Fraud – First Element: Defendant Was an Investment Adviser ................................................................................................................. 69

Request No. 25   Count Three: Investment Adviser Fraud – Second Element: Scheme to Defraud………… ................................................................................................................. 71

Request No. 26   Count Four: Investment Adviser Fraud – Third Element: Intent ................... 72

Request No. 27   Count Four: Investment Adviser Fraud – Fourth Element: Interstate Nexus.. 74

Request No. 28   Aiding and Abetting ...................................................................................... 79

Request No. 29   Willfully Causing a Crime............................................................................. 84

Request No. 30   Conscious Avoidance .................................................................................... 86

Request No. 31   Venue............................................................................................................ 90

Request No. 32   Time of Offense............................................................................................. 91

Request No. 33   Law Enforcement and Government Employee Witnesses ............................. 92

Request No. 34   Cooperating Witness Testimony ................................................................... 93

Request No. 35   Formal / Informal Immunity of Government Witnesses ................................. 98

Request No. 36   Expert Testimony ........................................................................................ 100

Request No. 37   Character Testimony.................................................................................... 101

Request No. 38   Defendant's Testimony................................................................................ 102

Request No. 39   Defendant's Right Not to Testify ................................................................ 103

Request No. 40   Uncalled Witnesses – Equally Available to Both Sides ............................... 104

Request No. 41   Particular Investigative Techniques Not Required ....................................... 105

Request No. 42   Persons Not on Trial ................................................................................... 106

Request No. 43   Preparation of Witnesses ............................................................................ 107

Request No. 44   Charts and Summaries – Not Admitted As Evidence.................................... 108

Request No. 45   Charts and Summaries – Admitted as Evidence.......................................... 109

Request No. 46   Use of Recordings, Text Messages and E-Mails.......................................... 110

Request No. 47   Stipulations ................................................................................................ 111

Request No. 48   Limiting Instruction – Similar Act Evidence ............................................... 112

CONCLUSION................................................................................................................ 116

**Request No. 1**                                                 **General Requests**

The Government respectfully requests that the Court give its usual instructions to the jury

on the following matters:

a.      Function of Court and Jury.

b.      Indictment Not Evidence.

c.      Statements of Court and Counsel Not Evidence.

d.      Burden of Proof and Presumption of Innocence.

e.      Reasonable Doubt.

f.      Government Treated Like Any Other Party.

g.      Inferences.

h.      Credibility of Witnesses.

i.      Right to See Exhibits and Have Testimony Read During Deliberations.

j.      Sympathy: Oath of Jurors.

k.      Punishment is Not to Be Considered by the Jury.

l.      Verdict of Guilt or Innocence Must Be Unanimous.

**Request No. [] Direct and Circumstantial Evidence**

    **[The Government requests the Court's standard charge, which we understand to be the following:]**[1]

    Generally, there are two types of evidence that you may consider in reaching your verdict.  One type of evidence is direct evidence.  Direct evidence is testimony by a witness about something he or she knows by virtue of his or her own senses – something he or she has seen, felt, touched or heard.  For example, if a witness testified that when she left her house this morning it was raining, that would be direct evidence about the weather.

    Circumstantial evidence is evidence from which you may infer the existence of certain facts.  For example, assume that when you came into the courtroom this morning the sun was shining and it was a nice day.  Assume that the courtroom blinds were drawn and you could not look outside.  As you were sitting here, someone walked in with an umbrella, which was dripping wet.  Then a few minutes later another person entered with a wet raincoat.  Now, you cannot look outside of the room and you cannot see whether or not it is raining.  So you have no direct evidence of that fact.  But on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

    That's all there is to circumstantial evidence.  You infer on the basis of reason and experience and common sense from one established fact the existence of nonexistence of some other fact.

---

[1] Unless otherwise noted, the language to which all parties agree appears in black font.  The language proposed by the Government and objected to by the defense appears in blue.  The citations provided by the Government and which support the Government's requested charges also appear in blue.  The language proposed by the defense and objected to by the Government appears in red.

As you can see, the matter of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a logical, factual conclusion which you might reasonably draw from other facts that have been proven.  Many material facts – such as what a person was thinking or intending – can rarely be proven by direct evidence.

Circumstantial evidence is as valuable as direct evidence.  The law makes no distinction between direct and circumstantial evidence, but simply required that before convicting a defendant, the jury must be satisfied of a defendant's guilt beyond a reasonable doubt, based on all the evidence in the case, circumstantial or direct.

There are times when different inferences may be drawn from the evidence.  The Government asks you to draw one set of inferences.  The defendant asks you to draw another.  It is for you, and for you alone, to decide what inferences you will draw.

The Court's instructions in United States v. James Tagliaferri, 13 Cr. 115 (RA).

**[The defense requests the following instructions, to which the Government objects.]**

In deciding whether the Government has met its burden of proof, you may consider both direct evidence and circumstantial evidence.

Direct evidence is evidence that proves a fact directly.  For example, where a witness testifies to what he or she saw, heard, or observed, that is called direct evidence.

Circumstantial evidence is evidence that tends to prove a fact by proof of other facts. There is a simple example of circumstantial evidence that is often used in this courthouse. Suppose that when you came into the courthouse today, the sun was shining and it was a nice day, but the courtroom blinds were drawn and you could not look outside. Later, as you were sitting here, someone walked in with a dripping wet umbrella, and, soon after, somebody else walked in with a dripping wet raincoat. Now, because the blinds are drawn, you cannot look

outside to see whether it is raining. So you have no direct evidence of that fact. But on the combination of the facts about the umbrella and the raincoat, it would be reasonable to infer that it had begun raining. That is all there is to circumstantial evidence. Using your reason and experience, you infer from established facts the existence or the nonexistence of some other fact.

Now, circumstantial evidence can be strong or weak, depending on how strong or powerful that inference is. The same is true of direct evidence. Direct evidence can be strong or weak, depending on the senses of the person providing the direct evidence. If the person is reporting from what he saw, does that person have good eyesight? If that person reports what he heard, does that person have good hearing? Does that person have a good memory to be able to recall it? Is that person trustworthy? Can that person be trusted to tell you the truth as opposed to a lie or is the person responsible? Might the person without any intent to lie have somehow colored the issue? There are lots of things that can make direct testimony either very reliable or very unreliable.

The same thing is true of circumstantial evidence. To provide you with another example, let's say that you are on the subway at a time of day when the trains are not very crowded. You arrive at the platform at a local stop and you are surprised to find a large crowd of people waiting on the platform. You might draw an inference. You might infer that a train had not arrived for some time. You are using the process of circumstantial evidence.

Now, is that a strong inference or a weak inference. Well, it's certainly weaker than the wet umbrella and raincoat from my previous example, because there are a number of potential explanations why so many people are waiting on the train platform. Maybe there was a train just a minute ago that went out of service, forcing everyone off the train at this station. Or maybe there was a large event nearby that recently ended, sending an unusual number of people to this

particular subway stop two minutes ahead of you. There are a lot of possible explanations, so we do not have as strong a basis for drawing any particular inference.

An inference is not a suspicion or a guess. It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact that you know exists.  You are not required to draw any inference unless you believe that such an inference flows reasonably from the evidence. So in drawing inferences you should draw whatever inference seems most reasonable to you from the evidence that you have heard or no inference at all if you just aren't sure and you don't think that there is an inference reasonably to be drawn one way or the other from the evidence that you have heard. Many facts, such as a person's state of mind, can rarely be proved by direct evidence.

Circumstantial evidence is of no less value than direct evidence; it is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires that before convicting the defendant, the jury must be satisfied of the defendant's guilt beyond a reasonable doubt after review of all of the evidence in the case, direct and circumstantial. During the trial you may have heard the attorneys use the term "inference" and in their arguments they have asked you to infer, on the basis of your reason, experience and common sense, from one or more established facts the existence of some other fact. It is for you and you alone to decide what inferences you will draw. There are times when different inferences may be drawn from facts whether by direct or circumstantial evidence. The government may ask you to draw one set of inferences, while the defense may ask you to draw another. Where two equally strong inferences can be drawn from the same facts, one favorable to the prosecution and one favorable to the defendant, you should draw the inference that is favorable to the defendant.[2]

---

[2] See United v. Glenn, 312 F.3d 58, 70 (2d Cir. 2002) and Charge given by the Hon. Robert P. Patterson in United States v. Martinez-Sandoval, 01 Cr 307 (RPP).

**Request No. 2**                                **The Indictment**

The defendants in this matter, GARY HIRST, JOHN GALANIS, a/k/a "Yanni,"

MICHELLE MORTON, DEVON ARCHER, and BEVAN COONEY, have been formally

charged in what is called an Indictment.  An Indictment is simply an accusation. It is no more

than the means by which a criminal case is started. It is not evidence.  It is not proof of the

defendants' guilt.  It creates no presumption, and it permits no inference that the defendants are

guilty.  You are to give no weight to the fact that an Indictment has been returned against the

defendants.

Before you begin your deliberations, you will be provided with a copy of the Indictment.

I will not read the entire Indictment to you at this time.  Rather, I will first summarize the

offenses charged in the Indictment and then explain in detail the elements of the charged

offenses.

**[The defense would include the following, to which the Government objects.]**

To find the defendants guilty, you must find that the government has proven the specific

charges in the Indictment—not some other crime—beyond a reasonable doubt. If you do not find

the government has established beyond a reasonable doubt the specific allegations set forth in the

Indictment, then the defendants are not guilty and you must find them not guilty.

**Request No. 3**                                    **Summary of Indictment**

The Indictment contains four counts or "charges."

Count One of the Indictment charges that, from at least in or about March 2014 through in or about April 2016, each of the defendants conspired or agreed with others to commit securities fraud.  As I will explain in more detail in a few moments, a conspiracy, such as the one charged in Count One, is a criminal agreement to violate the law.

Count Two of the Indictment charges that, from at least in or about March 2014 through in or about April 2016, each of the defendants committed the substantive offense of securities fraud.  Later on, I will explain to you the differences between a conspiracy count and a substantive count.  For now, just keep in mind that a conspiracy count is different from a substantive count.  Count One charges each of the defendants with participating in a conspiracy to commit securities fraud.  Count Two charges each of the defendants with substantive securities fraud.

The Indictment alleges that the securities fraud conspiracy charged in Count One and the substantive securities fraud offense charged in Count Two relate to an alleged scheme by each of the defendants to defraud a Native American tribal entity, the Wakpamni Lake Community Corporation, which I will call the WLCC, to issue bonds, which I will call the "Wakpamni Bonds," based on false and misleading representations, and to fraudulently cause clients of investment advisory firms to buy certain of those bonds, thereby defrauding those clients as well. The Indictment also alleges that the defendants failed to invest the bond proceeds on the WLCC's behalf in the manner agreed upon, and instead misappropriated the bond proceeds for their own use.

Count Three of the Indictment charges that, from at least in or about March 2014 through in or about April 2016, defendants MICHELLE MORTON and GARY HIRST conspired or agreed with others to commit investment adviser fraud.

Count Four of the Indictment charges that, from at least in or about March 2014 through in or about April 2016, defendants MICHELLE MORTON and GARY HIRST committed the substantive offense of investment adviser fraud.

The Indictment alleges that the investment adviser fraud conspiracy charged in Count Three and the substantive investment adviser fraud offense charged in Count Four relate to an alleged scheme by MICHELLE MORTON and GARY HIRST to defraud certain clients of investment advisory firms by gaining ownership and control of the investment advisory firms and causing client funds to be invested in the Wakpamni Bonds, without disclosing material facts to the clients, including that the bonds did not fit within the investment parameters of certain clients' investment advisory contracts and that certain substantial conflicts of interest existed.

That is a summary of all four counts in the Indictment.

**[The defense proposed the following instruction, to which the Government objects.]**

Again, the Indictment is merely the Government's accusations; it is not evidence, and it is entitled to no weight.

You must consider each defendant and each count separately, and you must return a separate verdict of guilty or not guilty for each defendant on each count.  Whether you find a defendant guilty or not guilty as to one offense should not affect your verdict as to any other defendant or any other offense charged.

Sand, et al., Modern Federal Jury Instructions, Instr. 3-6, 3-8. Honorable Michael B. Mukasey in United States v. Bello, 91 Cr. 571 (MBM), aff'd mem., 990 F.2d 622 (2d Cir. 1993).

10

**[The defense requests the following instruction, to which the Government objects because it is incorporated into the proposed conspiracy charges.]**

Request No. 5 Infer Participation From Association

You may not infer that any of the defendants was guilty of participating in criminal conduct merely from the fact that the defendants may have associated with other people who were involved in wrongdoing. Nor for that matter may you infer guilt merely because the defendant you are considering was present when others may have engaged in or discussed criminal conduct. The mere fact that a defendant may have met with or knows others who engaged in criminal conduct does not prove a conspiracy. Moreover, a defendant's general knowledge of criminal activity does not prove that he or she joined or participated in a conspiracy. Rather, it is the government's obligation to prove that the particular defendant you are considering became a member of the conspiracy, as I will instruct you later.

Adapted from L. Sand, et al., Modern Fed. Jury Inst. - Crim., Inst.
6-3, 6-4; United States v. Anderson, 747 F.3d 51, 61 (2d Cir. 2014).]

.

**[The defense would include the following instruction, to which the Government objects.]**

Request No. 6 Cannot Assume Guilt or Knowledge From The Defendant's Position

You have heard evidence that certain of the defendants were in very high executive positions at their companies, including as Chief Executive Officer, Chief Investment Officer, or served on a company's board of directors. You cannot find any defendant guilty based solely on his or her position or title. When deciding whether the defendant you are considering acted with actual knowledge or intent to deceive, you must keep in mind that the defendant's position does not itself prove his or her knowledge and intent or involvement in a criminal conspiracy.

Whether the defendant you are considering had access to some information by virtue of his or her position, or otherwise, does not prove that the defendant knew such information, or that he or she knowingly and willfully acted on such information. Similarly, you cannot infer that any defendant acted knowingly or willfully simply because you believe he or she should have been more curious or asked more questions regarding the actions around him or her or the information to which he or she had access.

> See Chill v. Gen. Elec. Co., 101 F.3d 263, 270 (2d Cir. 1996) ("Fraud cannot be inferred simply because GE might have been more curious or concerned about the activity at Kidder."); In re Sotheby's Holdings, Inc., No. 00 CIV. 1041 (DLC), 2000 WL 1234601, at *7 (S.D.N.Y. Aug. 31, 2000) (rejecting argument that defendants in senior positions of a corporation are presumed to be knowledgeable; "[i]t is well established that boilerplate allegations that defendants knew or should have known of fraudulent conduct based solely on their board membership or executive positions are insufficient to plead scienter."); Glickman v. Alexander & Alexander Servs., Inc., No. 93 CIV 7594 (LAP), 1996 WL 88570, at *14 (S.D.N.Y. Feb. 29, 1996) ("executive's 'unfettered access' [to information] 'is an inadequate basis for scienter, one which would expose virtually any CEO, by virtue of his or her position alone, to liability'").]

**[The defense would include the following instruction, to which the Government objects because the instruction is incorporated into Request No. 18.].**

Request No. [] Good Faith

As I will explain, an essential element of each crime charged is intent to defraud. It therefore follows that good faith on the part of the defendant you are considering is a complete defense to the charges here. A person who acts on a belief or opinion honestly held is not punishable under these statutes merely because his or her opinion or belief turns out to be wrong.

Even false representations, statements, or omissions of material facts do not amount to a fraud unless done with fraudulent intent. An honest belief in the truth of the representations made by a defendant is a complete defense, however inaccurate the statements may have turned out to be. However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith.

If the defendant you are considering believed in good faith that he or she was acting properly, even if he was mistaken in that belief, and even if others were injured by his or her conduct, there would be no crime. Similarly, evidence of a mistake in judgment, an error in management, or carelessness cannot establish fraudulent intent or negate a defendant's good faith. The defendants, however, have no burden to establish a defense of good faith. The burden is on the government to prove fraudulent intent and the absence of good faith beyond a reasonable doubt.

As a practical matter, then, in order to sustain the charges against the defendants, the government must establish beyond a reasonable doubt that they knew that their conduct as a participant in the scheme was calculated to deceive and, nonetheless, they associated themselves with the alleged fraudulent scheme. If the government cannot prove this beyond a reasonable doubt, then you must find the defendant that you are considering not guilty.

Adapted from L. Sand, et al., Modern Fed. Jury Inst. - Crim., Inst. 8-1, 57-24; Eleventh Circuit Pattern Jury Instructions, S17; United States v. Steinberg, No.12-cr-121 (RJS) (S.D.N.Y. Nov. 6, 2013), Joint Proposed Jury Charge at 27-28.

**Request No. 4**          **Count One: Conspiracy to Commit Securities Fraud – The Statute**

In Count One of the Indictment, each of the defendants – GARY HIRST, JOHN

GALANIS, MICHELLE MORTON, DEVON ARCHER and BEVAN COONEY – is charged

with violating Title 18, United States Code, Section 371. That section provides as follows:

> If two or more persons conspire either to commit any offense
> against the United States, or to defraud the United States, or any
> agency thereof in any manner or for any purpose and one or more
> of such persons do any act to effect the object of the conspiracy,
> each [is guilty of a federal crime].

Each of the defendants is charged in Count One with participating in a conspiracy to

violate the federal statutes that make it unlawful to commit securities fraud.

**[The Government would add the following language to which the defense objects.]**

Specifically, Count One charges that each of the defendants agreed to commit securities fraud in

connection with the issuance of more than $60 million of bonds by a Native American tribal

entity, the Wakpamni Lake Community Corporation, based on false and misleading

representations, and then failed to invest the bond proceeds on the tribal entity's behalf in the

manner agreed upon, and instead misappropriated the bond proceeds for their own use.  Count

One also charges that, as part of the scheme to commit securities fraud, the defendants

fraudulently caused clients of two investment advisory firms—Hughes Capital Management,

Inc., which I will call "Hughes," and Atlantic Asset Management, LLC, which I will call

"Atlantic"—to buy certain of the Wakpamni Bonds, thereby defrauding those clients as well.

**[The defense requests to replace the above language with the following language.]**

Specifically, Count One charges that each of the defendants agreed to commit securities fraud in

connection with Wakpamni bonds.

15

The Indictment lists the overt acts that are alleged to have been committed in furtherance of the conspiracy charged in Count One.

I will come back to Count Three, the other conspiracy count, later on in my charge.

Adapted from charge of the Honorable Barbara S. Jones in United States v. Weissman, 01 Cr. 529 (BSJ).

**Request No. 5**          **Count One:  Conspiracy to Commit Securities Fraud – Conspiracy and Substantive Counts**

As I have said, Count One of the Indictment charges each defendant with participating in a "conspiracy."  As I will explain, a conspiracy is a kind of criminal partnership – an agreement of two or more people to join together to accomplish some unlawful purpose.  The essence of the crime of conspiracy is an agreement or understanding to violate other law.  If a conspiracy exists, even if it should fail in its purpose, it is still punishable as a crime.

The crime of conspiracy – or agreement – to violate a federal law, as charged in the Indictment, is an independent offense.  It is separate and distinct from the actual violation of any specific federal laws, such as that charged in Count Two, which the law refers to as "substantive crimes."

You may find a defendant guilty of the crime of conspiracy – in other words, agreeing to commit securities fraud – even if you find that the substantive crime which was the object of the conspiracy – securities fraud – was never actually committed.  Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime, even if the conspiracy is not successful and no substantive crime is actually committed.

However, you must find each defendant not guilty of conspiracy unless the Government proves all of the elements of a conspiracy (which I will explain to you shortly) beyond a reasonable doubt **[the defense would add the following language, to which the Government objects:** and you may consider the fact that the substantive crime that is the object of the charged conspiracy was not actually committed in determining whether the government has met its burden.**]**

17

Adapted from the charges of the Honorable P. Kevin Castel in United States v. Bergstein, 16 Cr. 746 (PKC); the Honorable Paul G. Gardephe in United States v. Tuzman, 15 Cr. 536 (PGG); the Honorable Barbara S. Jones in United States v. Ebbers, 02 Cr. 1144 (BSJ) and United States v. Weissman, 01 Cr. 529 (BSJ); the Honorable Leonard B. Sand in United States v. Rigas, 02 Cr. 1236 (LBS); and Sand, et al., Modern Federal Jury Instructions, Instr. 19-2. See also United States v. Labat, 905 F.2d 18, 21 (2d Cir. 1990) ("Since the essence of conspiracy is the agreement and not the commission of the substantive offense that is its objective, the offense of conspiracy may be established even if the collaborators do not reach their goal.").

**Request No. 6**          **Count One:  Conspiracy to Commit Securities Fraud – Elements of Conspiracy**

To prove a defendant guilty of the conspiracy charged in Count One, the Government must prove beyond a reasonable doubt each of the following three elements:

<u>First</u>, the existence of the conspiracy charged in Count One of the Indictment; that is, the existence of an agreement or understanding to commit the unlawful object of the charged conspiracy, which in this case is securities fraud.  The first element then is:  Did the conspiracy alleged in the Indictment exist?  Was there such a conspiracy?; and

<u>Second</u>, that the defendant you are considering willfully and knowingly became a member of the conspiracy, with intent to further its illegal purposes – that is, with the intent to commit the object of the charged conspiracy; and

<u>Third</u>, that any one of the conspirators – not necessarily a defendant, but any one of the parties involved in the conspiracy – knowingly committed at least one overt act in the Southern District of New York in furtherance of the conspiracy during the life of the conspiracy.

The Southern District of New York encompasses the following counties:  New York County (<u>i.e.</u>, Manhattan), Bronx, Westchester, Rockland, Putnam, Dutchess, Orange and Sullivan Counties.  Anything that occurs in any of those places occurs in the Southern District of New York.

Now let us separately consider each of these elements.

Adapted from the charges of the Honorable P. Kevin Castel in <u>United States</u> v. <u>Bergstein</u>, 16 Cr. 746 (PKC); the Honorable Paul G. Gardephe in <u>United States</u> v. <u>Tuzman</u>, 15 Cr. 536 (PGG); the Honorable Barbara S. Jones in <u>United States</u> v. <u>Ebbers</u>, 02 Cr. 1144 (BSJ) and <u>United States</u> v. <u>Weissman</u>, 01 Cr. 529 (BSJ); the Honorable Leonard B. Sand in <u>United States</u> v. <u>Rigas</u>, 02 Cr. 1236

(LBS); and Sand, et al., <u>Modern Federal Jury Instructions</u>, Instr.
19-3.

**Request No. 7**          **Count One:  Conspiracy to Commit Securities Fraud – First Element: Existence of the Conspiracy**

Starting with the first element, what is a conspiracy?  A conspiracy is an agreement or an understanding, between two or more persons, to accomplish by joint action a criminal or unlawful purpose.

To satisfy the first element of a conspiracy – namely, to show that the conspiracy existed – the Government **[the Government requests the following standard language, to which the defense objects:** is not required to show that two or more people sat around a table and entered into a solemn pact, orally or in writing, stating that they had formed a conspiracy to violate the law and spelling out all of the details.  Common sense tells you that when people, in fact, agree to enter into a criminal conspiracy, much is left to the unexpressed understanding.  It is rare that a conspiracy can be proven by direct evidence of an explicit agreement.

In order to show that a conspiracy existed, the evidence must show] **[The defense would include the following language, to which the Government objects:** must prove beyond a reasonable doubt] that two or more people, in some way or manner, through any contrivance, explicitly or implicitly (that is, spoken or unspoken), came to a mutual **[the Government requests "**understanding**" and the defense requests "**agreement**"]** to violate the law and to accomplish an unlawful plan.  If you find beyond a reasonable doubt that two or more persons came to an **[the Government requests "**understanding**" and the defense requests "**agreement**"]**, express or implied, to violate the law and to accomplish an unlawful plan, then the Government will have sustained its burden of proof as to this element.

**[The Government requests the following standard language, to which the defense objects.]** When people enter into a conspiracy to accomplish an unlawful end, they become

agents and partners of one another in carrying out the conspiracy.  In determining whether there has been an unlawful agreement as alleged, you may consider the acts and conduct of the alleged co-conspirators that were done to carry out the apparent criminal purpose.  In addition, in determining whether such an agreement existed, you may consider direct as well as circumstantial evidence.  The old adage, "Actions speak louder than words," applies here.]

**[The defense requests to replace the above language with the following, to which the Government objects.]**  However, the government is not necessarily required to show that two or more people sat around a table and entered into a solemn pact, orally or in writing, stating that they had found a conspiracy to violate the law and spelling out all of the details.  That is because a conspiracy can be shown either by direct or circumstantial evidence and by both the worlds and actions of the defendants.

Often **[the defense would replace** "Often" **with** "Sometimes," **to which the Government objects]**, the only evidence that is available with respect to the existence of a conspiracy is that of disconnected acts and conduct on the part of the alleged individual co-conspirators.  When taken altogether and considered as whole, however, these acts and conduct may warrant the inference that a conspiracy existed as conclusively as would direct proof, such as evidence of an express agreement.  On this question, you should refer back to my earlier instructions on direct and circumstantial evidence and inferences.

**[The Government requests the following language, to which the defense objects.]**
So, you must first determine whether the evidence proves beyond a reasonable doubt the existence of the conspiracy charged in Count One of the Indictment.  It is sufficient to establish the existence of the conspiracy, as I have already said, if you find beyond a reasonable doubt,

from proof of all the relevant facts and circumstances, that the minds of at least two alleged co-conspirators met to accomplish, by the means alleged, the object of the conspiracy.

**[The defense request the following language, to which the Government objects.]**

In addition, when people enter into a conspiracy to accomplish an unlawful end, they become agents of one another in carrying out the conspiracy. In determining whether there has been an unlawful agreement as alleged, you may consider the acts and conduct of the alleged co-conspirators that were done to carry out the specific, agreed upon criminal purpose. The fact that various disconnected acts happened to further the conspiracy is not enough, however. To determine whether the evidence proves beyond a reasonable doubt the existence of the conspiracy charged in Count One of the Indictment the government must prove beyond a reasonable doubt that the minds of at least two alleged coconspirators met to violate the law in the manner charged in the indictment.

## Liability For Acts And Declarations Of Co-Conspirators

You will recall that I have admitted into evidence against the defendants the acts and statements of others because these acts and statements were committed or made by persons who, the Government charges, were also confederates [the defense objects to word "confederates"] or co-conspirators of the defendants.

The reason for allowing this evidence to be received against the defendants has to do in part with the nature of the crime of conspiracy.  A conspiracy is often referred to as a partnership in crime: as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

23

Therefore, the reasonably foreseeable acts or statements of any member of the conspiracy, committed in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts or statements of all of the members, and all of the members are responsible for such acts or statements.

If you find, beyond a reasonable doubt, that a defendant was a member of the conspiracy charged in the Indictment, then any acts done or statements made in furtherance of the conspiracy by a person also found by you to have been a member of the same conspiracy may be considered against that defendant.  This is so even if such acts were committed or such statements were made in that defendant's absence, and without his or her knowledge **[the defense would add the following language, to which the Government objects: , however as I have just said, they must be reasonably foreseeable to that defendant**].

However, before you may consider the acts or statements of a co-conspirator in deciding the guilt of a defendant, you must first determine that the acts were committed or statements were made during the existence, and in furtherance, of the unlawful scheme.  If the acts were done or the statements were made by someone whom you do not find to have been a member of the conspiracy, or if they were not in furtherance of the conspiracy, they may not be considered by you in deciding whether a defendant is guilty or not guilty.

Adapted from the charges of the Honorable P. Kevin Castel in United States v. Bergstein, 16 Cr. 746 (PKC); the Honorable Paul G. Gardephe in United States v. Tuzman, 15 Cr. 536 (PGG); the Honorable George B. Daniels in United States v. Ilya Boruch, 08 Cr. 820 (GBD); the Honorable Colleen McMahon in United States v. Edmund Boyle, 08 Cr. 523 (CM); the Honorable Barbara S. Jones in United States v. Weissman, 01 Cr. 529 (BSJ); and from Sand et al., Modern Federal Jury Instructions, Instr. 19-4; see also United States v. Rea, 958 F.2d 1206, 1214 (2d Cir. 1992) ("In order to prove conspiracy, the government need not present evidence of an explicit agreement; proof of a tacit understanding

will suffice.  The coconspirators need not have agreed on the details of the conspiracy, so long as they have agreed on the essential nature of the plan, and their goals need not be congruent, so long as they are not at cross-purposes.") (citations omitted).

**Request No. 8:**        **Count One: Conspiracy to Commit Securities Fraud – Object of the Conspiracy**

The object of a conspiracy is the illegal goal the co-conspirators agree upon or hope to achieve.  As I have mentioned, the object of the conspiracy charged in Count One of the Indictment is securities fraud.  In order to prove that a defendant is guilty of the conspiracy offense charged in Count One, the Government must establish beyond a reasonable doubt that that defendant agreed with others to commit securities fraud.

Securities fraud is not only charged as the object of the conspiracy but as a separate substantive offense in Count Two of the Indictment.  This is permissible.  A crime may be punished for its own sake, and it may also be an object of a conspiracy.  However, you must consider them separately.  A defendant may be guilty of one and not the other **[the defense would add the following language, to which the Government objects:** and you may consider whether the defendant committed the substantive count when determining whether the defendant committed the conspiracy**]**.  Because the object of the conspiracy is charged as a substantive offense in Count Two of the Indictment, I will be giving you further instructions about that offense later on and ask you to apply the same law to the object of the conspiracy as charged in Count One of the Indictment.

For now, it suffices to say that the federal laws that are relevant here make it a crime, in connection with the purchase or sale of securities, to do any one of the following three things.

The first is to employ a device, scheme or artifice to defraud.  A device, scheme or artifice **[the Government requests "**defraud**" to which the defense objects]** is merely a plan for the accomplishment of any objective.  **[The Government requests the following language, to which the defense objects.]**  Fraud is a general term which embraces all efforts and means that

26

individuals devise to take advantage of others.  It includes all kinds of manipulative and deceptive acts.

The second thing made unlawful by the securities fraud statute is to make an untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

I have also used the word "material" in describing the nature of the false or misleading statements.  We use the word "material" to distinguish between the kinds of statements we care about and those that are of no real importance.

**[The Government requests the following language, to which the defense objects.]**

Matters that are "material" may also include fraudulent half-truths or omissions of material fact. A material fact is one that a reasonable person might have considered important in making his or her investment decision.  That means if you find a particular statement of fact or omission to have been untruthful or misleading, before you can find that statement or omission to be material, you must also find that the statement or omission was one that would have mattered to a reasonable person in making such an investment decision.

The third thing made unlawful is to engage in an act, practice, or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller.

If you find beyond a reasonable doubt that a defendant agreed with at least one other person that any one of these things be done, then the securities fraud object would be proved as to that defendant.

**[The defense requests the following language, to which the Government objects.]**

The burden is on the government to prove beyond a reasonable doubt that any statements it contends are false or misleading are also material.  Matters that are "material" may include

27

fraudulent half-truths or omissions of material fact.  A material fact is one that a reasonable investor would consider important in making his or her investment decision.  That means if you find a particular statement of fact or omission to have been untruthful or misleading, you must consider whether the government has proved the statement is material, in other words you must consider whether the government has proved that the statement or omission was one that would have mattered to a reasonable investor in making such an investment decision.

The third thing made unlawful is to engage in an act, practice or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller of securities.

If you find beyond a reasonable doubt that a defendant agreed with at least one other person to commit the substantive count of securities fraud as I just defined, then the securities fraud object would be proved as to that defendant.  Bear in mind that you must find that the government has proven the securities fraud object as to each individual defendant.  In other words, to find the defendants guilty of the securities fraud charges, the government must prove beyond a reasonable doubt that any false statement or omission was made in connection with a purchase or sale of securities.

Adapted from the charge given in United States v. Weissman, 01 Cr. 529 (BSJ).

**Request No. 9**          **Count One:  Conspiracy to Commit Securities Fraud – Second Element:  Membership in the Conspiracy**

If you conclude that the Government has proven beyond a reasonable doubt that the conspiracy charged in Count One of the Indictment existed, and that the conspiracy had securities fraud as its object, then you must next consider the second element: namely, whether the defendant you are considering participated in the conspiracy with knowledge of its unlawful purpose and in furtherance of its unlawful objective.

In order to satisfy the second element of Count One, the Government must prove beyond a reasonable doubt that a defendant knowingly and willfully entered into the conspiracy with the intention of aiding the accomplishment of its unlawful ends.

**"Willfully" and "Knowingly"**

**[The Government requests the following standard language, to which the defense objects.]** An act is done "knowingly" and "willfully" if it is done deliberately and purposely — that is, a defendant's actions must have been his or her conscious objective rather than a product of a mistake or accident, mere negligence, or some other innocent reason.

**[The defense requests the following language, to which the Government objects.]**

The term "knowingly" means you must be satisfied beyond a reasonable doubt that in joining the conspiracy, that each defendant knew what he was doing. An act is done "knowingly" if it is done deliberately and purposefully – that is, the defendant's actions must have been his conscious objective rather than a product of mistake or accident, mere negligence, or some other innocent reason.  An act is done "willfully" if it is done voluntarily and in intentional violation of a legal duty. A defendant does not act willfully if he is merely careless; he must intend to violate the law.

29

To satisfy its burden of proof that a defendant willfully and knowingly became a member of a conspiracy to accomplish an unlawful purpose, the Government must prove beyond a reasonable doubt that the defendant knew that he or she was a member of an operation or conspiracy to accomplish that unlawful purpose, and that his or her action of joining such an operation or conspiracy was not due to carelessness, negligence, or mistake **[the defense would add the following language, to which the Government objects:** but was undertaken willfully and intentionally].

**[The Government requests the following standard language, to which the defense objects.]** Now, knowledge, of course, is a matter of inference from the proven facts. Science has not yet devised a manner of looking into anyone's mind and knowing what he or she is thinking. However, you do have before you the evidence of acts alleged to have taken place by or with the defendants or in their presence. A defendant's knowledge is a matter of inference from the facts proven. In that connection, I instruct you that to become a member of the conspiracy, a defendant need not have known the identities of each and every other member of the conspiracy, nor need he or she have been apprised of all of their activities. Moreover, the defendant need not have been fully informed as to all of the details, or the scope, of the conspiracy in order to justify an inference of knowledge on his or her part.

**[The defense would add the following language, to which the Government objects.]** The key question, therefore, is whether the defendant joined the conspiracy with an awareness of the basic aims and purposes of the unlawful element. A defendant's participation in the conspiracy must be established by independent evidence of his own acts or statements.

The duration and extent of a defendant's participation in the conspiracy charged in Count One **[the Government proposes "**has no bearing on**" while the defense proposes "**does not

30

determine"] the issue of that defendant's guilt.  He or she need not have joined the conspiracy at

the outset.  He or she may have joined it at any time in its progress, and the defendant will still

be held responsible for all that was done before he or she joined and all that was done during the

conspiracy's existence while the defendant was still a member **[the defense would add the**

**following language, to which the Government objects:** provided that all of those acts

attributable to the defendant are reasonably foreseeable to him].  Indeed, each member of a

conspiracy may perform separate and distinct acts and may perform them at different times.

Some conspirators play major roles, while others play minor parts in the scheme.  An equal role

is not what the law requires.  **[The Government requests the following language, to which the**

**defense objects:**  In fact, even a single act may be sufficient to draw the defendant within the

ambit of the conspiracy.]  **[The defense proposes the following language, to which the**

**Government objects:**  In fact, even a single act, if it establishes that a defendant knowingly and

willfully joined the conspiracy, is sufficient to prove a conspiracy.]

I want to caution you, however, that a defendant's mere presence at the scene of the

alleged crime does not, by itself, make him or her a member of the conspiracy.  Similarly, a

person may know, assemble with, or be friendly with, one or more members of a conspiracy,

without being a conspirator himself or herself.  **[The defense would add the following**

**language, to which the Government objects:** Specifically, a person may have a business

association with someone but that is not sufficient to establish a knowing and willful

participation in the conspiracy with that person.]  I also want to caution you that mere knowledge

or acquiescence, without **[the defense would add "willful," to which the Government objects]**

participation, in the unlawful plan is not sufficient.  What is necessary is that a defendant must

have participated with knowledge of at least some of the purposes or objects of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

**[The Government requests the following standard language, to which the defense objects.]** Once a conspiracy is formed, it is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by the members.  So too, once a person is found to be a member of a conspiracy, he or she is presumed to continue as a member in the conspiracy until the conspiracy is terminated, unless it is shown by some affirmative proof that the person withdrew and disassociated himself or herself from it.

In sum, a defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised, or assisted in it for the purpose of furthering the illegal undertaking.  He or she thereby becomes a knowing and willing participant in the unlawful agreement — that is to say, a conspirator.

**[The defense requests the following language, to which the Government objects.]**

In sum, you may not find the defendant that you are considering guilty of participating in the alleged conspiracy unless you find that he or she, with an understanding of the unlawful character of the conspiracy, intentionally participated in the alleged conspiracy for the purpose of furthering the illegal undertaking.  His participation must have been deliberate and intentional, not merely inadvertent, negligent, or innocent.  His or her participation must also have been willful, that is, with knowledge that the objects of the conspiracy were illegal and with the specific intent to further those illegal objects.

Adapted from the charges given in United States v. Bergstein, 16 Cr. 746 (PKC); United States v. Ilya Voruch, 08 Cr. 820 (GBD); United States v. Edmund Boyle, 08 Cr. 523 (CM); United States v. Tone Grant, 05 Cr. 1192 (NRB); United States v. Angelo Nicosia, 07 Cr. 907 (SAS); United States v. Xiang Chen, 02 Cr. 300 (LAK);

see also United States v. Dove, No. 14-1150-CR, 2018 WL
1161664, at *5 (2d Cir. Mar. 6, 2018) ("[I]t is well settled law that
an individual need not know the identities of all coconspirators in
order to be found guilty of being a member of a conspiracy.")
(internal quotation marks omitted); United States v. Vanwort, 887
F.2d 375, 383 (2d Cir. 1989) (2d Cir. 1989) (All that needs to be
proved is that it reasonably could be inferred that [the defendants]
participated in the alleged enterprise with a consciousness of its
general nature and extent. . . . The members of the conspiracy do
not have to conspire directly with every other member of it, or be
aware of all acts committed in furtherance of the conspiracy, or
even know every other member. . . . There is no requirement that
the same people be involved throughout the duration of the
conspiracy.") (internal quotation marks omitted); Sand, et al.,
Modern Federal Jury Instructions, Instr. 19-6.

**Request No. 10**          **Count One: Conspiracy to Commit Securities Fraud – Third Element: Overt Acts**

The third element of the conspiracy to commit securities fraud charged in Count One of the Indictment is the requirement of an overt act.  To sustain its burden of proof with respect to the conspiracy charged in the Indictment, the Government must show beyond a reasonable doubt that at least one overt act was committed in furtherance of that conspiracy by at least one of the co-conspirators – not necessarily a defendant.

The purpose of the overt act requirement is clear.  There must have been something more than mere agreement; some overt step or action must have been taken by at least one of the conspirators in furtherance of that conspiracy.

The overt acts are set forth in the Indictment.  The Indictment reads as follows:

*[The Court is respectfully requested to read the "Overt Acts" section of Count One of the Indictment.]*

You may find that overt acts were committed which were not alleged in the Indictment. The only requirement is that one of the members of the conspiracy – not necessarily a defendant in this case – has taken some step or action in furtherance of the conspiracy during the life of that conspiracy.  **[The Government requests the following standard language, to which the defense objects.]** For the Government to satisfy the overt act requirement, it is not necessary for the Government to prove all of the overt acts alleged in the Indictment.

Let me put it colloquially.  The overt act element is a requirement that the agreement went beyond the mere talking stage, the mere agreement stage.  The requirement of an overt act is a requirement that some action be taken during the life of the conspiracy by one of the co-conspirators to further that conspiracy.

34

**[The Government requests the following standard language, to which the defense objects.]** You are further instructed that the overt act need not have been committed at precisely the time alleged in the Indictment.  It is sufficient if you are convinced beyond a reasonable doubt that it occurred at or about the time and place stated, as long as it occurred while the conspiracy was still in existence.

You should bear in mind that the overt act, standing alone, may be an innocent, lawful act.  **[The Government requests the language**, "Frequently, however, an apparently innocent act sheds" **and the defense requests** "An apparently innocent act may shed"] its harmless character if it is a step in carrying out, promoting, aiding or assisting the conspiratorial scheme. You are therefore instructed that the overt act does not have to be an act which in and of itself is criminal or constitutes an object of the conspiracy.

> Adapted from the charge in United States v. Bergstein, 16 Cr. 746 (PKC); United States v. Tuzman, 15 Cr. 536 (PGG); and United States v. Weissman, 01 Cr. 529 (BSJ).

**Request No. 11          Count Two: Securities Fraud – The Indictment and the Statute**

Count Two of the Indictment charges each of the defendants – GARY HIRST, JOHN

GALANIS, MICHELLE MORTON, DEVON ARCHER and BEVAN COONEY – with

committing the crime of securities fraud, **[The Government requests the following language,**

**to which the defense objects:]** from at least in or about March 2014 through in or about April

2016, in connection with the issuance of the Wakpamni Bonds based on false and misleading

representations, the misappropriation of the bond proceeds, and causing clients of the investment

advisory firms Hughes and Atlantic to buy certain of the Wakpamni Bonds without disclosing

material facts.

Count Two alleges as follows:

*[The Court is respectfully requested to read Count Two of the Indictment.]*

The relevant law here is Section 10(b) of the Securities Exchange Act of 1934, which is

set forth in 15 U.S.C. § 78j(b). Section 10(b) provides, in pertinent part:

> It shall be unlawful for any person, directly or indirectly, by the use of any means
> or instrumentality of interstate commerce or of the mails, or of any facility of any
> national securities exchange . . .
>
> (b) To use or employ, in connection with the purchase or sale of any security
> registered on a national securities exchange or any security not so registered, . . .
> any manipulative or deceptive device or contrivance in contravention of such
> rules and regulations as the [SEC] may prescribe as necessary or appropriate in
> the public interest or for the protection of investors.

The law also defines the term "security," which, as set forth in 15 U.S.C. § 78(c)(a)(10),

includes "any . . . bond."

Based on its authority under this statute, the SEC has created a number of rules and

regulations, one of which, known as Rule 10b-5 is relevant here. Rule 10b-5 reads as follows:

> **Employment of manipulative and deceptive devices.** It shall be unlawful for
> any person, directly or indirectly, by the use of any means or instrumentality of

interstate commerce, or of the mails, or of any facility of any national securities exchange,

(a) to employ any device, scheme, or artifice to defraud,

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

> Adapted from the charge of the Honorable Paul G. Gardephe in United States v. Tuzman, 15 Cr. 536 (PGG); the Honorable Barbara S. Jones in United States v. Ebbers, 02 Cr. 1144 (BSJ); and Sand, et al., Modern Federal Jury Instructions, Instr. 57-18.

**[The Government requests the following instructions, to which the defense objects.]**

**Request No. 12          Count Two: Securities Fraud – Statutory Purpose**

The 1934 Securities Exchange Act was the second of two laws passed by Congress to provide a comprehensive plan to protect the investing public in the purchase and sale of securities that are publicly distributed.

The stock market crash of 1929 led to much legislation in the area of federal regulation. Included in this legislation was the Securities Act of 1933, and the creation of the Securities and Exchange Commission ("SEC").  The Securities Act was enacted to protect the investing public in the purchase of securities that are publicly distributed.  The Act provides a comprehensive plan requiring full and fair disclosure of all important facts in connection with the distribution of securities.  Such disclosures are designed to enable the investing public to make realistic appraisals of the merits of securities so that investors can make informed investment decisions.

When it enacted the Securities Act, Congress recognized that the purchase of a security is different from the purchase of a vegetable bought in a grocery store, in that the average investor is not in a position to make a personal investigation to determine the worth, quality, and value of securities.

Following enactment of the Securities Act of 1933, which requires full and fair disclosures relating to the offering of securities to the investing public, Congress enacted the Securities Exchange Act of 1934 to ensure fair dealing and outlaw deceptive and inequitable practices by those selling or buying securities on the securities exchanges, in over-the-counter markets, or in face-to-face transactions.  Among the primary objectives of the Exchange Act are the maintenance of fair and honest security markets and the elimination of manipulative practices that tend to distort the fair and just price of stock.  Congress recognized that any deceptive or

manipulative practice that influenced or related to trading activity undermined the function and

purpose of a free market.

> Adapted from the charge in United States v. Pignatiello, S1 96 Cr. 1032 (LBS), and from Sand, et al., Modern Federal Jury Instructions, Instr. 57-19.

**Request No. 13        Count Two: Securities Fraud – Elements of the Offense**

To establish a violation of Section 10(b), as charged in Count Two of the Indictment, the Government must prove each of the following elements beyond a reasonable doubt:

<u>First</u>, that in connection with the purchase or sale of securities, such as bonds, the defendant you are considering did <u>any</u> <u>one</u> or more of the following:

(1) employed a device, scheme or artifice to defraud, or

(2) made an untrue statement of a material fact or omitted to state a material fact which made what was said, under the circumstances, misleading, or

(3) engaged in an act, practice or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller;

<u>Second</u>, that the defendant you are considering acted knowingly, willfully, and with the intent to defraud, that is, the intent to deceive; and

<u>Third</u>, that the defendant you are considering used or caused to be used, any means or instruments of transportation or communication in interstate commerce or the use of the mails in furtherance of the fraudulent conduct.  I will discuss each element in turn.

Adapted from Sand, et al., <u>Modern Federal Jury Instructions</u>, Instr. 57-20 and the instruction in <u>United States</u> v. <u>Bergstein</u>, 16 Cr. 746 (PKC), <u>United States</u> v. <u>Tuzman</u>, 15 Cr. 536 (PGG), and <u>United States</u> v. <u>Richard et al</u>., 98 Cr. 1377 (DC); <u>see also</u> <u>United States</u> v. <u>Gleason</u>, 616 F.2d 2 (2d Cir. 1979), <u>cert</u>. <u>denied</u>, 444 U.S. 1082 (1980).

**Request No. 14        Count Two: First Element – Fraudulent Act**

The first element that the Government must prove beyond a reasonable doubt is that, in connection with the purchase or sale of securities, the defendant you are considering did any one of the following:

(1) employed a device, scheme or artifice to defraud, or

(2) made an untrue statement of a material fact or omitted to state a material fact which made what was said, under the circumstances, misleading, or

(3) engaged in an act, practice or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller.

**[The Government requests the following language, to which the defense objects.]** To prove this element, it is not necessary for the Government to prove all three types of unlawful conduct in connection with the purchase or sale of securities.  Any one will suffice. You must, however, be unanimous as to which type of unlawful conduct, if any, the defendant you are considering committed.

**[The defense requests the following language, to which the Government objects.]** To prove this element, the Government must prove that at least one of these three types of unlawful conduct was committed by the defendant that you are considering in connection with the purchase or sale of securities, although it does not need to prove all three of them.  You must be unanimous as to which type of unlawful conduct, if any, the defendant you are considering committed.

Let me now explain some of these terms.

**"Device, Scheme, Or Artifice To Defraud"**

A device, scheme or artifice is merely a plan for the accomplishment of any objective. Fraud is a general term that embraces all ingenious efforts and means that individuals devise to

41

take advantage of others.  It includes all kinds of manipulative and deceptive acts.  The fraud or deceit need not relate to the investment value of the securities involved in this case. Additionally, it is also not necessary that the defendant you are considering made a profit or that anyone actually suffered a loss for you to find that the Government has proven this element beyond a reasonable doubt.

### False Statements And Omissions

A statement, representation, claim, or document is false if it is untrue when made and was then known to be untrue by the person making it or causing it to be made.  A representation or statement is fraudulent if it was made with the intention to deceive.  The concealment of material facts in a manner that makes what is said or represented deliberately misleading may also constitute false or fraudulent statements under the statute.  The failure to disclose **[the defense would add** "material"**, to which the Government objects]** information may also constitute a fraudulent representation if the defendant you are considering was under a legal, professional or contractual duty to make such a disclosure, the defendant actually knew such disclosure was required to be made, and the defendant failed to make such disclosure with the intent to defraud.

**[The Government would add the following language, to which the defense objects.]**

The deception need not be based upon spoken or written words alone.  The arrangement of the words, or the circumstances in which they are used, may convey the false and deceptive appearance.  If there is deception, the manner in which it is accomplished does not matter.

### "In Connection With"

You cannot find that the Government has proven the first element **[the defense would add** "beyond a reasonable doubt"**, to which the Government objects]** unless you find that the defendant you are considering participated, or agreed to participate, in fraudulent conduct that

was "in connection with" a purchase or sale of securities.  I instruct you that the Wakpamni

Bonds are a "security" within the meaning of federal law **[The defense would add the following**

**language, to which the Government objects:** and are the only "security" relevant to the crimes

charged in the Indictment.  I instruct you not to consider any other security you may have heard

about during the course of the trial when you deliberate about the securities fraud charges, and in

particular the "in connection with" requirement.]

**[The Government proposes the following language, to which the defense objects.]**

The requirement that the fraudulent conduct be "in connection with" a purchase or sale of

securities is satisfied so long as there was some nexus or relation between the allegedly

fraudulent conduct and the sale or purchase of securities.  Fraudulent conduct may be "in

connection with" the purchase or sale of securities if you find that the alleged fraudulent conduct

"touched upon" a securities transaction.

**[The defense proposes the following language, to which the Government objects.]**

The requirement that the fraudulent conduct be "in connection with" a purchase or sale of

securities is satisfied as long as the government proves beyond a reasonable doubt that there was

a nexus or relation between the allegedly fraudulent conduct and the sale or purchase of

securities.

You need not find that the defendant you are considering actually participated in any

specific purchase or sale of a security if you find that the defendant participated, or agreed to

participate, in fraudulent conduct that was "in connection with" a "purchase or sale" of

securities.

**[The Government requests the following language, to which the defense objects.]**

It is not necessary for you to find that the defendant you are considering was or would be the actual seller of the securities.  It is sufficient if the misrepresentation or omission of material fact involved the purchase or sale of securities.  By the same token, the Government need not prove that the defendant you are considering personally made the misrepresentation or that he or she omitted the material fact.  It is sufficient if the Government establishes that the defendant caused the statement to be made or the fact to be omitted.

**[The defense requests to replace the above language with the following language, to which the Government objects.]**

The government must prove that the defendant caused the statement to be made or the fact to be omitted.

With regard to the alleged misrepresentations and omissions, you must determine whether the statements were true or false when made, and, in the case of alleged omissions, whether the omissions were misleading.

**[The defense requests the following, to which the Government objects.]**

However, it is not necessary for you to find that the defendant you are considering was or would be the actual seller of the securities.  It is sufficient if the misrepresentation or omission of material fact involved the purchase or sale of securities.

**"Material Fact"**

If you find that the Government has established beyond a reasonable doubt that a statement was false or a statement was omitted rendering the statements that were made misleading, you must next determine whether the statement or omission was material under the circumstances.  The word "material" here refers to the nature of the false or misleading

statements.  As I explained previously with respect to Count One, we use the word "material" to distinguish between the kinds of statements we care about and those that are of no real importance.

**[The Government requests the following language, to which the defense objects.]**

Matters that are "material" may also include fraudulent half-truths or omissions of material fact.  A material fact is one that a reasonable person would have considered important in making his or her investment decision.  That means that if you find a particular statement of fact or omission to have been untruthful or misleading, before you can find that statement or omission to be material, you must also find that the statement or omission was one that would have mattered to a reasonable person in making such an investment decision.

In considering whether a statement or omission was material, let me caution you that it is not a defense if the material misrepresentation or omission would not have deceived a person of ordinary intelligence.  Once you find that the offense involved the making of material misrepresentations or omissions of material facts, it does not matter whether the intended victims were gullible buyers or sophisticated investors, because the securities laws protect the gullible and unsophisticated as well as the experienced investor.

**[The defense requests to replace the above language with the following language, to which the Government objects.]**

The burden is on the government to prove beyond a reasonable doubt that any statements it contends are false or misleading are also material.  Matters that are "material" may include fraudulent half-truths or omissions of material fact.  A material fact is one that a reasonable investor would consider important in making his or her investment decision.  That means that if you find a particular statement of fact or omission to have been untruthful or misleading, you

45

must consider whether the government has proven that the statement is material-in other words you must consider whether the government has proven that the statement or omission was one that would have mattered to a reasonable investor in making such an investment decision.

In considering whether a statement or omission was material, I remind you that the standard is what a reasonable investor would have wanted to know in making an investment decision. It does not matter whether the actual investor who purchased the bonds at issue here is sophisticated or inexperienced because the standard is whether the hypothetical reasonable investor would have wanted to know that statement or omission.

Nor does it matter whether the alleged unlawful conduct was or would have been successful, or whether the defendant you are considering profited or would have profited as a result of the alleged scheme. Success is not an element of a violation of Section 78j(b) or Rule 10b-5. If, however, you find that the defendant you are considering expected to or did profit from the alleged scheme, you may consider that in relation to the element of intent, which I will discuss in a moment.

**[The defense requests the following instruction, to which the Government objects.]**

Similarly, if you find that the defendant did not personally profit, you may consider that as undermining the government's proof that the defendant intended to commit the crime.

Adapted from the charge of the Honorable P. Kevin Castel in United States v. Bergstein, 16 Cr. 746 (PKC); the Honorable Paul G. Gardephe in United States v. Tuzman, 15 Cr. 536 (PGG); the Honorable Denny Chin in United States v. Richards et al., 98 Cr. 1377 (DC); the Honorable Barbara S. Jones in United States v. Ebbers, 02 Cr. 1144 (BSJ) and United States v. Weissman, 01 Cr. 529 (BSJ); the Honorable Michael B. Mukasey in United States v. Goldenberg, 98 Cr. 974 (MBM) (S.D.N.Y. Dec. 20, 1999); and from the Honorable Leonard B. Sand in United States v. Pignatiello, S1 96 Cr. 1032 (LBS) (July 14, 1999), and from Sand, et al., Modern Federal Jury Instructions, Instrs. 57-20, 57- 21. See also United States v. Skelly, 442 F.3d 94, 98 (2d Cir. 2006);

United States v. Santoro, 302 F.3d 76, 80-81 (2d Cir. 2002)
("Unlike customers who independently find their stocks and whose
brokers merely execute trades at their command, customers who
rely on investment recommendations reasonably trust their brokers
to fully disclose all information pertinent to the recommendation
and quality of the investment."); United States v. Szur, 289 F.3d
200, 210 (2d Cir. 2002) see also Sand, et al., Modern Federal Jury
Instructions, Instr. 44-4; United States v. Amrep Corp., 560 F.2d
539, 546 (2d Cir. 1977) (distinguishing the existence of a scheme
to defraud from the "means adopted to effectuate that scheme,"
and holding that the government need not prove every means
charged in the indictment so long as "there is sufficient overall
proof that the scheme exists" (internal quotation marks omitted)).

**Request No. 15        Count Two: Second Element – Knowledge, Intent and Willfulness**

**[The Government requests the following standard language, to which the defense objects.]**

The second element of Count Two that the Government must establish is that the defendant you are considering acted knowingly, willfully and with intent to defraud.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

"Willfully" means to act knowingly and purposely, with an intent to do something the law forbids, that is to say, with bad purpose either to disobey or to disregard the law.

"Intent to defraud" in the context of the securities laws means to act knowingly and with intent to deceive.

**[The defense requests to replace the above language with the following language, to which the Government objects.]**

The second element of Count Two that the Government must establish beyond a reasonable doubt is that the defendant you are considering acted knowingly, willfully and with intent to defraud.  "Knowingly" means to act intentionally, voluntarily and deliberately, and not because of ignorance, mistake, accident or carelessness.

"Willfully" means to act deliberately and with an intent to do something the law forbids, that is to say, with bad purpose either to disobey or to disregard the law.

"Intent to defraud" in the context of the securities laws means to act knowingly and with intent to deceive.  For a defendant here to have acted with specific intent to defraud means that he or she must have known of the fraudulent nature of the scheme and acted with the intent that it succeed.

The question of whether a person acted knowingly, willfully and with intent to defraud is a question of fact for you to determine, like any other fact question.  This question involves one's state of mind.

**[The Government requests the following standard language, to which the defense objects.]**

Direct proof of knowledge and fraudulent intent is almost never available.  It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he or she committed an act with fraudulent intent.  Such direct proof is not required.  The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his or her words, his or her conduct, his or her acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

What is referred to as drawing inferences from circumstantial evidence is no different from what people normally mean when they say, "use your common sense."  Using your common sense means that, when you come to decide whether a defendant possessed or lacked an intent to defraud, you do not limit yourself to what the defendant said, but you also look at what he or she did and what others did in relation to the defendant and, in general, everything that occurred.

**[The defense would replace the above language with the following language, to which the Government objects.]**

Knowledge and fraudulent intent may be established by direct proof or by circumstantial evidence, based upon a person's outward manifestations, his or her words, his or her conduct, his

or her acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

Circumstantial evidence, if believed, is of no less value than direct evidence.  In either case, the essential elements of the crime charged must be established beyond a reasonable doubt.

**[The Government requests the following standard language, to which the defense objects.]**

The Government need only prove that the defendant you are considering acted with an intent to deceive, manipulate or defraud.  The Government need not show that the defendant acted with an intent to cause harm.

At this point, let me advise you that since an essential element of the crime charged is intent to defraud, it follows that "good faith," as I will define that term, on the part of a defendant is a complete defense to a charge of securities fraud.

**[The Government requests the following standard language, to which the defense objects.]**

A defendant has no burden to establish a defense of good faith.  The burden is on the Government to prove fraudulent intent and consequent lack of good faith beyond a reasonable doubt.  Under the anti-fraud statutes, even false representations or statements or omissions of material facts do not amount to a fraud unless done with fraudulent intent.  An honest belief in the truth of the representations made by a defendant is a complete defense, however inaccurate the statements may turn out to be.

In considering whether or not a defendant acted in good faith, however, you are instructed that a belief by a defendant, if such belief existed, that ultimately everything would

work out so that no investors would lose any money or that particular investments would ultimately be financially advantageous for clients does not necessarily constitute good faith. No amount of honest belief on the part of a defendant that the scheme will ultimately make a profit for the investors will excuse fraudulent actions or false representations by him or her.

**[The defense requests to replace the above language with the following language, to which the Government objects.]**

A person who acts on a belief or opinion honestly held is not punishable under the securities fraud statutes merely because his opinion or belief turns out to be wrong.  The law is not violated where a defendant acted in good faith and held an honest belief that his actions were proper and not in furtherance of an illegal venture. Therefore, if you find that, at all relevant times, a defendant acted in good faith, it is your duty to acquit him or her. I want to caution you in this regard that a defendant has no burden to establish a defense of good faith. The burden is on the Government to prove fraudulent intent and consequent lack of good faith beyond a reasonable doubt.  If you find any defendant was not a knowing participant in the scheme and lacked an intent to defraud, you must acquit that defendant.

As a practical matter, then, to prove this charge against a defendant, the Government must establish beyond a reasonable doubt that the defendant knew that his or her conduct was calculated to deceive and that he or she nevertheless associated himself or herself with the alleged fraudulent scheme.

The Government may prove that the defendant acted knowingly and willfully in either of two ways: First, it is sufficient, of course, if the evidence satisfies you beyond a reasonable doubt that the defendant was actually aware that he or she was making or causing a false statement to be made, or omitting, or causing to be omitted, a material fact.

**[The Government requests the following standard language, to which the defense objects.]**

Second, a defendant's knowledge may be established by proof that the defendant was aware of a high probability that the statement was false, or that a material fact was omitted unless, despite this high probability, the facts show that the defendant actually believed the statement to be true or that the material fact was not omitted.  This concept is known as conscious avoidance, and I will explain it more fully later in these instructions.

**[The defense requests to replace the above language with the following language, to which the Government objects.]**

However, if you have a reasonable doubt that a defendant was actually aware that he was making or causing a false statement to be made, by omitting or causing to be omitted a material fact, or that the defendant you are considering may have been acting in good faith, you must acquit him.

> Adapted from the charges of the Honorable P. Kevin Castel in United States v. Bergstein, 16 Cr. 746 (PKC); the Honorable Paul G. Gardephe in United States v. Tuzman, 15 Cr. 536 (PGG); Sand, et al., Modern Federal Jury Instructions, Instr. 57-16; United States v. Litvak, 808 F.3d 160, 178 (2d Cir. 2015) (intent element for securities fraud is "intent to deceive, manipulate or defraud" not "intent to harm").

**Request No. 16        Count Two: Securities Fraud – Third Element: Instrumentality of
                        Interstate Commerce**

The third and final element of Count Two – the substantive securities fraud count – that the Government must prove beyond a reasonable doubt is that the defendant you are considering knowingly used, or caused to be used, the mails or the instrumentalities of interstate commerce in furtherance of the scheme to defraud.

**[The Government requests the following standard language, to which the defense objects.]**

Let me first note that it is unnecessary for the Government to prove both the mails or an instrumentality of interstate commerce was used in furtherance of the fraudulent scheme. Only one of the above – either the mails or an instrumentality of interstate commerce – is enough. But you must be unanimous as to at least one.

In considering this element, it is not necessary for you to find that the defendant you are considering was or would have been directly or personally involved in any mailing or the use of an instrumentality of interstate commerce. If the conduct alleged would naturally and probably result in the use of the mails or an instrumentality of interstate commerce, this element would be satisfied.

Nor is it necessary that the items sent through the mails or communicated through an instrumentality of interstate commerce did or would contain the fraudulent material, or anything criminal or objectionable. The matter mailed or communicated may be entirely innocent so long as it is in furtherance of the scheme to defraud or fraudulent conduct.

The use of the mails or an instrumentality of interstate commerce need not be central to the execution of the scheme or even be incidental to it. All that is required is that the use of the

mails or an instrumentality of interstate commerce bear some relation to the object of the scheme or fraudulent conduct.

In fact, the actual purchase or sale of a security need not be accompanied by the use of the mails or an instrumentality of interstate commerce, so long as the mails or instrumentality of interstate commerce are used in furtherance of the scheme and the defendant you are considering was still engaged in actions that are part of a fraudulent scheme when the mails or the instrumentalities of interstate commerce were used.

The use of the term "mails" is self-explanatory, and includes the United States Mail and Federal Express and other commercial mail couriers.  The term "instrumentality of interstate commerce" includes any communications network that involves more than one state.  Interstate telephone calls – i.e., telephone calls made by a caller in one state to another person in another state, or from the United States to another country, or vice versa – would be an example of using an instrumentality of interstate commerce.  Other examples would be an email or a facsimile that was sent from one state to another state, or from the United States to another country, or vice versa.

**[The defense would add the following language, to which the Government objects.]**

The Government must prove that either the mails or an instrumentality of interstate commerce was used in furtherance of the fraudulent scheme. You must be unanimous as to at least one of these, but the government does not have to prove both.  In considering this element, the government must prove that the conduct alleged would naturally and probably result in the use of the mails or an instrumentality of interstate commerce.  However, it is not necessary for you to find that the defendant you are considering was or would have been directly or personally involved in any mailing or the use of an instrumentality of interstate commerce.

The items sent through the mails or communicated through an instrumentality of interstate commerce need not contain the fraudulent material, or anything criminal to be objectionable, and may be entirely innocent. But the matter must have been mailed or communicated in furtherance of the scheme to defraud or fraudulent conduct. The use of the mails or an instrumentality of interstate commerce need not be central to the execution of the scheme and may be incidental to it. However, the use of the mails or an instrumentality of interstate commerce must bear some relation to the object of the scheme or fraudulent conduct.

The actual purchase or sale of a security need not be accompanied by the use of the mails or an instrumentality of interstate commerce, but the mails or instrumentality of interstate commerce must be used in furtherance of the scheme, and while the defendant you are considering was still engaged in actions that are part of a fraudulent scheme. If you find that a defendant was not engaged in actions that were part of a fraudulent scheme when the mails or instrumentality of interstate commerce was used, this element is not met.

To summarize, with respect to the charges in Count Two, you cannot return a verdict of guilty unless you find that the government has proven beyond a reasonable doubt that a defendant used, or caused to be used, the mails or instrumentalities of interstate commerce in furtherance of a scheme to defraud.

> Adapted from the charges of the Honorable P. Kevin Castel in United States v. Bergstein, 16 Cr. 746 (PKC); the Honorable Paul G. Gardephe in United States v. Tuzman, 15 Cr. 536 (PGG); Sand, et al., Modern Federal Jury Instructions, Instrs. 57-20, 57-25; United States v. Giordano, 442 F.3d 30, 40 & n.11 (2d Cir. 2006) (defining "instrumentality of interstate commerce").

**Request No. 17          Count Three: Conspiracy to Commit Investment Adviser Fraud – The Statute**

In Count Three, only defendants MICHELLE MORTON and GARY HIRST are charged with violating Title 18, United States Code, Section 371.  As I have relayed to you previously, that section provides as follows:

> If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose and one or more of such persons do any act to effect the object of the conspiracy, each [is guilty of a federal crime].

Defendants MICHELLE MORTON and GARY HIRST are charged in Count Three with participating in a conspiracy to violate the federal statute that make it unlawful to commit investment adviser fraud.

**[The Government requests the following standard language, to which the defense objects.]**

Specifically, Count Three charges that MICHELLE MORTON and GARY HIRST agreed to commit investment adviser fraud by causing investment adviser client funds to be invested in the Wakpamni Bonds, without disclosing material facts to the clients.

Specifically, Count Three charges as follows:

[*The Court is respectfully requested to read Count Three of the Indictment.*]

The Indictment lists the overt acts that are alleged to have been committed in furtherance of the conspiracy charged in Count Three.

[*The Court is respectfully requested to read the Overt Acts section of Count Three of the Indictment.*]

Adapted from charge of the Honorable Barbara S. Jones in United States v. Weissman, 01 Cr. 529 (BSJ).

**Request No. 18**  **Count Three:  Conspiracy to Commit Investment Adviser Fraud –**
**Conspiracy and Substantive Counts**

As I have said, Count Three of the Indictment charges defendants MICHELLE

MORTON and GARY HIRST with participating in a "conspiracy."

**[The Government requests the following standard language, to which the defense**

**objects.]**

As I explained earlier with respect to the conspiracy alleged in Count One, a conspiracy

is a kind of criminal partnership – an agreement of two or more people to join together to

accomplish some unlawful purpose.  The essence of the crime of conspiracy is an agreement or

understanding to violate other law.  If a conspiracy exists, even if it should fail in its purpose, it

is still punishable as a crime.

**[The defense requests to replace the above language with the following language, to**

**which the Government objects.]**

As I explained earlier with respect to the conspiracy alleged in Count One, a conspiracy

is an agreement of two or more people to violate other law.

The crime of conspiracy **[the Government requests the following language, to which**

**the defense objects:** "– or agreement –"**]** to commit investment adviser fraud, as charged in

Count Three of the Indictment, is an independent offense.  It is separate and distinct from the

actual violation of any specific federal laws, such as that charged in Count Four, which the law

refers to as "substantive crimes."

You may find a defendant guilty of the crime of conspiracy – in other words, agreeing to

commit investment adviser fraud – even if you find that the substantive crime which was the

object of the conspiracy – investment adviser fraud – was never actually committed.

**[The Government requests the following standard language, to which the defense objects.]**

Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime, even if the conspiracy is not successful and no substantive crime is actually committed.

**[The defense requests to replace the above language with the following language, to which the Government objects.]**

However, you must find the defendant you are considering not guilty of conspiracy, unless the Government proves all of the elements of a conspiracy (which I have previously explained to you) beyond a reasonable doubt, and you may consider the fact that the substantive crime that is the object of the charged conspiracy was not actually committed in determining whether the Government has met its burden.

> Adapted from the charges of the Honorable Barbara S. Jones in United States v. Ebbers, 02 Cr. 1144 (BSJ) and United States v. Weissman, 01 Cr. 529 (BSJ); the Honorable Leonard B. Sand in United States v. Rigas, 02 Cr. 1236 (LBS); and Sand, et al., Modern Federal Jury Instructions, Instr. 19-2. See also United States v. Labat, 905 F.2d 18, 21 (2d Cir. 1990) ("Since the essence of conspiracy is the agreement and not the commission of the substantive offense that is its objective, the offense of conspiracy may be established even if the collaborators do not reach their goal.").

**Request No. 19**  **Count Three:  Conspiracy to Investment Adviser Fraud – First, Second and Third Elements: Existence of the Conspiracy, Knowing Membership in the Conspiracy, and Overt Acts**

The three elements of the conspiracy charged in Count Three are the same as the three elements the Government is required to prove with regard to the conspiracy alleged in Count One; namely, the existence of an agreement to violate the law, the defendant's knowing and willful entry into that agreement [**the defense proposes the following additional language, to which the Government objects:** with intent to further its illegal purposes], and that one of the co-conspirators [**the Government proposes the following additional language, to which the defense objects:** —not necessarily the defendant—] knowingly committed at least one overt act in the Southern District of New York in furtherance of the conspiracy during the life of the conspiracy.

The object of the [**the defense proposes the following additional language, to which the Government objects as redundant:** alleged] conspiracy charged in Count Three is investment adviser fraud.  In order to prove that a defendant is guilty of the conspiracy offense charged in Count Three, the Government must establish beyond a reasonable doubt that that defendant agreed with others to commit investment adviser fraud.

The instructions I provided earlier about what it means to have an unlawful agreement, what it means to knowingly enter into that agreement [**the defense proposes the following additional language, to which the Government objects:** with intent to further its illegal purposes], and what it means for a co-conspirator to have committed at least one overt act in furtherance of the conspiracy similarly apply to Count Three.

**[The Government requests the following standard instruction, to which the defense objects.]**

Keep in mind, you may find the defendant guilty of the crime of conspiring to commit investment adviser fraud even if the substantive crime of investment adviser fraud was not actually committed.  Conspiracy is a crime, even if the conspiracy is not successful, or if the defendant himself did not commit the substantive crime.

Now I will explain the requirements of the substantive crime of investment adviser fraud alleged in Count Four of the Indictment.

Adapted from the charges of the Honorable Barbara S. Jones in United States v. Ebbers, 02 Cr. 1144 (BSJ) and United States v. Weissman, 01 Cr. 529 (BSJ); the Honorable Leonard B. Sand in United States v. Rigas, 02 Cr. 1236 (LBS); and Sand, et al., Modern Federal Jury Instructions, Instr. 19-3.

**Request No. 20         Count Four: Investment Adviser Fraud – The Indictment and the Statute**

As I have previously mentioned, Count Four of the Indictment charges only defendants MICHELLE MORTON and GARY HIRST with committing investment adviser fraud. Specifically, Count Four of the Indictment charges **[the Government requests the following additional language, to which the defense objects:** that, from at least in or about March 2014 through in or about April 2016, MICHELLE MORTON and GARY HIRST, who were affiliated with registered investment advisory firms, committed investment adviser fraud by causing Hughes and Atlantic client funds to be invested in the Wakpamni Bonds without disclosing material facts to the clients.]

Specifically, Count Four of the Indictment charges as follows:

> [*The Court is respectfully requested to read the Statutory Allegations in the Indictment relating to Count 4.]*

The relevant investment adviser fraud statute provisions are found at Title 15 of the United States Code, Sections 80b-6 and 80b-17.  The relevant portion of Section 80b-6 provides that: "It shall be unlawful for any investment adviser by use of the mails or any means or instrumentality of interstate commerce, directly or indirectly (a) to employ any device, scheme or artifice to defraud any client or prospective client; (b) to engage in any transaction, practice or course of business which operates as a fraud or deceit upon any client or prospective client; or (c) to engage in any act, practice, or course of business that was fraudulent, deceptive or manipulative."

Section 80b-17 is a general penalty provision of the Investment Adviser Act that makes it unlawful to willfully violate its provisions or any rule or regulation thereunder, and it provides in pertinent part as follows: "Any person who willfully violates any provision of this subchapter or

any rule, regulation or order promulgated by the SEC under authority thereof, shall be guilty of

an offense against the United States."

**Request No. 21          Count Four: Investment Adviser Fraud – Statutory Purpose**

**[The Government requests the following instruction, to which the defense objects.]**

The Investment Advisers Act of 1940 was the last in a series of Acts designed to eliminate certain abuses in the securities industry, abuses which were found to have contributed to the stock market crash of 1929 and the depression of the 1930s.  It was preceded by the Securities Act of 1933 and the Securities Exchange Act of 1934, two acts about which I have already spoken earlier in these instructions.

Pursuant to a previous act passed by Congress, the United States Securities and Exchange Commission was directed to study the functions and activities of investment trusts and investment companies.  Pursuant to this mandate, the Commission made an exhaustive study and report which included consideration of investment counsel and investment advisory services.

This SEC Report concluded that investment advisers could not completely perform their basic function – furnishing to clients on a personal basis competent, unbiased, and continuous advice regarding the sound management of their investments – unless all conflicts of interest between the investment counsel and the client were removed.  The report stressed that affiliations by investment advisers with investment bankers or corporations might be an impediment to a disinterested, objective, or critical attitude toward an investment by clients

This study and report – authorized and directed by statute – culminated in the preparation and introduction of a bill which, with some changes, became the Investment Advisers Act of 1940.  The Investment Advisers Act was ultimately enacted with the fundamental purpose of imposing a broad proscription against any practice which operates as a fraud or deceit upon any client or prospective client.  The Investment Advisers Act of 1940 thus reflects a congressional recognition of the delicate fiduciary nature of an investment advisory relationship, as well as a

congressional intent to eliminate, or at least to expose, all conflicts of interest that might incline

an investment adviser to render advice which was not disinterested.

> Adopted from the Supreme Court's description of the Act's inception in S.E.C. v. Capital Gains Research Bur., 375 U.S. 180 (1963); and a similar provision of the charges of the Honorable Ronnie Abrams in United States v. Tagliaferri, 13 Cr. 115 (S.D.N.Y. 2014).

**Request No. 22        Count Four: Investment Adviser Fraud – Fiduciary Duty**

**[The Government requests the following standard instructions, to which the defense objects.]**

A "fiduciary" is a special type of agency in which a special trust or confidence is entrusted in the agent, who is duty bound to act in the utmost good faith and candor and good conscience with due regard for the interests of the person entrusting the confidence.  Examples of a fiduciary include (but are not limited to) an executor or administrator of an estate; an attorney with respect to the affairs of his or her client; a guardian of an infant or incompetent person with respect to his or her ward; and the officers and directors of a corporation with respect to the stockholders of the corporation.  I instruct you as a matter of law that investment advisers are fiduciaries to their investment advisory clients.

Thus, an investment adviser has an affirmative duty of utmost good faith, and full and fair disclosure of all material facts, as well as an affirmative obligation to employ reasonable care to avoid misleading his or her clients.  I instruct you that a fiduciary owes a duty to disclose all material facts concerning the transaction entrusted to it.  The concealment by a fiduciary of material information which he or she is under a duty to disclose to another, under circumstances where the non-disclosure can or does result in harm to the other, can be a fraud, if the Government has proven beyond a reasonable doubt the other elements of the offense.

> Adapted from S.E.C. v. Capital Gains Research Bur., 375 U.S. 180 (1963); Transamerica Mortg. Advisors v. Lewis, 444 U.S. 11, 17 (U.S. 1979); United States v. Szur, 289 F.3d 200 (2d Cir. 2002); the charges of the Honorable P. Kevin Castel in United States v. Bergstein, 16 Cr. 746 (PKC); and the charges of the Honorable Ronnie Abrams in United States v. Tagliaferri, 13 Cr. 115 (S.D.N.Y. 2014).

**[The defense requests to replace the above with the following instruction, to which the Government objects.]**

You are instructed that an investment adviser's client is the fund that hired the adviser to manage its investment portfolio.  The individual investors in that fund are not the investment adviser's clients.  You are also instructed that an investment adviser has a duty to employ reasonable care to avoid misleading his or her clients, and to disclose to his or her clients and prospective clients – in keeping with the governing account documents – all facts that are material to the investment advisory work performed by the investment adviser on behalf those clients or prospective clients.  The definition of "material" is the same as I have previously instructed you.  That is, a material fact is one that a reasonable investor might have considered important in making his or her investment decision.  The concealment of material information which an investment adviser is under a duty to disclose to another, under circumstances where the non-disclosure can or does result in harm to the other, can be a fraud, but only if the Government has proven beyond a reasonable doubt each and every element of the offense.

**Request No. 23          Count Four: Investment Adviser Fraud – Elements of the Offense**

I will now explain the elements of the investment adviser fraud charge.  In order to prove a defendant guilty of this crime, the Government must prove all four of the following essential elements:

First, that the defendant was an investment adviser;

**[The Government requests the following standard instructions, to which the defense objects.]**

Second, that the defendant did one of the following: (a) employed a device, scheme, or artifice to defraud an actual or prospective investor advisory client; (b) engaged in a transaction, practice, or course of business which operated as a fraud and deceit upon those investment advisory clients or prospective investment advisory clients; or (c) engaged in an act, practice, and course of business that was fraudulent, deceptive, and manipulative;

Third, that the defendant devised or participated in such alleged device, scheme or artifice to defraud, or engaged in such alleged transaction, practice, or course of business, knowingly, willfully, and with the intent to defraud; and

**[The defense requests to replace the above with the following instructions, to which the Government objects.]**

Second, that the defendant did one of the following: (a) employed a device, scheme, or artifice to defraud an actual or prospective investor advisory client; (b) engaged in a transaction, practice, or course of business which operated as a fraud and deceit upon an actual or prospective investor advisory client; or (c) engaged in an act, practice, and course of business that was fraudulent, deceptive, and manipulative;

Third, that the defendant employed such alleged device, scheme or artifice to defraud, or engaged in such alleged transaction, practice, or course of business, knowingly, willfully, and with the intent to defraud an actual or prospective investor advisory client; and

Fourth, that the defendant employed such alleged device, scheme, or artifice to defraud, or engaged in such alleged transaction, practice, or course of business, by use of the mails or an instrumentality of interstate commerce.

**[The defense requests the following instruction, to which the Government objects.]**

If the Government does not prove each and every element beyond a reasonable doubt as to the defendant being considered, you must find that defendant not guilty of Count Four.

Adapted from the charge of the Honorable Paul G. Gardephe in United States v. Tuzman, 15 Cr. 536 (PGG); the Honorable Ronnie Abrams in United States v. Tagliaferri, 13 Cr. 115; and the Honorable Richard J. Sullivan in United States v. Alberto Vilar & Gary Tanaka, 05 Cr. 621 (RJS).

**Request No. 24**          **Count Four: Investment Adviser Fraud – First Element: Defendant Was an Investment Adviser**

The first element the Government must prove beyond a reasonable doubt is that the defendant **[the Government proposes the following additional language, to which the defense objects:** "or another person or entity"**]** was an investment adviser at the time he or she is alleged to have committed investment adviser fraud.

**[The Government proposes the following instruction, to which the defense objects.]**

With respect to aiding and abetting investment adviser fraud, which is also charged in Count Four of the Indictment and which I will describe in more detail later on in my instructions, an individual can aid and abet investment adviser fraud even if he or she was not personally an investment adviser.

Title 15, United States Code, Section 80b-2 defines the term "investment adviser" as applied to this Act.  It provides, in pertinent part, as follows: "Investment adviser means any person who, for compensation, engages in the business of advising others, either directly or through publications or writings, as to the value of securities or as to the advisability of investing in, purchasing or selling securities, or who, for compensation and as part of a regular business, issues or promulgates analyses or reports concerning securities, but does not include … any broker or dealer whose performance of such services is solely incidental to the conduct of his business as a broker or dealer and who receives no special compensation therefor."

**[The Government proposes the following instruction to which the defense objects.]**

Thus, to determine whether an investment adviser named in the Indictment was in fact an investment adviser under the Act, you must primarily consider three factors:

First, whether the person or entity provided advice or was an adviser that issued reports or analyses regarding securities;

69

Second, whether the person or entity was in the business of providing such advice; and

Third, whether the person or entity was provided compensation for such advice.

What I have just described to you pertains to your consideration of the first element of Count Four of the Indictment.  As I mentioned, an investment adviser has a fiduciary duty to his or her clients.

**[The defense proposes the following instructions to replace the above, to which the Government objects.]**

Thus, to determine whether a defendant was an investment adviser under the Act, you must primarily consider three factors:

First, whether the person provided advice about securities or issued reports or analyses regarding securities;

Second, whether the person was engaged in the business of providing such advice; and

Third, whether the person received compensation for such advice.

Keep in mind that whether a person or entity is an "investment adviser" is a different issue than whether or not the person or entity is a Registered Investment Adviser.  You are instructed that registration with the United States Securities and Exchange Commission as an investment adviser is not required for you to find that a person is an investment adviser as I have defined that term in my instructions to you.

Adapted from the jury instructions in United States v. Bergstein, 16 Cr. 746 (PKC); United States v. Tuzman, 15 Cr. 536 (PGG); United States v. James Tagliaferri, 13 Cr. 115 (RA).

**Request No. 25          Count Four: Investment Adviser Fraud – Second Element: Scheme to Defraud**

With respect to Count Four, the second element that the Government must prove beyond a reasonable doubt is that the defendant did any one or more of the following: (a) employed a device, scheme, or artifice to defraud an actual or prospective investor-client; (b) engaged in a transaction, practice, or course of business which operated as a fraud and deceit upon those investors or prospective investors; or (c) engaged in an act, practice, and course of business that was fraudulent, deceptive, and manipulative.

Any one of these types of alleged fraudulent conduct, if proven by the Government beyond a reasonable doubt, is sufficient.  However, you must be in unanimous agreement as to which type of unlawful conduct, if any, has been proven by the Government.

I have previously defined the terms "Device, Scheme, Or Artifice To Defraud" – you are to follow those instructions here.

> Adapted from United States v. Bergstein, 16 Cr. 746 (PKC); United States v. Tuzman, 15 Cr. 536 (PGG); United States v. Amrep Corp., 560 F.2d 539, 546 (2d Cir. 1977) (distinguishing the existence of a scheme to defraud from the "means adopted to effectuate that scheme," and holding that the government need not prove every means charged in the indictment so long as "there is sufficient overall proof that the scheme exists" (internal quotation marks omitted)); and the jury instructions in United States v. James Tagliaferri, 13 Cr. 115 (RA).

**Request No. 26          Count Four: Investment Adviser Fraud – Third Element: Intent**

With respect to Count Four, the third element the Government must prove beyond a reasonable doubt is that the defendant devised or participated in the alleged device, scheme, or artifice to defraud, or engaged in the allegedly fraudulent transaction, practice, or course of business, knowingly, willfully, and with a specific intent to defraud, that is, in the context of investment adviser fraud, the intent to deceive.

I have already instructed you as to the definition of these terms in regard to Count Two. You are instructed to apply those same definitions when deliberating in regard to Count Four.

**[The Government requests the following instruction, to which the defense objects.]**

I remind you that for Count Four, the Government need only prove that the investment adviser acted with an intent to deceive his or her client.  The Government need not show that the investment adviser acted with an intent to cause harm to his or her clients.

As I instructed you with regard to Count Two, I remind you that "good faith," as I previously defined that term, is a complete defense to a charge of investment adviser fraud.  A defendant has no burden to establish a defense of good faith.  The burden is on the Government to prove fraudulent intent and consequent lack of good faith beyond a reasonable doubt.

**[The Government requests the following instruction, to which the defense objects.]**

Please also keep in mind, however, as I have previously instructed you, that a belief by the defendant, if such belief existed, that ultimately everything would work out so that no investors would lose any money or that particular investments would ultimately be financially advantageous for clients does not necessarily constitute good faith.  No amount of honest belief on the part of the defendant that the scheme will ultimately make a profit for the investors will excuse fraudulent actions or false representations by him or her.

**[The defense requests to replace the above language with the following, to which the Government objects.]**

Please also keep in mind, however, that any belief by the defendant that ultimately everything would work out may or may not constitute good faith.

> Adapted from the charges given in United States v. Bergstein, 16 Cr. 746 (PKC); Sand, et al., Modern Federal Jury Instructions, Instr. 57-16; see also United States v. Tagliaferri, 820 F.3d 568, 575 (2d Cir. 2016) (intent element for investment adviser fraud is "intent to deceive" not "intent to harm").

**Request No. 27**       **Count Four: Investment Adviser Fraud – Fourth Element: Interstate Nexus**

With respect to Count Four, the fourth element the Government must prove beyond a reasonable doubt is that the defendant knowingly used or caused to be used the mails or an instrumentality of interstate commerce, such as interstate telephone or wire communications, in furtherance of the alleged scheme to defraud, or the allegedly fraudulent conduct specified in the Indictment.

**[The Government requests the following instructions, to which the defense objects.]**

The term instrumentality of interstate commerce means instruments, devices and means of conducting trade, commerce, transportation, or communication among any two states, or between this country and a foreign country.  It is not necessary that the defendant be directly or personally involved in mailing or use of the instrumentality.  If the defendant was an active participant in the scheme and took steps or engaged in conduct which he or she knew or could reasonably foresee would naturally and probably result in the use of the mails or interstate wires, then you may find that he or she caused them to be used.  The items allegedly sent through the mails or communicated through the instrumentality of interstate commerce need not have contained fraudulent material or anything criminal or objectionable, nor need they be central to the execution of the alleged scheme to defraud or allegedly fraudulent conduct and may even be incidental to it.  All that is required is that the use of the mails or instrumentalities must bear some relation to the object of the alleged scheme or conduct.

**[The defense requests the following instructions, to which the Government objects.]**

These concepts are the same with respect to Count Four as I instructed you with respect to Count Two.  As a reminder, the Government is required to prove beyond a reasonable doubt the use of either the mails or the instrumentalities of interstate commerce. However, you must be

unanimous as to at least one.  Additionally, the Government must prove beyond a reasonable

doubt that the use of the mails or instrumentalities bear some relation to the object of the alleged

scheme or conduct.

Adapted from the jury instructions in United States v. James
Tagliaferri, 13 Cr. 115 (RA).

**[The defense requests the following instruction, to which the Government objects because it is incorporated into the proposed "Other Acts" charge.]**

**Request No. 5 -Cannot Infer Participation From Association**

That is a summary of the charges alleged in the Indictment. The defendants are not charged with committing any crime other than the offenses contained in the indictment.  You have heard evidence of other acts allegedly committed by one or more the defendants. When that evidence was introduced, I instructed you that it was to be considered for a limited purpose. I will explain that limited purpose again in a moment. But I want to emphasize to you now that you are not to consider that evidence for any other purpose and you are only to return a verdict as to the charges contained in the indictment.[3]

Adapted from Sand et al., Modern Federal Jury Instructions, Instr. 3-3 (Consider Only the Charges).

**Request No. []**                    **Consider Each Defendant Separately**

The Indictment names five defendants who are on trial together. In reaching a verdict, you must bear in mind that **[the defense requests to add** "liability, if any**," here, and the Government requests to add** "guilt**" as proposed in the model instructions cited below]** is individual. Your verdict as to each defendant must be determined separately with respect to him or her, solely on the evidence, or lack of evidence, presented against him or her without regard to the guilt or innocence of anyone else.

Therefore, you must, as a matter of law, consider each count of the indictment and each defendant's involvement in that count separately, and you must return a separate verdict on each defendant for each count in which he or she is charged.

In addition, some of the evidence in this case was limited to only one defendant. Let me emphasize that any evidence admitted solely against one defendant may be considered only as against that defendant and may not in any respect enter into your deliberations on any other defendant.

> Adapted from Sand et al., Modern Federal Jury Instructions, Instrs.
> 3-5 (Consider Only the Charges) and 3-8 (Multiple Counts—
> Multiple Defendants).

**[The defense requests the following instruction, to which the Government objects.]**

### Request No. []  Multiple Conspiracies

In this case, the defendants contend that the government's proof fails to show the existence of one overall conspiracy. I instruct you that proof of several separate and independent conspiracies is not proof of the single, overall conspiracy charged in the indictment, unless one of the conspiracies proved happens to be the single conspiracy charged in the indictment. Whether there existed a single unlawful agreement, or several such agreements, or no agreement at all, is a question of fact for you, the jury to determine based on the evidence and in accordance with my instructions. If you find that the conspiracy charged in the indictment did not exist, you cannot find any defendant guilty of the conspiracy charged in the indictment. This is so even if you find that some conspiracy other than the one charged in the indictment existed, and even though the purposes of those conspiracies may have been the same and there may have been some overlap in membership. However, you may find that a single conspiracy existed despite the fact that there were changes in personnel, by the termination withdrawal, or additions of new members, or activities, or both, but only if you find that some of the co-conspirators continued to act for the entire duration of the conspiracy for the purpose charged in the indictment. I remind you that you must consider each defendant individually. If you find that a particular defendant was a member of another conspiracy and not the one charged in the indictment, then you must acquit the defendant of the conspiracy charge.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 19-5.

**Request No. 28         Aiding and Abetting**

Each of the substantive counts charged in the Indictment – including the securities fraud charge in Count Two and the investment adviser fraud charge in Count Four – also charges the relevant defendants with violating 18 U.S.C. § 2, the "aiding and abetting" statute.  That is, each of the defendants is charged not only as a principal who committed the crime, but also as an aider and abettor and with having willfully caused the crime.  As a result, under 18 U.S.C. § 2, there are two additional ways that the Government may establish a defendant's guilt on the substantive counts charged in the Indictment.  One way is called "aiding and abetting," and the other is called "willfully causing a crime." Let me explain each of these.

"Aiding and abetting" is set forth in Section 2(a) of the statute. That section reads, in part, as follows:

> Whoever commits an offense against the United States or aids or abets or counsels, commands or induces, or procures its commission, is punishable as a principal.

**[The Government requests the following instructions, to which the defense objects.]**

Under the aiding and abetting statute, it is not necessary for the Government to show that a defendant himself or herself physically committed the crime with which he or she is charged in order for you to find the defendant guilty.  Thus, even if you do not find beyond a reasonable doubt that a defendant himself or herself committed the crime charged, you may, under certain circumstances, still find that defendant guilty of that crime as an aider or abettor.

A person who aids or abets another to commit an offense is just as guilty of that offense as if he or she committed it himself or herself.  Accordingly, you may find a defendant guilty of the substantive crime if you find beyond a reasonable doubt that the Government has proved that

another person actually committed the crime, and that the defendant aided and abetted that person in the commission of the offense.

**[The defense requests to replace the above with the following language, to which the Government objects.]**

Under the aiding and abetting statute, you may find a defendant guilty of the substantive crime if the government has proved beyond a reasonable doubt that another person actually committed the crime, and the government has proved beyond a reasonable doubt that the defendant that you are considering willfully aided and abetted that person in the commission of the offense.

As you can see, the first requirement is that another person has committed the crime charged.  Obviously, no one can be convicted of aiding and abetting the criminal acts of another if no crime was committed by the other person in the first place.  But if you do find that a crime was committed, then you must consider whether the defendant **[the defense requests to add** "willfully" **here, to which the Government objects as redundant]** aided or abetted the commission of the crime.

**[The Government requests the following instruction, to which the defense objects.]**

In order to aid or abet another to commit a crime, it is necessary that a defendant willfully and knowingly associate himself or herself in some way with the crime, and that he or she willfully and knowingly seek by some act to help make the crime succeed.

**[The defense requests to replace the above with the following language, to which the Government objects.]**

You may only find that a defendant has aided and abetted another to commit a crime if the government proves beyond a reasonable doubt that he or she willfully and knowingly associate himself or herself in some way with the crime, and that he or she willfully and knowingly took some action to intentionally help make the crime succeed.

Participation in a crime is willful if action is taken voluntarily and intentionally, or, in the case of a failure to act, with the specific intent to fail to do something the law requires to be done; that is to say, with a bad purpose either to disobey or to disregard the law.

**[The Government requests the following instruction, to which the defense objects.]**

The mere presence of a defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or the mere acquiescence by a defendant in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting. An aider and abettor must have some interest in the criminal venture.

**[The defense requests to replace the above with the following language, to which the Government objects.]**

The mere presence of a defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or merely associating with others who were committing a crime is not sufficient to establish aiding or abetting.  One who has no knowledge that a crime is being committed or is about to be committed but inadvertently does something that aids in the commission of the crime is not an aider and abettor.  An aider and abettor must know that the crime is being committed and act in a way which is intended to bring

about the success of the criminal venture.  In other words, the defendant must willfully facilitate the crime.  It is not enough that the defendant's actions may have had the effect of facilitating a crime; there must be proof beyond a reasonable doubt that he or she specifically intended to facilitate the crime in order for you to find that the government has met this element.  Facilitation does not require extensive participation but the defendant's participation must occur before the completion of the crime.

With respect to investment adviser fraud, an individual can aid and abet investment adviser fraud, even if he or she was not personally an investment adviser.  Thus, if you find that a defendant aided and abetted another individual or entity that was an investment adviser in committing investment adviser fraud, you may find that defendant guilty of investment adviser fraud.

To determine whether a defendant aided or abetted the commission of the crime with which he or she is charged, ask yourself these questions:

-- Did he or she participate in the crime charged as something he or she wished to bring about?

-- Did he or she associate himself or herself with the criminal venture knowingly and willfully?

-- Did he or she seek by his or her actions to make the criminal venture succeed?

**[The Government requests the following instruction, to which the defense objects.]**

If he or she did, then the defendant is an aider and abettor, and therefore guilty of the offense.  If he or she did not, then the defendant is not an aider and abettor, and is not guilty as an aider and abettor of that offense.

**[The defense requests to replace the above with the following language, to which the Government objects.]**

If the answer to all three of these questions is "yes," then the defendant is an aider and abettor.  If, on the other hand, your answer to any one of these questions is "no," then the defendant is not an aider and abettor, and you must find him or her not guilty.

Adapted from Sand, et al., Modern Federal Jury Instructions, Instrs. 11-1 and 11-2, and from the charge approved in United States v. Stanchich, 550 F.2d 1294 (2d Cir. 1977). See United States v. Labat, 905 F.2d 18, 23 (2d Cir. 1990) (discussing requirements of aiding and abetting liability); United States v. Clemente, 640 F.2d 1069 (2d Cir.) (same), cert. denied, 454 U.S. 820 (1981).

**Request No. 29          Willfully Causing a Crime**

The second way in which the Government can prove a defendant's guilt under 18 U.S.C. § 2 on each substantive count of the Indictment **[the Government requests to add** "is through a finding" **and the defense requests to add** "by proving"**]** beyond a reasonable doubt that the defendant willfully caused a crime.  Section 2(b) of the aiding and abetting statute, which relates to willfully causing a crime, reads as follows:

> Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States [shall be guilty of a federal crime].

What does the term "willfully caused" mean?  It means that a defendant himself or herself need not have physically committed the crime or supervised or participated in the actual criminal conduct charged in the Indictment.

**[The defense requests the following language, to which the Government objects.]**

It means that the defendant knowingly, willfully, and with intent to defraud, caused another person to commit an act that would have been a crime if the defendant committed that act his or herself. The terms "knowingly," "willfully," and "intent to defraud" have the same meanings as I instructed you earlier with respect to the substantive counts. In other words, in order to willfully cause a crime, a person must act with the same intent as if he or she committed the crime directly.

The meaning of the term "willfully caused" can be found in the answers to the following questions:

**[The Government requests the following standard language, to which the defense objects.]**

First, did the defendant you are considering take some action without which the crime would not have occurred?

Second, did the defendant intend that the crime would be actually committed by others?

If you are persuaded beyond a reasonable doubt that the answer to both of these questions is "yes" then the defendant is guilty of the crime charged just as if the defendant himself or herself had actually committed it.

**[The defense requests to replace the above with the following language, to which the Government objects.]**

First, did the defendant you are considering knowingly, willfully, and with intent to defraud or deceive, intend to commit securities fraud or investment adviser fraud?

Second, did the defendant intentionally cause another person to commit an act that, if committed by the defendant directly, would constitute securities fraud or investment adviser fraud as I have explained those crimes to you?

If you are persuaded beyond a reasonable doubt that the answer to both of these questions is "yes" with respect to a particular crime charged in the Indictment, then you may find that the defendant you are considering willfully caused that crime.  However, if you find that either of these facts has not been proven beyond a reasonable doubt with respect to a crime, then you cannot find that he or she willfully caused the crime.

Adapted from Sand, et al., Modern Federal Jury Instructions, Instr. 11-3. See United States v. Concepcion, 983 F.2d 369, 383-84 (2d Cir. 1992); United States v. Sliker, 751 F.2d 477, 494 (2d Cir. 1984); United States v. Margiotta, 688 F.2d 108 (2d Cir. 1982); United States v. Gleason, 616 F.2d 2 (2d Cir. 1979); United States v. Kelner, 534 F.2d 1020, 1022-23 (2d Cir. 1976).

**Request No. 30          Conscious Avoidance**[3]

I told you earlier that the defendants, in various respects, must have acted knowingly in order to be convicted.  This is true with respect to the objects of the conspiracy charged in Counts One and Three, as well as the substantive crimes charged in Counts Two and Four.  In determining whether a defendant acted knowingly with respect to the substantive crimes or the objectives of the conspiracy, you may consider whether that  defendant **[the defense requests** "deliberately," **to which the Government objects]** closed his or her eyes to what otherwise would have been obvious to him or her.

**[The Government requests the following instruction, to which the defense objects.]**

That is what the phrase "conscious avoidance" refers to.

As I told you before, acts done knowingly must be a product of a person's conscious intention.  They cannot be the result of carelessness, negligence, or foolishness.  But a person may not intentionally remain ignorant of a fact that is material and important to his or her conduct in order to escape the consequences of criminal law.

**[The defense requests that the above language be replaced with the following, to which the Government objects.]**

[as a continuation to the prior sentence: closed his or her eyes to what otherwise would have been obvious to him or her], and acted with deliberate disregard of the facts.

However, I caution you that acts done knowingly must be a product of a person's conscious intention.  They cannot be the result of carelessness, negligence, or foolishness.  To find knowledge on this basis, it is not sufficient that a person may not have tried hard enough to

---

[3] The defendants object to the conscious avoidance instruction.  See United States v. Tuzman, 15 Cr. 536 (PGG) (no conscious avoidance charge instruction). Should one be given, however, they request the following changes.

learn the truth.  But a person may not willfully and intentionally remain ignorant of a fact that is material and important to his or her conduct in order to escape the consequences of criminal law.

We refer to this notion of intentionally blinding yourself to what is staring you in the face as conscious avoidance.

An argument by the Government of conscious avoidance is not a substitute for proof of knowledge; it is simply another factor that you, the jury, may consider in deciding what a defendant knew.

**[The Government requests the following instruction, to which the defense objects.]**

Thus, if you find beyond a reasonable doubt that the defendant you are considering was aware that there was a high probability that a fact was so, but that the defendant deliberately avoided confirming this fact, such as by purposely closing his or her eyes to it or intentionally failing to investigate it, then you may treat this deliberate avoidance of positive knowledge as the equivalent of knowledge.

**[The defense requests that the above language be replaced with the following, to which the Government objects.]**

Thus, if you find beyond a reasonable doubt that the defendant you are considering was aware that there was a high probability that a material fact was so, but that the defendant deliberately and consciously avoided confirming this fact, then you may find that the defendant had knowledge of that material fact, unless you find that he or she believed that it did not exist. If you find that a defendant believed that a particular material fact did not exist, then you may not conclude that he or she acted knowingly, and you must acquit.

With respect to the conspiracy counts, you must also keep in mind that there is an important difference between intentionally participating in the conspiracy, on the one hand, and

knowing the specific object or objects of the conspiracy, on the other.  You may consider

conscious avoidance in deciding whether a defendant knew the objective or objectives of a

conspiracy; that is, whether a defendant reasonably believed that there was a high probability

that a goal of the conspiracy was to commit the crimes charged as objects of that conspiracy and

deliberately avoided confirming that fact but participated in the conspiracy anyway.  But

conscious avoidance cannot be used as a substitute for finding that the defendant intentionally

joined the conspiracy in first place.  It is logically impossible for a **[the Government requests to

add** "defendant" **and the defense requests to add** "person"**]** defendant to intend and agree to

join a conspiracy if he or she does not actually know it exists, and that is the distinction I am

drawing.

In sum, if you find that the defendant you are considering believed there was a high

probability that a **[the defense requests to add** "**material**" **to which the Government objects]**

fact was so and that the defendant deliberately and consciously avoided learning the truth of that

**[the defense requests to add** "**material**" **to which the Government objects]** fact, you may find

that the defendant acted knowingly with respect to that fact.  However, if you find that the

defendant actually believed the fact was not so, then you may not find that he or she acted

knowingly with respect to that fact.  You must judge from all the circumstances and all the proof

whether the Government did or did not satisfy its burden of proof beyond a reasonable doubt.

Adapted from the charge in United States v. Bergstein, 16 Cr. 746
(PKC); United States v. Cervino, 15 Cr. 571 (ALC); and United
States v. Datta, S1 11 Cr. 102 (LAK).  See also United States v.
Kozeny, 667 F.3d 122, 132 (2d Cir. 2011) (the "jury may be
instructed on conscious avoidance only where '(1) the defendant
asserts the lack of some specific aspect of knowledge required for
conviction, and (2) the appropriate factual predicate for the charge
exists, *i.e.*, the evidence is such that a rational juror may reach the
conclusion beyond a reasonable doubt that the defendant was aware
of a high probability of the fact in dispute and consciously avoided

confirming that fact.'") (quoting <u>United States</u> v. <u>Ferrarini</u>, 219 F.3d 145, 154 (2d Cir. 2000)); <u>United States</u> v. <u>Reyes</u>, 302 F.3d 48, 54 (2d Cir. 2002) (in addition to actual knowledge, "a defendant can also be said to know a fact if he 'is aware of a high probability of its existence, unless he actually believes that it does not exist.'") (quoting <u>Leary</u> v. <u>United States</u>, 395 U.S. 6, 46 n.93 (1969)); <u>United States</u> v. <u>Ferrarini</u>, 219 F.3d 145, 154 (2d Cir. 2000) ("A conscious avoidance instruction permits a jury to find that a defendant had culpable knowledge of a fact when the evidence shows that the defendant intentionally avoided confirming the fact.").

**Request No. 31          Venue**

Now, in addition to dealing with the elements of each of the offenses, you must also consider the issue of venue as to each offense, namely, whether any act in furtherance of the unlawful activity occurred within the Southern District of New York.  The Southern District of New York includes Manhattan, the Bronx, Westchester, as well as several other counties, so anything that occurs in Manhattan occurs in the Southern District of New York.

It is sufficient to satisfy the venue requirement if any act by anyone in furtherance of the crime charged occurred within the Southern District of New York.  To satisfy this venue requirement only, the Government need not meet the burden of proof beyond a reasonable doubt. It need not meet that standard on the venue requirement and the venue requirement only.  The Government meets its burden of proof if it establishes by a preponderance of the evidence – simply tips the scale in its favor – that an act in furtherance of the crime occurred within the Southern District of New York.  A preponderance of the evidence means that something is more likely than not.

> Adapted from Sand, et al., Modern Federal Jury Instructions, Instr. 3-11.; the charge of the Honorable William H. Pauley, III in United States v. Rahman, 09 Cr. 442 (WHP) (S.D.N.Y. 2009); the charge of the Honorable Michael B. Mukasey in United States v. Salam, 98 Cr. 208 (MBM) (S.D.N.Y. 1999), Tr. at 439; and the charge of the Honorable Charles S. Haight, Jr. in United States v. Rogers, 90 Cr. 377 (CSH) (S.D.N.Y. 1991). See also United States v. Gonzalez, 922 F.2d 1044, 1054-55 (2d Cir.) (affirming that venue is governed by a preponderance standard).

**Request No. 32          Time of Offense**

As to each Count in the Indictment, various date ranges are alleged.  It is sufficient if you find that the charged conduct that you are considering occurred around the dates set forth in the Indictment.

This is also a good opportunity to instruct you that it does not matter if a specific event or transaction is alleged to have occurred on or about a certain date, and the evidence indicates that in fact it occurred on another date.  The law only requires a substantial similarity between the dates alleged in the Indictment and the dates established by the testimony and other evidence.

> Adapted from the charges given in United States v. Alvarado-Matriller, 94 Cr. 723 (JGK), and United States v. Martinez, 97 Cr. 313 (HB).

**Request No. 33         Law Enforcement and Government Employee Witnesses**

You have heard testimony from law enforcement officials and employees of the Government.  The fact that a witness may be employed by the Federal Government as a law enforcement official or employee does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

In this context, defense counsel may attack the credibility of such a witness on the ground that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement or Government employee witness and to give to that testimony the weight you find it deserves.

Adapted from Sand et al., Modern Federal Jury Instructions, Instr. 7-16.

**Request No. 34**          **Cooperating Witness Testimony**

[*If applicable*]

**[The Government requests the following standard instructions, to which the defense objects.]**

You have also heard from witnesses who have testified that they were involved in criminal conduct, and who subsequently pled guilty to their criminal conduct pursuant to what is called a "cooperation agreement" with the Government.

Experience will tell you that the Government frequently must rely on the testimony of cooperating witnesses, and other witnesses who have admitted to participating in crimes. The Government must take its witnesses as it finds them and frequently must use such testimony in a criminal prosecution because otherwise it would be difficult or impossible to detect and prosecute wrongdoers.

The testimony of such cooperating witnesses is properly considered by the jury. If cooperating witnesses could not be used, there would be many cases in which there was real guilt and conviction should be had, but in which convictions would be unobtainable.

For these very reasons, the law allows the use of cooperating witness testimony. Indeed, it is the law in federal courts that the testimony of a single cooperating witness may be enough in itself for conviction, if the jury believes that the testimony establishes guilt beyond a reasonable doubt.

Because of the possible interest a cooperating witness may have in testifying, the cooperating witness's testimony should be scrutinized with care and caution. The fact that a witness is a cooperating witness can be considered by you as bearing upon his or her credibility. It does not follow, however, that simply because a person has admitted to participating in one or more crimes, that he or she is incapable of giving truthful testimony.

93

Like the testimony of any other witness, cooperating witness testimony should be given the weight that it deserves in light of the facts and circumstances before you, taking into account the witness's demeanor, candor, the strength and accuracy of a witness's recollection, his or her background, and the extent to which his or her testimony is or is not corroborated by other evidence in the case.

You heard testimony about cooperation agreements entered into between the Government and various cooperating witnesses.  I must caution you that it is no concern of yours why the Government made an agreement with a particular witness.  Your sole concern is whether a witness has given truthful testimony here in this courtroom before you.

In evaluating the testimony of a cooperating witness, you should ask yourselves whether this cooperating witness would benefit more by lying, or by telling the truth.  Was his or her testimony made up in any way because he or she believed or hoped that he or she would somehow receive favorable treatment by testifying falsely?  Or did he or she believe that his or her interests would be best served by testifying truthfully?  If you believe that the witness was motivated by hopes of personal gain, was the motivation one that would cause him or her to lie, or was it one that would cause him or her to tell the truth?  Did this motivation color his or her testimony?

If you find that the testimony was false, you should reject it.  If, however, after a cautious and careful examination of the cooperating witness's testimony and demeanor upon the witness stand, you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.

As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion.  Even if you find that a witness testified falsely in one part, you still

may accept his or her testimony in other parts, or may disregard all of it.  That is a determination entirely for you, the jury.

> Adapted from the charge given in United States v. Carrero, 91 Cr. 365, and from Sand et al., Modern Federal Jury Instructions, Instr. 7-5.  See also United States v. Gleason, 616 F.2d 2, 15 (2d Cir. 1979) ("Where the court points out that testimony of certain types of witnesses may be suspect and should therefore be scrutinized and weighed with care, such as that of accomplices or coconspirators . . . it must also direct the jury's attention to the fact that it may well find these witnesses to be truthful, in whole or in part.") (citations omitted); United States v. Cheung Kin Ping, 555 F.2d 1069, 1073 (2d Cir. 1977) (same); United States v. Swiderski, 539 F.2d 854, 860 (2d Cir. 1976) (can be reversible error not to give accomplice witness charge if requested by defense).

**[The defense requests the following instructions, to which the Government objects.]**

You have also heard testimony from government witnesses who pleaded guilty to similar charges and entered into cooperation agreements with the government. These witnesses have agreed to testify and to cooperate with the government in exchange for the government's agreement to ask the Court to give them a lighter sentence than they would otherwise receive. You are instructed that you must not draw any conclusions or inferences of any kind about a defendant's guilt from the fact that a prosecution witness pled guilty to similar charges. The decision of each witness to plead guilty was a personal decision about his or her own guilt. It may not be used by you in any way as evidence against or unfavorable to any defendant.

The law allows the use of cooperating witness testimony.  You may consider this testimony, along with all of the other evidence, or lack of evidence, in this case in determining whether the government has met its burden to prove each defendant's guilt beyond a reasonable doubt.

However, you should bear in mind that a witness who has entered into such an agreement has an interest in this case different than any ordinary witness.  A witness who realizes that he

may be able to obtain his own freedom or receive a lighter sentence by giving testimony favorable to the prosecution, has motive to testify falsely.[4]  Because of the possible interest a cooperating witness may have in testifying, a cooperating witness's testimony should be scrutinized with special care and caution.  The fact that a witness is testifying in exchange for the government's agreement to ask the Court to give them a lighter sentence than they would otherwise receive can be considered by you as bearing upon his or her credibility.  It does not follow, however, that simply because a person has admitted to participating in one or more crimes, that he or she is incapable of giving truthful testimony.

The testimony of a cooperating witness should be given the weight that it deserves in light of the facts and circumstances before you, taking into account the witness's demeanor, candor, the strength and accuracy of a witness's recollection, his or her background, and the extent to which his or her testimony is or is not corroborated by other evidence in the case, in addition to her or her incentive to testify falsely.

You may consider whether a cooperating witness – like any other witness called in this case – has an interest in the outcome of the case, and if so, whether it has affected his or her testimony. You should bear in mind that a witness who has entered into a cooperation agreement with the government has an interest and motives that differ from those of other witnesses. In

---

[4] Source: Sand et al., Modern Federal Jury Instructions, Instr. 7-11 (Codefendant's Plea Agreement), third paragraph. The Supreme Court "has long recognized the 'serious questions of credibility informers pose.'" Banks v. Dretke, 540 U.S. 668, 701 (2004) (citations omitted). The Court has therefore "counseled submission of the credibility issue to the jury 'with careful instructions,' calling those instructions 'customary, truth-promoting precautions.'" Id. (citations omitted).

"When the codefendant has received promises from the government that charges will be dismissed, immunity conferred, or sentencing postponed until after testimony, it is proper for the trial judge to instruct the jury that these are factors which create a motive to falsify, and that the testimony should be considered with care and weighed with caution." 1 L. Sand et al., Modern Fed'l Jury Instrs. (Crim.), Instr. 7-11, Comment (at 7-40) (Nov. 2008 rev.).

evaluating the testimony of a cooperating witness, you should ask yourselves whether this cooperating witness would benefit more by lying, or by telling the truth.  Was the witness's testimony made up in any way because he or she believed or hoped that he or she would somehow receive favorable treatment by testifying falsely?  Or did he or she believe that his or her interests would be best served by testifying truthfully?  If you believe that the witness was motivated by hopes of avoiding severe criminal penalties, was the motivation one that would cause him or her to lie, or was it one that would cause him or her to tell the truth?  Did this motivation color his or her testimony?

You should consider all of the evidence and lack of evidence in deciding what weight, if any, to give the testimony of a cooperating witness.  If you find that the testimony of a cooperating witness was false, you should reject it.  However, if, after a cautious and careful examination of the cooperating witness's testimony and demeanor upon the witness stand, in light of all the evidence and lack of evidence, you are satisfied that the witness told the truth, you may accept as much of the testimony as you find credible and give it whatever weight, if any, you find it deserves.

**Request No. 35**          **Formal / Informal Immunity of Government Witnesses**
[*If applicable*]

You have heard the testimony of witnesses who have testified under a grant of immunity from this Court (formal immunity), or who have been promised by the Government in written agreements that in consideration for their truthful testimony and cooperation with the Government, they will not be prosecuted for any crimes which they may have admitted either here in court or in interviews with the prosecutors (informal immunity). With respect to both categories of witnesses, what this means is that the testimony of the witness may not be used against him or her in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the immunity order of this court.

You are instructed that the Government is entitled to call, as a witness, a person who has been granted immunity by Order of this Court. Similarly, the Government is permitted to enter into non-prosecution agreements and is entitled to call as witnesses people to whom these promises have been given.

**[The Government requests the following instruction, to which the defense objects.]**

You may convict a defendant on the basis of such a witness's testimony alone, if you find that the testimony proves the defendant guilty beyond a reasonable doubt.

However, the testimony of a witness who has been granted immunity by the Court, or who has been given a written non-prosecution agreement by the Government, should be examined by you with greater care than the testimony of an ordinary witness. You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt upon the defendants in order to further the witness's own interests; for, such a witness, confronted with the realization that he or she can win his or her own freedom by helping to convict another, has a motive to falsify his or her testimony.

Such testimony should be scrutinized by you with great care and you should act upon it with caution.  If you believe it to be true, and determine to accept the testimony, you may give it such weight, if any, as you believe it deserves.

> Adapted from Sand et al., <u>Modern Federal Jury Instructions</u>, Instr. 7-8.

**Request No. 36          Expert Testimony**

You have heard testimony from a witness/certain witnesses who was/were proffered as (an) expert(s) in different areas.  An expert is allowed to express his or her opinion on those matters about which he or she has special knowledge and training.  Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing an expert's testimony, you may consider the expert's qualifications, opinions, reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.  You may give the expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept a witness's testimony merely because he or she is an expert. Nor should you substitute it for your own reason, judgment, and common sense.  The determination of the facts in this case rests solely with you.

Adapted from Sand et al., <u>Modern Federal Jury Instructions,</u> Instr. 7-21.

**Request No. 37**          **Character Testimony**

*[If applicable]*

You have heard testimony that [name of applicable defendant] has a good reputation for [to be completed as appropriate].

Along with all the other evidence you have heard, you may take into consideration what you believe about a defendant's reputation for [to be completed as appropriate] when you decide whether the Government has proven, beyond a reasonable doubt, that that defendant committed the crime.

Adapted from the charge in United States v. Pujana-Mena, 949 F.2d 24, 27-31 (2d Cir. 1991) (specifically approving charge).

**Request No. 38**          **Defendant's Testimony**

*[Requested only if a particular defendant testifies]*

[The Government respectfully requests that the Court include the following instruction in its general instruction on witness credibility, rather than as a separate instruction:]

The defendant testified at trial and was subject to cross-examination. You should examine and evaluate this testimony just as you would the testimony of any witness with an interest in the outcome of the case.

See United States v. Gaines, 457 F.3d 238, 249 (2d Cir. 2006).

**Request No. 39          Defendant's Right Not to Testify**

*[If requested by defense]*

[Name of applicable defendant(s)] did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove a defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to a defendant.  A defendant is never required to prove that he or she is innocent.

**[The Government requests the following instructions, to which the defense objects.]**

You may not attach any significance to the fact that a defendant did not testify. No adverse inference against him or her may be drawn by you because he or she did not take the witness stand.  You may not consider this against a defendant in any way in your deliberations in the jury room.

**[The defense requests the following instructions to replace the above, to which the Government objects.]**

You may not speculate as to why any defendant did not testify, nor attach any significance to the fact that a defendant did not testify.  There are many reasons why a person may decide not to testify.  A defendant may feel because of the strain of being a witness, the tension, that he may not be calm.  A defendant may be embarrassed by his inability to speak well in front of a group of people.  You are not to speculate as to these things.  And you may not draw any inference from any defendant's decision not to take the stand.

Sand, et al., Modern Federal Jury Instructions, Instr. 5-21; the instruction of the Honorable Robert P. Patterson in United States v. Anibal Soto, 12 Cr. 566 (RPP).

**Request No. 40          Uncalled Witnesses – Equally Available to Both Sides**

There are people whose names you heard during the course of the trial but did not appear to testify.  [If applicable: One or more of the attorneys has referred to their absence from the trial.]

**[The Government requests the following instructions, to which the defense objects.]**

I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.  Their absence should not affect your judgment in any way.

You should remember my instruction, however, that the law does not impose on the defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

**[The defense requests the following instructions to replace the above, to which the Government objects.]**

You should remember my instruction that the law does not impose on the defendant in a criminal case any burden or duty to call any witness or to produce any evidence.

If you find that a witness could have been called by the government and would have given important testimony, and the government was in the best position to call that witness and failed to do so, you are permitted, but not required, to infer that the witness's testimony would have been unfavorable to the government.

Adapted from Sand, et al., Modern Federal Jury Instructions, Instr. 6-7 5.

**Request No. 41          Particular Investigative Techniques Not Required**
*[If applicable]*

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were not used by the Government.

**[The Government requests the following standard instructions, to which the defense objects.]**

There is no legal requirement, however, that the Government prove its case through any particular means.  While you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques.  The Government is not on trial.  Law enforcement techniques are not your concern.

Your concern is to determine whether or not, on the evidence or lack of evidence, the defendant's guilt has been proved beyond a reasonable doubt.

> Adapted from the charge of the Honorable Pierre N. Leval in United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992), and from the charge of the Honorable John F. Keenan in United States v. Medina, 91 Cr. 894 (JFK) (S.D.N.Y. 1992).

**[The defense requests the following instructions to replace the above, to which the Government objects.]**

There is no legal requirement that the Government prove its case through any particular means.  However, it is perfectly permissible for the defense to attack the reliability of the government's investigation in arguing that the government has not sustained its burden to prove the defendants guilty beyond a reasonable doubt.  Your role is to determine whether it has sustained that burden based on the evidence or lack of evidence.

Adapted from Kyles v. Whitley, 514 U.S. 419, 446 (1995).

**Request No. 42          Persons Not on Trial**

You may not draw any inference, favorable or unfavorable, towards the Government or the defendants on trial from the fact that any person in addition to the defendants is not on trial here.  You also may not speculate as to the reasons why other persons are not on trial.  Those matters are wholly outside your concern and have no bearing on your function as jurors.

Adapted from the charge of the Honorable Henry F. Werker in United States v. Barnes, 77 Cr. 190 (S.D.N.Y. 1977), aff'd, 604 F.2d 121, 147 (2d Cir. 1979).

**Request No. 43        Preparation of Witnesses**

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time. In fact, it would be unusual for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

Adopted from the charge of the Honorable Michael B. Mukasey in United States v. Abdul Latif Abdul Salam, 98 Cr. 208 (MBM) (S.D.N.Y. 1999).

**Request No. 44**          **Charts and Summaries – Not Admitted As Evidence**

*[If applicable]*

There have been a number of summary charts and exhibits that were shown to you but not admitted into evidence.  At the time they were shown to you, I have noted this fact to you. For these charts and exhibits that were not admitted into evidence, they serve merely as summaries and analyses of testimony and documents in the case and are here to act as visual aids for you.  It is the underlying evidence and the weight which you attribute to it that gives value and significance to these charts.  To the extent that the charts conform to what you determine the underlying facts to be, you should accept them.  To the extent that the charts differ from what you determine the underlying evidence to be, you may reject them.

Adapted from the charge of the Hon. Richard J. Sullivan in United States v. Peirce, 06 Cr. 1032 (S.D.N.Y. 2008), and Sand et al., Modern Federal Jury Instructions, Instr. 5-13.

**Request No. 45**       **Charts and Summaries – Admitted as Evidence**

*[If applicable]*

Now, some of the exhibits that were admitted into evidence were in the form of charts

and summaries.  For these charts and summaries that were admitted into evidence, you should

consider them as you would any other evidence.

> Sand, et al., Modern Federal Jury Instructions, Instr. 5-12. See also
> Fed. R. Evid. 1006.

**Request No. 46          Use of Recordings, Text Messages and E-Mails**

**[The Government proposes the following standard instructions, to which the defense objects.]**

Recordings of in-person conversations, telephone conversations, text messages, and e-mails have been admitted into evidence.  I instruct you that this evidence was obtained in a lawful manner and that no one's rights were violated, and that the Government's use of this evidence is entirely lawful.

Therefore, regardless of any personal opinions regarding the obtaining of such evidence, you must give this evidence full consideration along with all the other evidence in this case in determining whether the Government has proved each defendant's guilt beyond a reasonable doubt.  What weight you give these materials, if any, is completely within your discretion.

Adapted from charge of the Honorable Michael B. Mukasey in
United States v. Joseph Brideson et al., S6 00 Cr. 1118 (MBM).

**Request No. 47          Stipulations**

In this case you have heard evidence in the form of stipulations.

A stipulation of testimony is an agreement among the parties that, if called, a witness would have given certain testimony.  You must accept as true the fact that the witness would have given the testimony.  However, it is for you to determine the effect to be given that testimony.

You also heard evidence in the form of stipulations that contain facts that were agreed to be true.  In such cases, you must accept those facts as true.

Adapted from the charge of the Honorable Pierre N. Leval in United States v. Mucciante, 91 Cr. 403 (S.D.N.Y. 1992), and from Sand, et al., Modern Federal Jury Instructions, Instrs. 5-6 & 5-7.

**Request No. 48**          **Limiting Instruction – Similar Act Evidence**[5]

*[If applicable]*

**[The Government requests the following standard instructions, to which the defense objects.]**

The Government has offered evidence tending to show that on another occasion, [name of applicable defendant] engaged in conduct similar to the charges in the Indictment.

In that connection, let me remind you that [name of defendant] is not on trial for committing acts not alleged in the Indictment.  Accordingly, you may not consider this evidence of similar acts as a substitute for proof that [name of defendant] committed the crime charged.  Nor may you consider this evidence as proof that [name of defendant] has a criminal personality or bad character.  The evidence of the other, similar acts was admitted for a much more limited purpose and you may consider it only for that limited purpose.

If you determine that [name of defendant] committed the acts charged in the Indictment and the similar acts as well, then you may, but you need not draw an inference that in doing the acts charged in the Indictment, [name of defendant] acted knowingly and intentionally and not because of some mistake, accident or other innocent reasons.

Evidence of similar acts may not be considered by you for any other purpose.  Specifically, you may not use this evidence to conclude that because [name of defendant] committed the other act or acts he or she must also have committed the acts charged in the Indictment.

---

[5]       As set forth in the defendants' objections to the government's motion to admit prior acts evidence under Federal Rule of Evidence 404(b), none of the "similar acts" evidence proffered by the government should be admitted. See ECF No. 355. In the event that the Court admits any such evidence, the defendants will propose an appropriate, tailored limiting instruction specific to the evidence permitted by the Court. See ECF No. 355, § C.

Adapted from the charge of Hon. John Keenan in *United States* v.
*Carrero*, 91 Cr. 365 (JFK) (S.D.N.Y. 1991) and from Sand et al.,
*Modern Federal Jury Instructions*, Instr. 5-25.

**[The defense requests the following instructions to replace the above, to which the Government objects.]**

The Government has offered evidence that it alleges tends to show that on another occasion, [name of applicable defendant] engaged in other conduct not charged in the Indictment.

In that connection, let me remind you that [name of defendant] is not on trial for committing acts not alleged in the Indictment. Accordingly, you may not consider this evidence of other acts as a substitute for proof that [name of defendant] committed the crime charged. Nor may you consider this evidence as proof that [name of defendant] has a criminal personality or bad character. The evidence of the other acts was admitted for a much more limited purpose and you may consider it only for that limited purpose.

If you determine that [name of defendant] committed the acts charged in the Indictment and the other acts as well, then you may draw an inference that in doing the acts charged in the Indictment, [name of defendant] acted knowingly and intentionally and not because of some mistake, accident or other innocent reasons. On the other hand, you need not draw that inference: You may determine that evidence of a defendant's other acts does not prove that defendants' knowledge or intent regarding the charged conduct. Remember that here, as in all matters, the burden is on the government to prove the defendants' knowledge and intent of the conduct charged in the Indictment beyond a reasonable doubt.

Evidence of other acts may not be considered by you for any other purpose. Specifically, you may not use this evidence to conclude that because [name of defendant] committed the other act or acts he or she must also have committed the acts charged in the Indictment.

**[The defense requests the following instructions, to which the Government objects.]**

**Request No. []          Internal Compliance Policies**

You heard testimony and were shown exhibits regarding the internal compliance

Policies of Hughes and Atlantic. These policies and internal rules may bear on the issue of

whether certain information was treated by Hughes as non-public, and Hughes employees owed

a duty of trust and confidence not to disclose that information. But aA mere violation of agency

policy or an internal rule, without more, is not a violation of the law and does not constitute a

crime.[86] Similarly, you heard testimony and argument and were shown exhibits regarding the

internal compliance policies of Atlantic. I instruct you that a violation of a compliance policy or

an internal rule is not the same as a violation of law. You may consider such evidence and weigh

it only as it relates to a defendant's state of mind.[7]

---

[6] *See Walters*, Trial Transcript at 2950.
[7] *See Steinberg*, Trial Transcript at 3727–28.

**Request No. 52**          **Defense Theory of the Case**

[The defense respectfully requests that the jury be charged with the defense theory of the

case, to be supplied following the close of trial, prior to the charging conference.]

> *See Walters*, Trial Transcript at 2945; *Stewart*, Jury Instructions at
> 45; *United States v. Raj Rajaratnam*, No. 09 Cr. 1184 (RJH)
> (S.D.N.Y. Apr. 25, 2011), Trial Transcript at 5613; *United States
> v. GAF Corp.*, 928 F.2d 1253, 1262 (2d Cir 1991) ("This Court has
> repeatedly recognized a criminal defendant's right to a jury charge
> which reflects the defense theory.")

**CONCLUSION**

Members of the jury, that about concludes my instructions to you.  You are about to go into the jury room to begin your deliberations.  If during those deliberations you want to see any of the exhibits, you may request to see them and we will either send them into the jury room or we will bring you back out to the courtroom to see them.  If you want any of the testimony read back or any of the recordings played again, you may also request that.  Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of the testimony.  If you want any further explanation of the law as I have explained it to you, you may also request that from the Court.  If there is any doubt or question about the meaning of any part of this charge, you should send me a note asking for clarification or for a further explanation.  Your requests for exhibits or testimony – in fact any communications with the Court – should be made to me in writing, signed by your foreperson, and given to one of the marshals.  In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

Many of you have taken notes periodically throughout this trial.  I want to emphasize to you, as you are about to begin your deliberations, that notes are simply an aid to memory.  Notes that any of you may have made may not be given any greater weight or influence in determination of the case than the recollections or impressions of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence.  Any difference between a juror's recollections and another juror's notes should be settled by asking to have the court reporter read back the transcript, for it is the court record rather than any juror's notes upon which the jury must base its determination of the facts and its verdict.

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence. It would be improper for you to consider, in reaching your decision as to whether the Government sustained its burden of proof, any personal feelings you may have about any defendant's race, religion, national origin, sex, or age. The parties in this case are entitled to a trial free from prejudice and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

Your function now is to weigh the evidence in this case and to determine the guilt or innocence of the defendant with respect to each count of the Indictment.

You must base your verdict solely on the basis of the evidence and these instructions as to the law, and you are obliged on your oath as jurors to follow the law as I instruct you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to the verdict. Your verdict must be unanimous. It is your duty, as jurors, however, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment. Each of you must decide the case for him or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

Remember at all times, you are not partisans. You are judges – judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

You should by your own vote select one of you to sit as your foreperson.  The foreperson will send out any notes, and when the jury has reached a verdict, he or she will notify the marshal that the jury has reached a verdict, and when you come into open court, the foreperson will be asked to state what the verdict is.

We have prepared a verdict form for you to use in recording your decisions.  After you have reached a verdict, the foreperson should fill in the verdict sheet, sign and date it, and then give a note to the marshal outside your door stating that you have reached a verdict.  Do not specify what the verdict is in your note.  Instead, the foreperson should retain the verdict sheet, and hand it to us in open court when you are all called in.  If you are divided, do not report how the vote stands.

I will stress again that each of you must be in agreement with the verdict that is announced in court.  Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

In conclusion, Ladies and Gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense you will reach a fair verdict here.  Remember that your verdict must be rendered without fear, without favor, and without prejudice or sympathy.