```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,                    :
                                             :
        - v.-                                :    S3 16 Cr. 371643 (RA)
                                             :
GARY HIRST,                                  :
JOHN GALANIS,                                :
    a/k/a "Yanni,"                           :
MICHELLE MORTON,                             :
DEVON ARCHER, and                            :
BEVAN COONEY,                                :
                                             :
                 Defendants.                 :
------------------------------------------------------------x
```

# GOVERNMENT'S PROPOSED EXAMINATION OF PROSPECTIVE JURORS

ROBERT KHUZAMI
Attorney for the United States,
Acting Under Authority Conferred
by 28 U.S.C. § 515

REBECCA MERMELSTEIN
BRENDAN F. QUIGLEY
NEGAR TEKEEI
Assistant United States Attorneys
    - Of Counsel -

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
UNITED STATES OF AMERICA,                          :
                                                   :
            - v.-                                  :    S2 16 Cr. 371643 (RA)
                                                   :
GARY HIRST,                                        :
JOHN GALANIS,                                      :
      a/k/a "Yanni,"                               :
MICHELLE MORTON,                                   :
DEVON ARCHER, and                                  :
BEVAN COONEY,                                      :
                                                   :
            Defendants.                            :
-------------------------------------------------------------x
```

## THE GOVERNMENT'S PROPOSED
## EXAMINATION OF PROSPECTIVE JURORS

The Government respectfully requests the Court to include the following questions in its examination of prospective jurors pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure.

The Court is requested to pursue more detailed questioning at the sidebar or in the robing room if a particular juror's answer reveals that further inquiry is appropriate and, in such an instance, to conclude with an inquiry as to whether the particular fact or circumstance would influence the juror in favor of or against either the Government or the defendants, or otherwise affect the juror's ability to serve as a fair and impartial juror in this case.

## INTRODUCTION

This is a criminal case. The defendants on trial, GARY HIRST, JOHN GALANIS, a/k/a "Yanni," MICHELLE MORTON, DEVON ARCHER, and BEVAN COONEY, have been charged with the commission of federal crimes in an Indictment filed by a Grand Jury sitting in this District.

The Indictment is not evidence itself. It simply contains the charges that the Government is required to prove to the satisfaction of the trial jury beyond a reasonable doubt. Those of you selected to sit on this jury will receive a detailed explanation of the charges at the conclusion of the case, but I would like to give you a brief summary of the charges so that we can determine whether there is anything about the charges that would make it impossible or difficult for you to sit as a fair and impartial juror.

The Indictment contains four counts or "charges." Specifically, Count One of the Indictment charges that, from at least in or about March 2014, up to and including in or about April 2016, each of the defendants participated in a conspiracy to commit securities fraud.

Count Two of the Indictment charges that, from at least in or about March 2014, up to and including in or about April 2016, each of the defendants committed securities fraud. We call this a substantive count, as opposed to the conspiracy to commit securities fraud alleged in Count One. At the end of the trial, I will provide you with more detailed instructions on the difference between conspiracies and substantive charges.

Count Three of the Indictment charges that, from at least in or about March 2014, up to and including in or about April 2016, GARY HIRST and MICHELLE MORTON conspired to commit investment adviser fraud.

Count Four of the Indictment charges that, from at least in or about March 2014, up to and including in or about April 2016, GARY HIRST and MICHELE MORTON committed investment adviser fraud.

Does any juror have any personal knowledge of the charges in the Indictment in this case? Has any juror read or heard anything about this case? If so, is there anything such a

juror has read or heard that would cause him or her to feel that he or she cannot decide the fact issues of this case fairly and impartially?

## NATURE OF CHARGES

1.  You will hear evidence in this case concerning bonds issued by a Native American Tribal entity.  In simple terms, a bond is a type of loan.  Investors buy a bond from a government, municipality, corporation or other entity and the entity agrees to pay the investors back, with interest, on specified terms.  You will hear evidence in this trial about the issuance of bonds, the rules that govern such issuances, and the various entities that participate in such issuances.  Do any of you work in, or have any close relatives or friends who work in, the bond industry?  Will anything about your knowledge of the bond industry affect your ability to be fair and impartial in this case?

2.  You will also hear evidence about the issuance of shares of stock, the rules that govern such share issuances and the listing of stocks on securities exchanges like the New York Stock Exchange.  Is there anything about your own investment experience, or your views on the securities industry more broadly, that will affect your ability to be fair and impartial in this case?

3.  Have any of your worked in the securities industry?  Will your experience in the securities industry affect your ability to be fair and impartial in this case?

4.  You will also hear evidence about investment advisers, who are people that provide investment advice and manage assets for individuals or institutional investors.  Have any of you worked as, or invested with, an investment adviser?  Will your experience as an investment adviser or as an investment advisory client affect your ability to be fair and impartial in this case?

5. Have any of you lost money from your investments due not to market forces or other innocuous reasons, but instead due to alleged mismanagement by someone providing you investment advice or otherwise managing your assets on your behalf? Will your past investment experience affect your ability to be fair and impartial in this case?

6. Do any of you feel that you have strong policy views on the crimes charged in the Indictment that would make it difficult for you to follow my instructions on the law and to base your verdict solely on the evidence in this case?

7. Do you have an opinion that conspiracy should not be a crime? Do you have an opinion that securities fraud or wire fraud or investment adviser fraud should not be crimes? Do any of you have any opinion about the enforcement of federal criminal laws relating to conspiracy, securities fraud, wire fraud or investment adviser fraud that might prevent you from being fair and impartial in this case?

## ABILITY TO BE FAIR AND IMPARTIAL

8. Do you or does a relative or close friend work for or with any federal, state or local law enforcement agency, such as the United States Postal Inspection Service or the FBI, the police or sheriff's department, district attorney's office, the United States Attorney's Office or the Securities and Exchange Commission, commonly referred to as the SEC?

9. Do you or any of your relatives or close friends work for a criminal defense lawyer or private investigator?

10. Are you or do you have any close relatives or friends who are judges, law clerks, court attendants, court clerks, other types of court personnel, probation officers, or persons connected with any correctional institution, jail or penitentiary?

11. Have you ever been involved, or do you expect to become involved, in any legal action or dispute with the United States or any agency, officer, or employee of the United States, including the United States Postal Inspection Service, the FBI or the SEC, or have you had any financial interest in such a dispute?

12. Have you – either through any experience that you have had, or anything that you have seen or read – developed any bias or prejudice, either for or against, the United States Postal Inspection Service, the FBI, the SEC or the United States Attorney's Office?  Any other federal, state, or local law enforcement agency?

### **EXPERIENCE AS A WITNESS, DEFENDANT OR CRIME VICTIM**

13. Have any of you, or any of your relatives or close friends, ever been involved or appeared as a witness in any investigation by a federal or state grand jury, or by a Congressional or state legislative committee, licensing authority, or governmental agency?

14. Have you, or any of those close to you, ever been questioned in any matter by a federal, state, or local law enforcement agency?

15. Have you ever been a witness or a complainant in any federal or state prosecution?

16. Are you, or is any member of your family, any associate or close friend, now under subpoena or, to your knowledge, about to be subpoenaed in any criminal case?

17. Have you, or has any member of your family, any associate or close friend, ever been charged with a crime?  [*As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire into the circumstances of each crime.*]

18. Have you, or have any of your relatives, associates, or close friends ever been the subject of any investigation or accusation by any federal or state grand jury, or by any

congressional committee?  [*As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire into the circumstances of each investigation or accusation.*]

19. Have you, or any of your close friends or relatives, ever been a victim of a crime?  [*As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire into the circumstances of each crime*.]

20. Have you, or any of your close friends or relatives, ever been questioned or interrogated by a member of the United States Attorney's Office for the Southern District of New York, the United States Postal Inspection Service, the Federal Bureau of Investigation or any other law enforcement agency?  [*As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire into the circumstances of each incident and that prospective juror's reaction to how he or she was treated by the respective agency*.]

## **KNOWLEDGE OF TRIAL PARTICIPANTS**

21. The defendants in this case are, first, GARY HIRST [*Please ask the defendant to rise*.]  Do any of you know, or have you had any dealings, directly or indirectly, with the defendant, or with any relative, friend or associate of the defendant?  To your knowledge, do any of your relatives, friends, associates, or employers know the defendant?

22. GARY HIRST is represented at this trial by Barry Levin, Michael Tremonte, and Noam Biale. [*Please ask Messrs. Levin, Tremonte, and Biale to stand.*]  Do any of you know Mr. Levin, Mr. Tremonte or Mr. Biale?

23. The second defendant in this case is JOHN GALANIS, who is also sometimes referred to as "Yanni." [*Please ask the defendant to rise*.]  Do any of you know, or have you had any dealings, directly or indirectly, with the defendant, or with any relative, friend

or associate of the defendant?  To your knowledge, do any of your relatives, friends, associates, or employers know the defendant?

   24. JOHN GALANIS is represented at this trial by David Touger. [*Please ask Mr. Touger to stand.*]  Do any of you know Mr. Touger?

   25. The third defendant in this case is MICHELLE MORTON.  [*Please ask the defendant to rise*.]  Do any of you know, or have you had any dealings, directly or indirectly, with the defendant, or with any relative, friend or associate of the defendant?  To your knowledge, do any of your relatives, friends, associates, or employers know the defendant?

   26. MICHELLE MORTON is represented at this trial by Gregory Morvillo. [*Please ask Mr. Morvillo to stand.*]  Do any of you know Mr. Morvillo?

   27. The fourth defendant in this case is DEVON ARCHER.  [*Please ask the defendant to rise*.]  Do any of you know, or have you had any dealings, directly or indirectly, with the defendant, or with any relative, friend or associate of the defendant?  To your knowledge, do any of your relatives, friends, associates, or employers know the defendant?

   28. MR. ARCHER is represented at this trial by Matthew Schwartz [*Please ask Mr. Schwartz to stand.*]  Do any of you know Mr. Schwartz?

   29. The fifth defendant in this case is BEVAN COONEY.  [*Please ask the defendant to rise*.]  Do any of you know, or have you had any dealings, directly or indirectly, with the defendant, or with any relative, friend or associate of the defendant?  To your knowledge, do any of your relatives, friends, associates, or employers know the defendant?

   30. BEVAN COONEY is represented at this trial by Paula Notari. [*Please ask Ms. Notari to stand.*]  Do any of you know Ms. Notari?

31. The Government is represented here by the Acting United States Attorney for the Southern District of New York – who Robert Khuzami. The conduct of the trial will be in the immediate charge of Assistant United States Attorneys Rebecca Mermelstein, Brendan Quigley, and Negar Tekeei. Do any of you know Mr. Khuzami, Ms. Mermelstein, Mr. Quigley, or Ms. Tekeei? Joining the Assistant United States Attorneys at counsel's table are Ellie Sheinwald and Eric Wissman, paralegals with the U.S. Attorney's Office, and Shannon Bieniek , a Special Agent with the FBI. Have you had any dealings either directly or indirectly with any of these individuals?

32. If you have seen, heard or read about any of the prosecutors, lawyers, law enforcement officers, and defendants, is there anything about that would prevent you from rendering a fair and impartial verdict in this case?

33. Does any juror know or has he or she had any dealings, either directly or indirectly, with any of the following individuals or companies whose names may come up during the trial, or who may be witnesses in this case:

*[The Government will provide the Court with a list of its prospective witnesses and other names that may be mentioned during the trial. The Court also is requested to read the names of witnesses included on any lists provided by the defendants.]*

34. Certain conduct at issue in this case took place at the following locations:

*[The Government will provide the Court with a list of relevant places that may be mentioned during the trial.]*

Are any of you familiar with these specific locations? What do you know about these areas? Do you think that your familiarity with these areas will affect your ability to render a fair verdict?

**PRIOR JURY SERVICE AND LAWSUITS**

35. Have you ever been a juror in a civil or criminal case or served on a grand jury, state or federal? If yes, what type of case was it? When was it? Did you deliberate, and did the jury reach a verdict (without stating what the verdict was)?

36. Have you ever been a plaintiff in a lawsuit, meaning have you ever sued someone? Have you ever been a defendant in a lawsuit, meaning have you ever been sued? If so, what was the nature of the allegations?

## VIEWS ON WITNESSES AND EVIDENCE

37. <u>Law Enforcement/Regulatory Personnel</u>: The witnesses in this case may include, among others, agents of the FBI or the United States Postal Inspection Service, and employees of the SEC and the Financial Industry Regulatory Authority ("FINRA"), a non-government, independent regulator for securities firms doing business in the United States. Do you have any strong feelings, impressions, or opinions that would prevent you from evaluating the testimony of a law enforcement officer fairly and impartially? Would you be more likely to believe or disbelieve a witness merely because he or she is a law enforcement officer or works for an independent regulator?

38. <u>Investigative Techniques</u>: Does anyone have any expectations about the types of evidence that the Government might present in criminal trials? Would any of you be unable to follow the Court's instructions that the Government is not required to use any particular techniques when investigating and presenting evidence of a crime?

39. <u>Recordings/Text Messages/Emails.</u> You may hear and see evidence in this case resulting from law enforcement's recording of certain individuals' conversations, or from emails obtained by law enforcement by consent or through the use of search warrants. You are to put aside your feelings about the propriety of these law enforcement techniques in your

deliberations about the guilt or non-guilt of the defendants. You are instructed that the evidence that I will permit to be introduced in this trial was obtained properly and that no one's rights were violated by the use of these law enforcement techniques. Is there any juror who cannot follow this instruction and who for this reason would have difficulty rendering a fair and impartial verdict?

40.     Cooperators *[If applicable]*: Some of the witnesses called by the Government may have past criminal convictions, or may have been involved in some of the crimes charged in the indictment. These witnesses have pled guilty and are testifying pursuant to lawful cooperation agreements with the Government. Some of these witnesses may be hoping that their cooperation will result in a reduced sentence or some other benefit. There is nothing unlawful about the Government's use of such witnesses. Do any of you have problems with this type of witness such that you may be unable to be fair and impartial? Would you have any bias for or against the Government because of testimony obtained in this manner? I will also instruct you that it is no concern of yours why the Government has chosen to offer witnesses cooperation agreements, and you are not to speculate about the reasons. Would you have any difficulty following my instructions on the law in this regard?

41.     Immunized witnesses *[If applicable]*: You will hear testimony from a number of witnesses who have either been offered immunity by the Government, or have entered into what is called a non-prosecution agreement with the Government. At the end of the case, I will give you more detailed instructions on these matters. For now, it is enough for you to know that, if a witness has been offered immunity or has entered into a non-prosecution agreement with the Government, the Government is precluded from prosecuting the witness for the crimes that he or she testifies to on the witness stand. But neither immunity nor non-prosecution

agreements protect any witness from a prosecution for perjury, making false statements, and obstruction of justice if the witness lies on the stand.  I instruct you that the use of immunity is a legal and often necessary tool to compel the attendance of witnesses who otherwise may decline to testify by asserting their right against self-incrimination.  Do you have any general feeling about the Government's use of immunity and non-prosecution agreements that would make it difficult for you to render a wholly fair and impartial verdict?  Would you have any bias for or against the Government because of testimony obtained in this manner?  I will also instruct you that it is no concern of yours why the Government has chosen to immunize these witnesses or offered them non-prosecution agreements, and you are not to speculate about the reasons.  Would you have any difficulty following my instructions on the law in this regard?

42. <u>Expert Witnesses</u>.  You also may hear testimony from expert witnesses.  Have any of you had any experiences with experts, or do you have any general feelings about the use of experts, that would make it difficult for you to render a wholly fair and impartial verdict?

43. <u>Persons Not On Trial</u>:  You might hear evidence in this trial of criminal activity committed by people other than the defendants.  Those other individuals are not on trial here.  You may not draw any inference, favorable or unfavorable, towards the Government or the trial defendants from that fact.  You also may not speculate as to the reason why other persons are not on trial.  Is there any juror who cannot follow this instruction or who for this reason would have difficulty rendering a fair and impartial verdict?

## FUNCTION OF THE COURT AND JURY

44. The function of the jury is to decide questions of fact.  As a juror, you are the sole judge of the facts and nothing that the Court or the attorneys say or do may intrude in any way on your role as the exclusive fact finder.  However, when it comes to the law, you are to

take your instructions from the Court and you are bound by those instructions. You may not substitute your ideas of what the law is or what you may think the law should be. At the conclusion of this case, your job will be to determine whether or not the defendants are guilty as charged in the Indictment. Does any juror have any difficulty with that principle, or any problem in accepting and following the instruction of the law that I will give you in this case?

45. Will each of you accept the proposition that the question of punishment is for the Court alone to decide and that the possible punishment must not enter into your deliberations as to whether the defendants on trial here are guilty?

46. Will each of you accept the proposition of law that sympathy must not enter into the deliberations of the jurors as to whether each defendant is guilty or not guilty, and that only the evidence produced here in Court may be used by you to determine whether the defendants are guilty or not guilty of the crimes charged?

47. It is not a particularly pleasant duty to find another individual guilty of committing a crime. Is there any juror who feels that even if the evidence established a defendant's guilt beyond a reasonable doubt, he or she might not be able to render a guilty verdict for reasons unrelated to the law and the evidence?

48. Do any of you have any religious, philosophical or other beliefs which would make you unable to render a guilty verdict for reasons unrelated to the law and the evidence?

49. In these questions, I have tried to direct your attention to possible reasons why you might not be able to serve as a fair and impartial juror. Aside from the previous questions I have asked, does any juror have the slightest doubt in his or her own mind, for any reason whatsoever, about his/her ability to conscientiously, fairly, and impartially serve in this

case and to render a true and just verdict without fear, favor, sympathy, or prejudice, and according to the law as it would be explained to you?

## GENERAL QUESTIONS FOR THE PANEL

50. Does any juror have a problem with his or her hearing or vision which would prevent him or her from giving full attention to all of the evidence at this trial?

51. Is any juror taking any medication which would prevent him or her from giving full attention to all of the evidence at this trial?

52. Does any juror have any difficulty in reading or understanding English?

## INDIVIDUAL JUROR'S BACKGROUND

53. The Government respectfully requests that the Court ask each juror to state the following information:

    a. the juror's age;

    b. the juror's family status (including whether the juror has any children or grandchildren and, if so, the ages of the children);

    c. the area in which the juror resides;

    d. where the juror was born;

    e. the juror's educational background, including the highest degree obtained;

    f. whether the juror has served in the military;

    g. the juror's occupation;

    h. the name and general location of the juror's employer, and the period of employment with that employer;

    I. the same information concerning other employment within the last five years;

    j. the same information with respect to the juror's spouse and any working children (only current employer);

   k. what newspapers and magazines the juror reads and how often;

   l. the websites that the juror reads regularly and/or posts comments or information on;

   l. what television programs the juror regularly watches; and

   m. the juror's hobbies and leisure-time activities.

## **INSTRUCTIONS FOLLOWING IMPANELING JURY**

54. From this point on until you retire to deliberate on your verdict, it is your duty not to discuss this case and not to remain in the presence of other persons who may be discussing this case. This rule about not discussing the case with others includes discussions even with members of your own family and your friends.

55. If at any time during the course of this trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should immediately report such an attempt to me through my deputy clerk. In this regard, let me explain to you that the attorneys and the defendant in a case are not supposed to talk to jurors, even to offer a friendly greeting. So if you happen to see any of them outside this courtroom they will, and should, ignore you. Please do not take offense. They will only be acting properly by doing so.

56. Just as you must not have any in-person communications about this case, you must not communicate with anyone about the case by cellphone, through email, Blackberry, iPhone, text messaging or Twitter, through any blog or website, through any internet chat room, or by way of any other social networking websites, including Facebook, My Space, LinkedIn, or YouTube. Similarly, you must not use these tools to post any information about the case on the internet.

57. Do not do any research or make any investigation on your own about any matters relating to this case or this type of case. This means, for example, that you must not consult reference works or dictionaries, search the internet, websites, blogs, or use any other electronic tools to obtain information about this case, this type of case, the parties in this case, or

anyone else involved in this case. You must decide this case based only on the evidence presented in the courtroom and my instructions about the law. It would be improper for you supplement that information on your own.

Dated:     New York, New York
           April 2, 2018

                              Respectfully submitted,

                              ROBERT KHUZAMI
                              Attorney for the United States,
                              Acting Under Authority Conferred by
                              28 U.S.C. § 515


                        By:   /s/
                              Rebecca Mermelstein
                              Brendan F. Quigley
                              Negar Tekeei
                              Assistant United States Attorneys
                              (212) 637-2360/2190/2482