

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 5, 2018

**BY ECF**

The Honorable Ronnie Abrams
United States District Judge
40 Foley Square
New York, New York 10007

Re:   <u>United States v. Jason Galanis, et al.</u>, S3 16 Cr. 371 (RA)

Dear Judge Abrams:

  The Government writes to apprise the Court of woeful inadequacies in defendant Devon Archer's Rule 16 production on the agreed-upon deadline of March 30, 2018, and to request that the Court order immediate curative measures. Specifically, on March 30, counsel for Archer produced more than 3.2 million pages of documents and in a format that will require an additional week to 10 days of technical processing before the Government can meaningfully access these documents. In order to remedy this deficiency, the Government respectfully requests that the Court order Archer to provide the Government with a detailed index of his March 30 production, which he has thus far failed to do.

  As background, and as the Court is aware, the Government has been seeking Rule 16 discovery from the defendants since at least June 2016. Until his March 30, 2018 production, Archer's stated position was that he had no such discovery. In fact, on November 21, 2017, Archer's counsel represented to the Government the following: "With respect to Rule 16 discovery, Mr. Archer is not currently in possession of any material subject to disclosure under Rule 16(b) that has not been produced by the government; *we understand the continuing obligation imposed by Rule 16(c) and will produce it promptly if that changes*." (emphasis added). Archer then failed to produce *any* Rule 16 discovery. On February 5, 2018, the defendants—in Archer's opposition to the Government's pretrial motion requesting that the Court set a deadline for defense Rule 16 disclosures—agreed to a March 30 deadline for defense disclosures pursuant to Rule 16(b). Archer then waited until the last possible date, March 30, 2018, when he produced more than 3.2 million pages of documents in native files which will take approximately one week to 10 days from the date of this letter to process into a format that the Government can review, and which makes Archer's discovery functionally unavailable to the Government with sufficient time to review advance of trial.

  Upon receiving the discovery and reviewing its format, the Government reached out to Archer's counsel to attempt to understand the nature of his production of more than 3.2 million pages of documents and why it was produced to the Government in a virtually unreviewable

format.  Archer responded that the documents were produced "in the form that we had them," and that it would be "prohibitively expensive" for Archer to produce the documents in a "formal production."  The Government promptly requested that Archer produce an index of his production that would include the producing parties and requested a response by noon today.  Archer has not responded.

Archer's March 30 production of 3.2 million pages of documents in an unusable format and without an index, puts the Government in a grossly unfair position less than three and a half weeks from trial.  The Government is functionally unable to review Archer's discovery in any meaningful way in advance of trial.  This latest act of gamesmanship by Archer ████████████████████████████████████████████████████████████ is shocking.  Having represented for months that he had no Rule 16 discovery, Archer waited until the last possible moment—the agreed-upon final deadline for the defense's Rule 16 discovery—to bury the Government in more than 3.2 million pages of functionally unusable documents.  Had Archer produced these documents to the Government when he received them, as opposed to waiting until 30 days before trial, the Government might have been in a position to process and review them in an effective manner before trial.  Now, it cannot.  To be clear, the Government is not seeking an adjournment of the trial date and will proceed to trial as scheduled on April 30.  However, this kind of conduct by Archer cannot continue.

The Government therefore respectfully requests that the Court order Archer to produce to the Government forthwith an index of his March 30, 2018 production which includes the following information: (1) document control or Bates number range; (2) the producing party; and (3) the date such records were first produced to Archer, or otherwise first came into his possession.

The Government is also mindful of the Court's March 6, 2018 order, given verbally at the pretrial conference in this case, regarding the defendants' Rule 16 discovery obligations and ability to use such records at trial:

> Then finally, as to the government's last motion, as I was saying, it seems that the parties are in agreement that there should be a Rule 16(b) disclosure deadline of March 30, subject to two potential exceptions: One, the defendants may use material that they come to produce after that date *so long as they produce the materials to the government as expeditiously as possible*;
>
> Two, that the defendants may be permitted to use materials that are in their possession but which are not disclosed prior to the deadline if it was not reasonably foreseeable that such evidence might be useful at trial. This second category will likely necessitate a case-by-case assessment by me at trial.

March 6, 2018 Tr. at 38.  Should Archer's unfair gamesmanship with respect to the parties' agreed-upon disclosure deadlines extend to the April 23, 2018 deadline for producing defense exhibits, the Government will continue to ask the Court for any necessary relief.  It is all the more important that Archer be held accountable to his obligation to mark and produce defense exhibits in usable fashion by the April 23 deadline, since the Government will not be able to review his Rule 16 production by trial.[1]  In addition, the Government reserves the right to move to preclude any evidence offered by Archer at trial on the basis of a violation of Rule 16.

As for the other remaining defendants in this case, the Government notes that the only other defendant who has produced Rule 16 discovery to the Government by the March 30, 2018 deadline is Michelle Morton.  Defendants Gary Hirst, John Galanis, and Bevan Cooney have produced no Rule 16 discovery as of the date of this letter.

                                 Respectfully submitted,

                                 ROBERT KHUZAMI
                               Attorney for the United States, Acting Under Authority Conferred by 28 U.S.C. § 515

                      by: _____/s/_____
                          Rebecca Mermelstein
                          Brendan F. Quigley
                          Negar Tekeei
                          Assistant United States Attorneys
                          (212) 637-2360 / 2190 /2482

---

[1] Archer's seeming basis for claiming to possess no Rule 16 material was an assertion that he had not yet identified documents that he was likely to use in his case-in-chief in trial.  If such argument had any merit – and it does not – the production of Rule 16 materials ought to be relatively small as it should consist solely of document Archer anticipated using at trial.  But Archer's dumping of more 3.2 million pages of documents less than a month before trial makes clear that he has not undertaken any good faith effort to identify for the Government those documents he may offer at trial.  Instead, he attempts to elide his obligations buy burying any documents he may use in a morass of functionally unreviewable materials.  It is thus all the more important that Archer be held to his agreement to produce all exhibits one week before trial.