

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 5, 2018

**BY ECF**

The Honorable Ronnie Abrams
United States District Judge
40 Foley Square
New York, New York 10007

Re:     United States v. Jason Galanis, et al., S3 16 Cr. 371 (RA)

Dear Judge Abrams:

      The Government writes, in connection with its letter from earlier today (Dkt. No. 379), to request that the Court schedule a conference for tomorrow, April 6, 2018, at a time provided by the Court's chambers, either in person or telephonically, to address various possible implications of defendant Devon Archer's so-called Rule 16 production of March 30, 2018.

      The Government's letter from earlier today requested that the Court order Archer to provide the Government with a detailed index of his March 30 production of over 3 million pages.  Archer has not responded to that letter, nor has he responded to the Government's requests that he provide an index of the materials he produced on March 30.  Upon further consideration and internal discussions, the Government is concerned about any arguable *Brady* or *Giglio* obligation with respect to materials that it not only cannot review, but which are not functionally in its possession due to counsel for Archer's gamesmanship.

      As the Court is aware, Rule 16 requires a defendant to produce to the Government "item[s] within the defendant's possession, custody, or control" which "the defendant intends to use . . . in the defendant's case-in-chief at trial." Fed. R. Crim. P. 16(b).  Archer's decision to produce more than 3.2 million pages of documents only 30 days before trial flies in the face of the Court's intentions in ordering the defendants to comply with their Rule 16 discovery obligations one month before trial.   Archer's gamesmanship makes a mockery of the Court's order to comply with the rule and the rule itself.  The Government will not be party to such games-playing.  Notwithstanding that the Government is entitled to Rule 16 discovery from Archer, what Archer has produced—more than 3.2 million documents in an unusable format without an index or identification of producing party—is not that.  Therefore, the Government intends to send Archer's production back to him forthwith.  Having never reviewed or indeed been able to review such materials, such materials are not in the possession of the Government for *Brady* and *Giglio* purposes.  *See* August 3, 2017 Tr. at 13-14 (holding that the Government need not and may not review material for *Brady* once it is determined that the materials fall outside the scope of the search warrant, and are thus not in the "possession" of the Government).

Case 1:16-cr-00371-RA   Document 380   Filed 04/05/18   Page 2 of 2

Page 2

In light of the impending trial date, the Government respectfully believes that this issue should be addressed immediately.

Respectfully submitted,

ROBERT KHUZAMI
Attorney for the United States, Acting Under Authority Conferred by 28 U.S.C. § 515

by: _____/s/_____
Rebecca Mermelstein
Brendan F. Quigley
Negar Tekeei
Assistant United States Attorneys
(212) 637-2360 / 2190 /2482

cc: All defense counsel (by ECF)