**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

**MEMO ENDORSED**

April 8, 2018

<u>BY ECF</u>

```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_____
```

The Honorable Ronnie Abrams
United States District Judge
40 Foley Square
New York, NY 10007

    Re:    <u>United States v. John Galanis, et al.</u>,
             16 Cr. 371 (RA)

Dear Judge Abrams:

      The Government writes in response to the April 5, 2018 letters by defendant Devon Archer (the "Archer Letter") and by defendants Gary Hirst, Michelle Morton, John Galanis, and Bevan Cooney (the "Omnibus Letter").

      The Government will not further address Archer's preposterous suggestion that the production of more than three million pages of documents a month before trial (the "Archer Production") constituted his effort to "prioritize as intelligently as possible" the production of "all documents that he might seek to introduce at trial," (Archer Letter at 2), as the Court's order directing Archer to identify and produce "only those document he '*intends* to use [in his] case-in-chief at trial'" by April 12, 2018 has already soundly rejected that argument. (Order of April 6, 2018) (emphasis in the original) (citations omitted). The Government also emphatically disagrees with Archer's characterization of its production of Rule 16 material, exhibits and 3500 materials and notes that the Government produced its exhibits and 3500 material on March 19, 2018 and April 2, 2018, respectively, as agreed.

      The Government turns next to the request by the remaining defendants that the Government preserve a copy of Archer's Rule 16 production. As the Court is aware, the Government previously indicated that it intended to return Archer's Rule 16 production to him forthwith because the production was functionally unreviewable and thus not in the possession of the Government, as well as inconsistent with Archer's obligations under Rule 16. In their Omnibus Letter, the non-Archer defendants opposed the Government's return of that production to Archer.

      Because the Court Order's did not directly address this issue one way or another, the Government respectfully requests that the Court issue an order permitting the Government to return the Archer Production prior to the April 13, 2018 conference. These materials are not in the Government's possession in any true fashion and the Government believes that it should

Case 1:16-cr-00371-RA   Document 392   Filed 04/09/18   Page 2 of 2
Case 1:16-cr-00371-RA   Document 386   Filed 04/08/18   Page 2 of 2

Page 2

accordingly return them immediately. The defendants' citation to *Youngblood* v. *West Virginia* does not dictate otherwise. 547 U.S. 867 (2006). In that case a state trooper was shown exculpatory evidence in the form of a note written by the victims. The trooper read the note, comprehended its exculpatory nature, but then "declined to take possession of it and told the person who produced it to destroy it." *Id.* at 868. In contrast, in the present case, the Government has no reason to believe that the Archer Production contains exculpatory information. Nor has the Government taken steps to destroy such materials. Having never functionally taken possession of the Archer Production, and without any information about what it contains, the Government cannot be said to possess it. The Government thus seeks to return the production to Archer and seeks the Court's permission to do so.

To the extent to the Court wants to maintain the availability of the documents until the matter is more fully discussed in the next conference, the Government has no objection to an order directing Archer to preserve such materials upon their return to his counsel.

Respectfully submitted,

ROBERT KHUZAMI
Attorney for the United States, Acting Under
Authority Conferred by 28 U.S.C. § 515

By: /s/ Rebecca Mermelstein
Rebecca Mermelstein/Brendan F. Quigley/
Negar Tekeei
Assistant United States Attorneys
(212) 637-2360/2190/2482

---

Application granted. The government is permitted to return Mr. Archer's March 30th Rule 16 production. In light of the native file format in which Mr. Archer produced the 3.2 million pages and the government's decision to return the materials without examining them in any fashion, *Brady* does not require the government to undertake a review for information that may be exculpatory as to Mr. Archer's co-defendants. SO ORDERED.

Ronnie Abrams, U.S.D.J.
April 9, 2018