# SHER TREMONTE LLP

April 9, 2018

**BY EMAIL UNDER SEAL**

The Honorable Ronnie Abrams
United States District Judge
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *United States v. Galanis et al.*, 16-cr-371 (RA)

Dear Judge Abrams:

We write on behalf of our client, Gary Hirst, in opposition to the government's motion *in limine* submitted on April 2, 2018. Dkt. No. 370.[1] Specifically, the government moves to preclude ▮▮▮▮▮▮▮▮▮▮ and the specific prior acts of two testifying witnesses, ▮▮▮▮▮▮▮▮▮▮. For the reasons that follow, the Court should deny these requests. Because this letter addresses topics that the government filed under seal, we respectfully request that it be filed under seal.

I. ▮▮▮▮▮▮▮▮▮▮

The government argues that while Jason's prior conviction in the Gerova case is admissible, as is his SEC bar, the defendants may not elicit information related to ▮▮▮▮▮▮▮▮▮▮. As with its approach to other Rule 404(b) evidence in this case, the government wants to have it both ways: seeking admission of prior bad acts of Jason that will help it secure convictions in this case but precluding prior bad acts that might undermine its trial narrative or provide the jury with information that the government finds difficult or

---

[1] On March 28, 2018, defendants requested an extension to file their affirmative motions *in limine*. Dkt. 361. On March 30, 2018, the Court granted that extension, permitting defendants to file their affirmative motions in limine by April 11, 2018. Therefore, this motion only addresses Mr. Hirst's opposition to the government's affirmative motions *in limine*. Mr. Hirst's affirmative motions *in limine* will be filed on or before April 11.

embarrassing to explain. The Court should apply the Rules of Evidence consistently and, if the Gerova arrests and convictions are admitted, also admit ███████████ ███████████████.

As the government correctly points out, "the standard of admissibility when a criminal defendant offers similar acts evidence as a shield need not be as restrictive as when a prosecutor uses such evidence as a sword." *United States v. Aboumoussallem*, 726 F.2d 906, 911 (2d Cir. 1984). This is because "risks of prejudice are normally absent when the defendant offers similar acts evidence of a third party to prove some fact pertinent to the defense." *Id*. Thus, the only question that remains is whether the evidence "is relevant to the existence or non-existence of some fact pertinent to the defense." *Id*. at 912. The relevance standard is, of course, a liberal one, namely if the fact "has any tendency to make a fact more or less probable" and "is of consequence in determining the action." Fed. R. Evid. 401. Here, if the government is permitted to introduce the Gerova arrests and convictions to show a past "relationship of trust" between Jason and Mr. Hirst or to establish Mr. Hirst's knowledge and intent with respect to the charged crimes, ████████████████████████████████████ ██████████████████████████████████.[2]

███████████████████████████████████████████
███████████████████████████████████████████
████████████████████████████████████
█████████████████████████████████████
███████████████████████████████████████████
█████████████████████████████████████
██████████████████████████████████████
████████████████████████████████████████
█████████████████████████████████████████
████████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████

█████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
██████████████████████████████████████████
███████████████████████████████████████████

---

[2] As set forth in our opposition to the government's motion to admit evidence pursuant to Rule 404(b), the Gerova conduct is *not* admissible for those purposes, and, to the extent it is admissible to show knowledge and intent, the government may only introduce the Gerova conduct if Mr. Hirst puts those issues in dispute. *See* Hirst Letter, dated Mar. 23, 2018, ECF No. 351.

Hon. Ronnie Abrams
April 9, 2018
Page 3 of 5

███████████████████████████████████████████
███████████████████████████████████████████
██████████████████████████████████
███████████████████████████████
███████████████████████████████████
████████████████████████████████
██████████████████████████████████
███████████████████████████████████
███████████████████████████████
██████████████████████████████████
███████████████████████████████████
████████████████████████████████████
████████████████████████████
███████████

     ████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
██████████████████████████████████
████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
██████████████████████████████████████
██████████████████████████████[3]

     ██████████████████████████████████
████████████████████████████████████
████████████████████████████████████
███████████████████████████████████████
█████████████████████████████████
████████████████████████████████████
█████████████████████████████████████

---

[3] It is important to note that the jury in the Gerova case was instructed on a conscious avoidance theory; thus, the fact that the jury returned a conviction does not necessarily mean that a finding was made as to Mr. Hirst's knowledge of any fraudulent scheme. The absence of such a finding makes it even more important that, if the government is permitted to introduce the Gerova conviction against Mr. Hirst in this case, he be able to explain the context, ████████████████████████████████████ ██████

Hon. Ronnie Abrams
April 9, 2018
Page 4 of 5

█████████. The government's statement that it does not object to the defense citing the Gerova conduct to argue that Jason was a fraudster is cold comfort to Mr. Hirst, since the government will easily parry such an argument by waving the judgment of conviction before the jury. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.

Finally, the government's Rule 403 argument regarding Jason's prior bad acts should be summarily dismissed. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. That is not the kind of improper prejudice that would overcome the highly probative nature of this evidence. The other issues – potential jury confusion and a trial within a trial – are problems of the government's own making if it presents the Gerova conduct. The government must choose: if it wishes to introduce Jason's prior bad acts, all such acts are admissible. The Could should therefore deny the government's motion with respect to Jason's prior bad acts.

II.     ████████████████████████████████████████████████████████████████████████████

The government also argues that the defendants should be precluded from cross-examining two witnesses (the "Witnesses")[4] on ████████████████████████████████████████████████████████████████████. *See* Gov't Mem. of Law at 12-14. Yet again, the government wants to have it both ways: use the Witnesses' criminal wrongdoing to establish the guilt of the defendants but improperly restrict cross-examination to prevent such wrongdoing to be used to impeach the Witnesses' credibility. This is not a close question: if the government chooses to put on its case through the testimony of criminals, their criminal past is fair game to the extent it bears on their credibility as witnesses. Here, cross-examination on both issues should be permitted.

It is well established that Federal Rule of Evidence 608(b) expressly permits a cross-examiner to inquire into "specific instances of the conduct of a witness" if the conduct is "probative of truthfulness or untruthfulness . . . of the witness." Fed. R. Evid. 608(b). Courts in this Circuit have permitted cross-examination on failure to pay legal obligations, including a witness's failure to pay income taxes. *See Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 553 (E.D.N.Y. 2011) (permitting cross-examination of a witness on his failure to pay taxes because such questions were "probative of his character for truthfulness"). ████████████████████████████████████████████

---

[4] ████████████████████████████████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
██████████████

████████████████████████████████████████████████████████████████
███████████████████████████████████████████████ Thus, the jury must be permitted to consider Witness 1's "possible motives for testifying falsely and in favor of the government," including any and all agreements between th[is] Witness[] and the government to the extent that the Witness[], in exchange for testifying in this case, will not be held liable for these past crimes." *United States v. Devery*, 935 F. Supp. 393, 408 (S.D.N.Y. 1996).

████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
██████████████

                                                Respectfully submitted,

                                                /s/_____
                                                Michael Tremonte
                                                Noam Biale
                                                Emma Spiro
                                                SHER TREMONTE LLP

                                                /s/_____
                                                Barry Levin, Esq.

cc:       All Counsel (by email)

---

5 ████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
█████████████████████████