1

G7kdgalp
                              Plea

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA,              New York, N.Y.

4              v.                           15 Cr. 0643 (PKC)

5    JOHN GALANIS,

6                    Defendant.

7    ------------------------------x

8
                                           July 20, 2016
9                                          11:35 a.m.

10
     Before:
11
                         HON. SARAH NETBURN,
12
                                           Magistrate Judge
13

14                            APPEARANCES

15   PREET BHARARA
          United States Attorney for the
16        Southern District of New York
     BY:  AIMEE HECTOR
17        REBECCA MERMELSTEIN
          BRIAN BLAIS
18             Assistant United States Attorneys

19   DAVID TOUGER
          Attorney for Defendant
20

21

22

23

24

25

                   SOUTHERN DISTRICT REPORTERS, P.C.
                          (212) 805-0300

G7kdgalp
                              Plea

1           THE CLERK:  In the matter of United States against

2    John Galanis.

3           Counsel, please state your name for the record.

4           MS. HECTOR:  Good morning, your Honor.  Aimee Hector,

5    Rebecca Mermelstein and Brian Blais for the government.

6           MR. BLAIS:  Good morning, your Honor.

7           THE COURT:  Good morning.

8           MR. TOUGER:  Good morning, your Honor.  David Touger,

9    T-o-u-g-e-r, for Mr. Galanis.

10          THE COURT:  Good morning.

11          Good morning, Mr. Galanis.

12          THE DEFENDANT:  Good morning, your Honor.

13          THE COURT:  My name is Judge Netburn.

14          Sir, I have before me a Consent to Proceed Before a

15   United States Magistrate Judge on a Felony Plea Allocution that

16   you have signed.  What this form says is that knowing you have

17   the right to have this plea taken by a United States district

18   judge, you are agreeing instead to have this plea taken by me,

19   a United States magistrate judge.  Is that correct?

20          THE DEFENDANT:  That is correct, your Honor.

21          THE COURT:  Before you signed this form, did your

22   lawyer explain it to you?

23          THE DEFENDANT:  Yes, he did.

24          THE COURT:  It is accepted.

25          Is the defendant charged in all counts in the

G7kdgalp
                           Plea

1   Indictment or just Counts One and Two?

2          MS. HECTOR:  No, your Honor.  Counts One and Two.  Oh,

3   he is charged in additional counts but he is pleading to Counts

4   One and Two.

5          THE COURT:  All right.  I know he is pleading, but he

6   is charged in all of the counts?

7          MS. HECTOR:  Not all of the counts, and I could

8   describe for your Honor -- one moment.  One, Two, Three and

9   Four, but he is pleading to One and Two.

10          THE COURT:  Correct.  OK.  Sir, I have before me a

11   multi-count Indictment.  I understand that you are charged in

12   Counts One, Two, Three and Four of the Indictment and that you

13   are here in connection with Counts One and Two of the

14   Indictment.

15          Count One charges you with conspiracy to commit

16   securities fraud from at least 2009 through 2011, in violation

17   of Title 18 of the United States Code, Section 371.

18          Count Two charges you with securities fraud, the

19   substantive act of securities fraud, from the same period, 2009

20   through 2011, in violation of Title 15 of the United States

21   Code, Section 78j(b) and 78ff, and Title 17, Code of Federal

22   Regulations, Section 240.10b-5, and Title 18 of the United

23   States Code, Section 2.

24          I understand that in connection with Counts One and

25   Two, you wish to change your plea and enter a plea of guilty as

4

G7kdgalp
                              Plea
1   to those charges; is that correct?

2              THE DEFENDANT:  I do, your Honor.

3              THE COURT:  Before deciding whether to accept your

4   guilty plea, I'm going to ask you certain questions.  It's very

5   important that you answer these questions honestly and

6   completely.  The purpose of these proceedings is to make sure

7   that you understand your rights, to decide whether you are

8   pleading guilty of your own free will, and to make sure that

9   you are pleading guilty because you are guilty and not for some

10  other reason.

11             Do you understand what I am saying?

12             THE DEFENDANT:  I do, your Honor.

13             THE COURT:  If at any point in time you don't

14  understand my questions or if you want an opportunity to speak

15  with your lawyer, please says so because it is important that

16  you understand every question before you answer.  Will you do

17  that?

18             THE DEFENDANT:  Thank you, your Honor.  Yes.

19             THE COURT:  Mr. Mendieta, will you swear in the

20  defendant, please.

21             THE CLERK:  Please stand and raise your right hand.

22             (The defendant was sworn)

23             THE CLERK:  Thank you.

24             THE COURT:  Thank you, sir.

25             THE DEFENDANT:  Thank you.

G7kdgalp
                            Plea

1              THE COURT:  You may be seated.

2              Sir, can I have your full name?

3              THE DEFENDANT:  John Peter Galanis.

4              THE COURT:  And how old are you?

5              THE DEFENDANT:  I'm 73 years old.

6              THE COURT:  Are you a United States citizen?

7              THE DEFENDANT:  Yes, I am a U.S. citizen.

8              THE COURT:  How far have you gone in school, sir?

9              THE DEFENDANT:  In school?

10             THE COURT:  Did you complete college?

11             THE DEFENDANT:  I completed college.  I went to a year

12    of law school and I also did some graduate finance work.

13             THE COURT:  Are you currently or have you recently

14    been under the care of a doctor or a psychiatrist for any

15    reason?

16             THE DEFENDANT:  I have been under the care of various

17    doctors but for essentially physical ailments.

18             THE COURT:  OK.

19             THE DEFENDANT:  No psychiatric.

20             THE COURT:  OK.  Nothing that would affect your

21    ability to answer my questions honestly and completely?

22             THE DEFENDANT:  No, your Honor.

23             THE COURT:  Have you taken any mind-altering drugs,

24    medicine or pills or consumed any alcohol in the last 24 hours?

25             THE DEFENDANT:  I have not, your Honor.

```
G7kdgalp
```
                              Plea

1            THE COURT:  Is your mind clear today?

2            (Pause)

3            Is your mind clear today?

4            THE DEFENDANT:  It is.

5            THE COURT:  Do you understand what's happening in

6     these proceedings?

7            THE DEFENDANT:  I do.

8            THE COURT:  Does either counsel have any objection to

9     the defendant's competence to enter a guilty plea at this time?

10           MS. HECTOR:  No, your Honor.

11           MR. TOUGER:  No, your Honor.

12           THE COURT:  Sir, have you received a copy of the

13    written version of the charges against you in this case, known

14    as the Indictment?

15           THE DEFENDANT:  I have, your Honor.

16           THE COURT:  And have you read it?

17           THE DEFENDANT:  I have, your Honor.

18           THE COURT:  You understand what it says?

19           THE DEFENDANT:  I do.

20           THE COURT:  As I mentioned earlier, you have been

21    charged, at least with respect to the counts that you intend to

22    change your plea, in Count One for conspiracy to commit

23    securities fraud and Count Two for the act of securities fraud.

24    Do you understand that?

25           THE DEFENDANT:  I do, your Honor.

G7kdgalp
                              Plea
 1          THE COURT:  Do you want me to read the Indictment to
 2   you in open court?
 3          THE DEFENDANT:  No, your Honor.  I waive the reading
 4   of the Indictment.
 5          THE COURT:  Thank you.
 6          Have you had time to talk to your attorney about these
 7   charges and about how you wish to plead?
 8          THE DEFENDANT:  I have, your Honor.
 9          THE COURT:  Has he told you the consequences of
10   pleading guilty?
11          (Pause)
12          Has he told you the consequences of pleading guilty?
13          THE DEFENDANT:  He has.
14          THE COURT:  Are you satisfied with your attorney's
15   representation of you?
16          THE DEFENDANT:  I am very satisfied.
17          THE COURT:  Sir, I'm now going to explain certain
18   constitutional rights that you have.  These are rights that you
19   will be giving up if you enter a guilty plea.  Please listen
20   carefully to what I am about to say, and if you don't
21   understand something, please stop me and your attorney or I
22   will explain the issue more fully.
23          Under the Constitution and the laws of the United
24   States, you have the right to plead not guilty to the charges
25   contained in this Indictment.  Do you understand that?

G7kdgalp
                              Plea

1        THE DEFENDANT:  I do, your Honor.

2        THE COURT:  If you pled not guilty, you would be

3    entitled under the Constitution to a speedy and public trial by

4    a jury of those charges.  At that trial you would be presumed

5    innocent, and the government would be required to prove you

6    guilty beyond a reasonable doubt before you could be found

7    guilty.  That means that you would not have to prove that you

8    are innocent, and you would not be convicted unless a jury of

9    12 people agreed unanimously that you are guilty beyond a

10   reasonable doubt.  Do you understand that?

11       THE DEFENDANT:  I do, your Honor.

12       THE COURT:  If you decide to go to trial, at that

13   trial and at every stage of your case you would have the right

14   to be represented by an attorney, and if you cannot afford one,

15   one would be appointed to represent you at the government's

16   expense and at no cost to you.  Having retained counsel, if you

17   run out of money, an attorney would be appointed to continue to

18   represent you.  When an attorney is appointed, that attorney is

19   appointed to handle your case all the way through trial and not

20   just for a guilty plea, so your decision to plead guilty here

21   today should not depend on whether you can afford to hire an

22   attorney.  Do you understand that?

23       THE DEFENDANT:  I do, your Honor.

24       THE COURT:  During a trial, the witnesses for the

25   prosecution would have to come to court and testify in your

G7kdgalp
                              Plea
1    presence where you could see and hear them and your lawyer

2    could cross-examine those witnesses, and if you wanted, your

3    lawyer could offer evidence on your behalf.  You would be able

4    to use the Court's power to compel witnesses to come to court

5    and testify in your defense even if they did not want to come.

6               Do you understand that?

7               THE DEFENDANT:  I do, your Honor.

8               THE COURT:  At a trial, you would have the right to

9    testify in your own defense if you wanted to, but you would

10   also have the right not to testify, and if you chose not to

11   testify, that could not be used against you in any way.  No

12   inference or suggestion of guilt could be made from the fact

13   that you did not testify.

14              Do you understand that?

15              THE DEFENDANT:  I do, your Honor.

16              THE COURT:  If you were convicted at trial, you would

17   have the right to appeal that verdict to a higher court.  Do

18   you understand that?

19              THE DEFENDANT:  I do, your Honor.

20              THE COURT:  And as I said before, you have the right

21   to plead not guilty.  Even right now, even as you sit here

22   today for the purposes of entering a guilty plea, you have the

23   right to change your mind, persist in your not guilty plea, and

24   proceed to trial.  But if you do plead guilty and I accept your

25   plea, there will be no trial and you will give up all of the

G7kdgalp
                              Plea

1    rights that I have just described.  All that will remain to be

2    done will be to impose a sentence.  You and the government will

3    have a chance to make arguments about what that sentence should

4    be, but there will not be any further trial to determine

5    whether you are guilty or not guilty of the charges to which

6    you pled guilty.

7              Do you understand that?

8              THE DEFENDANT:  I do, your Honor.

9              THE COURT:  Do you understand that the decision as to

10   the appropriate sentence in your case will be entirely up to

11   the sentencing judge and that that judge will be limited only

12   by what the law requires.  This means that even if you are

13   surprised or disappointed by your sentence, you will still be

14   bound by your guilty plea.  Do you understand that?

15             THE DEFENDANT:  I do, your Honor.

16             THE COURT:  Finally, if you do plead guilty, you are

17   also giving up your right not to incriminate yourself, and I

18   will ask you questions about what you did in order to satisfy

19   myself that you are actually guilty.  By pleading guilty you

20   will be admitting the factual as well as legal guilt.  Do you

21   understand that?

22             THE DEFENDANT:  I do.

23             THE COURT:  You said earlier that you've read the

24   Indictment containing the charges against you and you

25   understand that you have been charged with conspiracy to commit

G7kdgalp
                              Plea
1   securities fraud as well as securities fraud.  I am now going
2   to ask the Assistant United States Attorney to state the
3   elements of those charges.  The elements are the things that
4   the government would have to prove beyond a reasonable doubt
5   were the case to proceed to trial.

6          Please.

7          MS. HECTOR:  Thank you.

8          With respect to Count One, the government must prove
9   beyond a reasonable doubt the following element:  First, the
10  existence of the conspiracy, that is, the existence of an
11  agreement or understanding to commit the unlawful object of the
12  charged conspiracy, which in this case is securities fraud;
13  second, that the defendant willfully and knowingly became a
14  member of the conspiracy with the intent to further its illegal
15  purposes; and, third, that any one of the conspirator knowingly
16  committed at least one overt act in the Southern District of
17  New York in furtherance of the conspiracy during the life of
18  the conspiracy.

19         With respect to Count Two, the substantive securities
20  fraud, the government must prove each of the following elements
21  beyond a reasonable doubt:  First, that in connection with the
22  purchase or sale of stock or shares in a company, the defendant
23  did any one of or more of the following:  One, employed a
24  device, scheme or artifice to defraud; two, made an untrue
25  statement of a material fact, or omitted to state a material

G7kdgalp
                            Plea

1   fact which made what was said under the circumstances

2   misleading; or, three, engaged in any act, practice, or course

3   of business that operated or would operate as a fraud or deceit

4   upon a purchaser or seller; second, that the defendant acted

5   knowingly, willfully, and with the intent to defraud; and,

6   third, that the defendant used or caused to be used any means

7   or instruments of transportation or communication in interstate

8   commerce or the use of the mails in furtherance of the

9   fraudulent conduct.

10              THE COURT:  Thank you.

11              Sir, I am now going to tell you the maximum possible

12  penalties for these crimes.  The maximum means the most that

13  could possibly be imposed.  It does not necessarily mean this

14  is what you will receive, but you have to understand that by

15  pleading guilty here today you are exposing yourself to any

16  combination of punishments up to the maximum that I am about to

17  describe.

18              Do you understand that?

19              THE DEFENDANT:  I do, your Honor.

20              THE COURT:  With respect to Count One, it carries a

21  maximum term of imprisonment of five years and a maximum term

22  of supervised release of three years.  With respect to Count

23  Two, it carries a maximum term of imprisonment of 20 years

24  followed by a maximum term of supervised release of three

25  years.  This means that if those two charges were to run

G7kdgalp
Plea

1    consecutively, you would face a potential prison term of 25

2    years.

3         Let me advise you about supervised release.

4    Supervised release means that if you are sentenced to prison

5    and thereafter released from prison, you may be subject to

6    supervision by the Probation Department.  You should understand

7    that if you are placed on supervised release and thereafter

8    violate any of the terms or conditions of that release, the

9    district judge that imposed your sentence may revoke the term

10   of supervised release that had been previously imposed and may

11   return you to prison without giving you any credit for the time

12   spent on post-release supervision.

13         Do you understand that?

14         THE DEFENDANT:  I do, your Honor.

15         THE COURT:  Second, in addition to these restrictions

16   on your liberty, the maximum possible punishment also includes

17   certain financial penalties.

18         With respect to Count One, the maximum allowable fine

19   is the greatest of $250,000 or twice what was made by the

20   criminal activity or twice what was lost by someone other than

21   yourself because of the criminal activity.  In connection with

22   Count Two, the maximum allowable fine is the greatest of

23   $5 million or twice what was made by the criminal activity or

24   twice what someone other than yourself lost because of the

25   criminal activity.  In addition, there is a mandatory minimum

G7kdgalp
                          Plea

1    fine, or special assessment, that must be imposed for each

2    count of conviction in the amount of $100, which means that for

3    both counts there will be a $200 special assessment, or

4    mandatory fine, associated with the convictions.

5              Sir, has anyone threatened you or coerced you in any

6    way to get you to plead guilty?

7              THE DEFENDANT:  No, they have not, your Honor.

8              THE COURT:  Has anyone other than the prosecution

9    promised you or offered you anything to get you to plead

10   guilty?

11             THE DEFENDANT:  No, your Honor.

12             THE COURT:  I understand that there is a plea

13   agreement between you and the government in this case, is that

14   correct?

15             THE DEFENDANT:  That is correct, your Honor.

16             THE COURT:  Did you have an opportunity to read this

17   agreement before you signed it?

18             THE DEFENDANT:  I did read it, yes, your Honor.

19             THE COURT:  You understand its terms?

20             THE DEFENDANT:  I do.

21             THE COURT:  Did you have an opportunity to speak about

22   this agreement with your lawyer before signing it?

23             THE DEFENDANT:  I did, your Honor.

24             THE COURT:  It appears that you and the government

25   have agreed about the appropriate calculation of your sentence

G7kdgalp
                              Plea

1    under the Sentencing Guidelines; is that correct?

2              THE DEFENDANT:  That is correct, your Honor.

3              THE COURT:  And in this agreement you have stipulated

4    to a guidelines' range of between 97 to 121 months'

5    imprisonment; is that correct?

6              THE DEFENDANT:  Yes, your Honor.

7              THE COURT:  In addition, you have agreed that the

8    appropriate fine range in this case is between $30,000 and

9    $300,000; is that correct?

10             THE DEFENDANT:  It is, your Honor.

11             THE COURT:  You understand that in this agreement

12   neither you nor the government is allowed to argue to the

13   sentencing judge for a calculation that is different than the

14   one in this agreement; do you understand that?

15             THE DEFENDANT:  Yes, I do, your Honor.

16             THE COURT:  However, the agreement allows for either

17   party to seek a sentence that is outside of this stipulated

18   guidelines' range based on the sentencing factors which are

19   found in our sentencing statute, which is located at Title 18

20   of the United States Code, Section 3553(a).  Do you understand

21   that?

22             THE DEFENDANT:  I do, your Honor.

23             THE COURT:  In this agreement you admitted to the

24   forfeiture allegation with respect to Counts One and Two in the

25   Indictment and agreed to forfeit a sum of money to the United

G7kdgalp
                              Plea

 1   States in the sum equal to $19,038,650.53.  Do you understand

 2   that?

 3              THE DEFENDANT:  I do, your Honor.

 4              THE COURT:  And you have agreed to the entry of the

 5   Consent Order of Forfeiture which was attached to the plea

 6   agreement.  Do you understand that?

 7              THE DEFENDANT:  Yes, I do, your Honor.

 8              THE COURT:  And you further agree that that order

 9   shall be final once it is ordered by the Court; do you

10   understand that?

11              THE DEFENDANT:  Yes, I do, your Honor.

12              THE COURT:  In addition, you have agreed to make

13   restitution in an amount ordered by the Court; do you

14   understand that?

15              THE DEFENDANT:  I do, your Honor.

16              THE COURT:  In this agreement you have also limited in

17   certain respects your ability to appeal from your conviction

18   and sentence.  Are you aware of that?

19              THE DEFENDANT:  Yes, your Honor.

20              THE COURT:  OK.  Specifically, you've agreed that you

21   will not file a direct appeal or bring a collateral challenge,

22   often called a habeas motion, or seek a sentence modification

23   so long as your sentence is within or below the stipulated

24   guidelines' range of 97 to 121 months' imprisonment.  Do you

25   understand that?

G7kdgalp
                           Plea

1          THE DEFENDANT:  I do, your Honor.

2          THE COURT:  In addition, you have agreed that you will

3   not appeal any term of supervised release that is less than or

4   equal to the statutory maximum of three years and that you will

5   not appeal any fine amount that is less than or equal to

6   $300,000.  Do you understand that?

7          THE DEFENDANT:  I do, your Honor.

8          THE COURT:  You further agree that you will not appeal

9   the forfeiture amount so long as it is less than or equal to

10  $19,038,650.53.  Do you understand all of that?

11         THE DEFENDANT:  I do, your Honor.

12         THE COURT:  The most important thing for you to

13  understand is that this plea agreement is not binding on the

14  sentencing judge and that judge may reject the recommendations

15  or the calculations that are set forth in this agreement and

16  may impose a more severe sentence without allowing you to

17  withdraw your guilty plea.  Do you understand that?

18         THE DEFENDANT:  I do, your Honor.

19         THE COURT:  The sentencing judge is required to make

20  his own independent calculation under the Sentencing Guidelines

21  and then to impose a sentence based on what he believes is the

22  appropriate sentence for you even if that sentence is different

23  from the one in this agreement.  Do you understand that?

24         THE DEFENDANT:  I do.

25         THE COURT:  In determining that sentence, the Court

G7kdgalp
Plea

1  will consider, in addition to the guidelines and possible

2  departures from those guidelines, all of the factors that are

3  set forth in the sentencings statute that I mentioned earlier,

4  which, again, is found at Title 18 of the United States Code,

5  Section 3553(a).  Do you understand that?

6           THE DEFENDANT:  I do, your Honor.

7           THE COURT:  In addition, the Court will consider the

8  presentence report, which is prepared by the Probation

9  Department in advance of your sentencing.  Before you are

10  sentenced, you and the government will have an opportunity to

11  challenge the facts that are reported by the Probation

12  Department.  Do you understand that?

13           THE DEFENDANT:  I do, your Honor.

14           THE COURT:  Sir, now that you have been advised of the

15  charges against you, the possible penalties that you face, and

16  the rights that you are giving up, is it still your intention

17  to plead guilty to Counts One and Two of the Indictment?

18           THE DEFENDANT:  It is, your Honor.

19           THE COURT:  So with respect --

20           MS. HECTOR:  Your Honor, I'm sorry.  May I just

21  interrupt for one second and just ask Mr. Touger something?

22           (Pause)

23           Your Honor, if I could just -- for the record, I just

24  noticed that the fine range is actually incorrect because it

25  should be 30,000 to 5 million instead of 300,000, because Count

G7kdgalp
                              Plea

1    Two allows for a fine up to $5 million.  I just alerted

2    Mr. Touger to that.  It appears on page 3.

3              THE COURT:  Right.  I noticed.

4              MS. HECTOR:  And also on page 5 in the appeal waiver.

5    I apologize for that.  We have just initialed that change.

6              THE COURT:  I have the original here.

7              MS. HECTOR:  And we should do so on the original, and

8    I just wanted to sort of clarify for that and allow Mr. Touger

9    to talk to his client before his client enters a plea pursuant

10   to the plea agreement.

11             MR. TOUGER:  We just got this, your Honor, and we

12   realized the error.

13             THE COURT:  OK.

14             MR. TOUGER:  That won't change our --

15             THE COURT:  Do you need any more time?

16             MR. TOUGER:  No.

17             (Pause)

18             We are ready to proceed, your Honor.

19             THE COURT:  Great.

20             Mr. Galanis, let me just make sure that you understand

21   what just happened.

22             In the plea agreement it indicated that the possible

23   maximum penalty with respect to Count Two was potentially $5

24   million, and I told you that when I was telling you about the

25   possible maximum penalties you could face.  The plea agreement

G7kdgalp
                            Plea

1   incorrectly stated that the stipulated guidelines' range for

2   the fine was only 30,000 to 300,000 when in fact it should have

3   been 30,000 to $5 million.

4           Do you understand that?

5           THE DEFENDANT:  I do, your Honor.

6           THE COURT:  OK.  And so because that's the stipulated

7   fine range, you have agreed to forfeit any ability to appeal

8   from a fine that is less than or equal to $5 million; do you

9   understand that?

10          THE DEFENDANT:  I do, your Honor.

11          THE COURT:  Now that we've clarified that and you have

12  heard about all of the penalties that you face, the charges

13  against you, and the rights you are giving up, let me confirm

14  again it is your intention to plead guilty to Counts One and

15  Two of the Indictment?

16          THE DEFENDANT:  It is, your Honor.

17          THE COURT:  OK.  With respect to Count One of the

18  Indictment, how do you plead?

19          THE DEFENDANT:  I plead guilty, your Honor.

20          THE COURT:  And with respect to Count Two of the

21  Indictment, how do you plead?

22          THE DEFENDANT:  I plead guilty, your Honor.

23          THE COURT:  OK.  Can you tell me in your own words

24  what you did to make you believe you are guilty of those

25  charges?

G7kdgalp
                              Plea

1     THE DEFENDANT:  Your Honor, would you mind, with your

2   leave, I not stand up?  It is a little difficult for me to

3   stand.

4     THE COURT:  That is quite all right.  Absolutely.

5   Thank you.

6     THE DEFENDANT:  I, John Galanis, along with others,

7   conspired to commit securities fraud in or about 2009 to in or

8   about 2011 in that I and others openly managed brokerage

9   accounts of an individual and effected the sale of Gerova stock

10   and received and concealed proceeds derived therefrom knowing

11   that this activity was designed to conceal from the investing

12   public the true ownership and control of that Gerova stock.

13     I, along with others, willingly and knowingly,

14   directly and indirectly, by means and use of instrumentalities

15   of interstate commerce and the mails and other facilities of

16   the National Securities Exchange, would and did use and employ

17   manipulative and deceptive devices and contrivances in

18   connection with the purchase and sale of securities, in

19   violation of Title 17, Code of Federal Regulations, Section

20   240.10b-5 by employing devices, schemes, and artifices to

21   defraud and making untrue statements of material fact and

22   omitting to state material facts necessary in order to make the

23   statements made in light of the circumstances under which they

24   were made not misleading, and I and others engaged in acts,

25   practices, and courses of business which operated and would

G7kdgalp
                          Plea

1    have operated as a fraud and deceit upon persons.

2            THE COURT:  Thank you, sir.  I appreciate that you

3    just read something that reads like a lawyer's statement.  So I

4    just want to confirm that you understand what you just read?

5            THE DEFENDANT:  I do, your Honor.

6            THE COURT:  And I appreciate that those were probably

7    your lawyer's words.  Do you agree and adopt everything that

8    you just read?

9            THE DEFENDANT:  I do.  I understand the meaning of

10   that language, your Honor, and that's why I read it, because it

11   fully and accurately describes my activity.

12           THE COURT:  OK.  Anything else that you would like to

13   add in your own words?

14           THE DEFENDANT:  Not at this time, your Honor.  No.

15           THE COURT:  Did you know that what you were doing was

16   illegal?

17           THE DEFENDANT:  I'm sorry, your Honor.

18           THE COURT:  Did you know that what you were doing at

19   the time was illegal?

20           THE DEFENDANT:  Yes, I did, your Honor.

21           THE COURT:  Any other questions you would like me to

22   ask, Ms. Hector?

23           MS. HECTOR:  No, your Honor.

24           I would just proffer that at certain times relevant to

25   during the course of this conspiracy, the trades of the Gerova

G7kdgalp
                              Plea

1   shares were executed on exchanges located in the Southern

2   District of New York and, in addition, that this defendant

3   caused at least some of the proceeds from the sale of those

4   shares to be wired to a bank account located in New York, New

5   York.

6         THE COURT:  Does the government represent that it has

7   sufficient evidence to prove the defendant guilty beyond a

8   reasonable doubt at trial?

9         MS. HECTOR:  Yes, your Honor, and the government would

10  do so through witness testimony, documentary evidence,

11  including emails, correspondence, business records, bank

12  records and trading records.

13        THE COURT:  Do you believe you have a sufficient

14  allocution for the guilty pleas?

15        MS. HECTOR:  Yes, we do, your Honor.

16        THE COURT:  Thank you.

17         Sir, on the basis of your responses to my questions

18  and my observation of your demeanor, I find that you are

19  competent to enter a guilty plea.  I'm satisfied that you

20  understand your rights, including your right to go to trial,

21  you are aware of the consequences of your plea, including the

22  sentence that may be imposed, that you are voluntarily pleading

23  guilty, and that you admitted that you are guilty as charged in

24  Counts One and Two of the Indictment.  For these reasons, I

25  will recommend that District Judge Castel accept your plea of

G7kdgalp
                              Plea

1    guilty as to Counts One and Two of the Indictment.

2              And I assume the government will order a copy of the

3    transcript so that Judge Castel may act on my recommendation?

4              MS. HECTOR:  Yes, your Honor, and I will also just

5    note for the record the defendant has obviously agreed to the

6    forfeiture allegations.  We have obtained the defendant's

7    signature on a Consent Preliminary Order of Forfeiture

8    Judgment, which we will provide to Judge Castel for his

9    signature in connection with -- in addition to sending him the

10   transcript of these proceedings.

11             THE COURT:  Has he set a sentencing date yet?

12             MS. HECTOR:  Yes, your Honor, he has.  December 2nd at

13   11a.m.

14             THE COURT:  OK.  And I will direct that a presentence

15   report be prepared.

16             Can you deliver the case summary to Probation in the

17   next 14 days?

18             MS. HECTOR:  Yes, your Honor.

19             THE COURT:  Counsel, can you and your client be

20   available in the next 14 days to be interviewed by Probation?

21             MR. TOUGER:  Yes, we will set it up with Probation,

22   your Honor.

23             THE COURT:  Thank you.

24             Any objection to continuing the present bail?

25             MS. HECTOR:  No, your Honor.

G7kdgalp
                         Plea

 1          THE COURT:  Sir, let me remind you that all of the

 2   conditions on which you are released up to now continue to

 3   apply and a violation of those conditions can have very serious

 4   consequences, including revocation of bail and prosecution for

 5   bail-jumping.  Do you understand that?

 6          THE DEFENDANT:  Yes, your Honor.

 7          THE COURT:  Also, if you commit any crime while you `

 8   are released on bail, that may lead to a more severe punishment

 9   than you would get for committing the same crime at any other

10   time.  Of course, if you commit a crime or violate the plea

11   agreement with the government in any way, you will be subject

12   to revocation by the government of your plea agreement, with

13   all of the consequences that are described in the agreement.

14          anything further from either side?

15          MS. HECTOR:  No, your Honor.

16          MR. TOUGER:  No, your Honor.

17          THE COURT:  Thank you.

18          MS. HECTOR:  Thank you.

19

20                              -   -   -

21

22

23

24

25