# SHER TREMONTE LLP

April 23, 2018

**BY ECF**

The Honorable Ronnie Abrams
United States District Judge
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

     Re: *United States v. Galanis et al.*, 16-cr-371 (RA)

Dear Judge Abrams:

  We write on behalf of our client, Gary Hirst, in response to the government's letter, filed April 19, 2018, ECF No. 417, seeking to relitigate the Court's 404(b) ruling with respect to Mr. Hirst's arrest and conviction in the Gerova matter (the "Gerova case"). We respectfully request that the Court strike the portion of the government's letter that relates to Mr. Hirst.

  On April 13, 2018, after full briefing by both sides, the Court excluded the introduction of the Gerova case against Mr. Hirst and John Galanis because it was "too prejudicial." Tr. of Hr'g dated Apr. 13, 2018 at 27:24, attached as Exhibit A. The government sought leave to respond to a sur-reply filed by John Galanis "that we didn't get a chance to respond to." *Id.* at 26:18. The Court granted leave "to submit a letter if you didn't have a chance to respond before," *id.* at 27:24-25, but explained, "that is my ruling." *Id.* at 28:1.

  The government's letter, however, goes well beyond responding to the arguments made in John Galanis's sur-reply and instead takes a "second bite at the apple" as to Mr. Hirst, *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998), reiterating precisely the same arguments it made in first moving to admit the Gerova case against him as 404(b) or direct evidence and then in its reply to Mr. Hirst's opposition to the admission of such evidence. Because the admissibility of the Gerova case as it relates to Mr. Hirst was fully and exhaustively briefed when the Court made its ruling, and Your Honor did not authorize further motion papers on that issue, the Court should strike that portion of the government's letter that relates to Mr. Hirst. *See Kapiti v. Kelly*, No. 07-CV-3782 (RMB)(KNF), 2008 WL 754686, at *1 n.1 (S.D.N.Y. Mar. 12, 2008) ("[T]he decision to permit a litigant to submit a surreply is a matter left to the Court's discretion, since neither the Federal Rules of Civil Procedure nor the Local Civil Rules of this court authorize litigants to file surreplies."); *Aurora Loans Servs., Inc. v. Posner, Posner &*

Hon. Ronnie Abrams
April 23, 2018
Page 2 of 2

*Assocs., P.C.*, 513 F. Supp. 2d 18, 19 (S.D.N.Y. 2007) (noting the court has discretion in deciding whether to strike portions of briefs).

      In the alternative, the Court should treat the government's letter as a motion for reconsideration. Of course, such a motion "is an extraordinary remedy to be employed sparingly in the interest of finality and conservation of scarce judicial resources," *Benjamin v. Goord*, No. 02-CV-1703 (NRB), 2010 WL 3341639, at *1 (S.D.N.Y. Aug. 18, 2010) (internal quotation marks omitted), especially in a case such as this one where the Court has been called upon to decide numerous actual, live issues that will bear on the upcoming trial. As the government has not identified any "controlling decisions or factual matters" that the Court overlooked in rendering its decision, *id.*, the motion for reconsideration should be denied.

                                                 Respectfully submitted,

                                                 /s/
                                               Michael Tremonte
                                               Noam Biale
                                               Emma Spiro
                                               SHER TREMONTE LLP

                                               /s/
                                               Barry Levin, Esq.

cc:      All counsel (by ECF)