THE LAW OFFICES
**PAULA J. NOTARI**
152 West 57th Street
8th Floor
NEW YORK, NEW YORK 10019
---------
Tel. (646) 943-2172

May 11, 2018

**BY ECF**
The Honorable Ronnie Abrams
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

**Re:** *United States v. Jason Galanis, et al.*, S1 16 Cr. 371 (RA)

Dear Judge Abrams:

     We write on behalf of Bevan Cooney in the above-entitled case to respond to the Government's May 9, 2018 letter regarding *in limine* issues about Mr. Cooney's defense exhibits (Doc 441). We join the objections raised in Mr. Archer's May 11, 2018 letter responding to the government's *in limine* arguments as they relate to Mr. Cooney, and in particular Mr. Archer's response to the admissibility of the Cooney recording. (Doc 454).

     The Government contends that counsel for Mr. Cooney have marked a number of exhibits pertaining to Fulton & Meyer emails which on their face appear irrelevant to the present trial and which should be precluded. [1] See Govt. Br. at 21-23 Govt. Every Cooney defense exhibit the government addresses in their recent motion is an email from Fulton & Meyer with the exception of DX 3179 discussed below. The government ignores the fact that they are calling a Fulton & Meyer witness on their witness list who will be testifying about various issues relating to their 404(b) evidence. As detailed in Mr. Cooney's pre-trial submissions addressing 404(b) evidence, Mr. Cooney's finances during the alleged period of the conspiracy were handled by Fulton & Meyer, a money managing accounting firm. The evidence at trial will show that employees from Fulton & Meyer assisted Mr. Cooney with the following transactions which the government has made a core part of their case against Mr. Cooney including but not limited to (1) Mr. Cooney's purchase of the WLCC bond; (2) Fulton & Meyer assisted Mr. Cooney with the transfer of the WLC bond to Bonwick Capital; (3) Fulton & Meyer assisted Mr. Cooney with the attempted purchase of 1920 Bel Air; (4) Fulton & Meyer assisted Mr. Cooney with obtaining the 1.2 million dollar loan from City National Bank which the government has made part of their 404(b) evidence against Mr. Cooney.

     The Government appears to be calling at least one witness from Fulton & Meyer to

---

[1] 1

in large part prove their case against Mr. Cooney by way of 404(b) evidence and yet they now argue that defense exhibits of this witness and other Fulton & Meyer witnesses who will be testifying about these issues at trial are irrelevant to the present trial.

For example, the government raises an objection to the following defense email:

DX 3177 is an email in which Cooney tells Fulton and Meyer that the Code Rebel IPO was a major success and he will receive 500,000 shares. He also states that he spoke to Steve Shapiro of City National Bank who believes that City National will make a $1.3 million loan based on the stock position

As the Court is aware, the government is seeking to admit 404(b) evidence that Mr. Cooney made misrepresentations to City National Bank when he applied for a 1.2 million dollar loan.  There has been extensive briefing on this issue to date.  In fact at the last court hearing, the defense proffered emails (including this one) and arguments that the 1.2 million dollar loan was granted solely because the value of Mr. Cooney's Code Rebel stock had increased.   The Court opined that their should be no harm in admitting this evidence against Mr. Cooney, if  the defense can essentially prove that the government's evidence is false. The government and the defense will be calling witnesses from Fulton & Meyer who are either senders or recipients on these emails and/or have personal knowledge of the topics discussed within these emails that directly address issues raised in this case and yet the government now argues that the above exhibit "appears irrelevant to the present trial."

     Regarding the government's objection to Fulton & Meyer emails relating to certain wire transactions, here again the government is ignoring the fact they are seeking to admit evidence of money that was transferred from Jason Galanis entities such as Thorsdale to Mr. Cooney.  They have noticed in their government exhibits dozens of documents relating to these wire transactions.   These wires were handled by employees of Fulton & Meyer on behalf of Mr. Cooney recording details about each and every wire transfer that went into Mr. Cooney's banking accounts to and from Jason Galanis' entities.

     As noted above, DX3179 is the only defense exhibit raised by the government which is not a Fulton & Meyer email but the government does not dispute that it was produced from the email accounts of Fulton & Meyer.[2]  This document is a law firm opinion letter sent to Continental Stock Transfer opining that the restrictive legend may be removed from Cooney's Code Rebel shares.

     As already discussed above the government is seeking to admit evidence regarding Mr. Cooney's 1.2 million dollar loan with Citi National Bank (CNB).  At this juncture in the case it is unclear what the government's theory is regarding Mr. Cooney's statements to CNB because their arguments have been evolving.  DX3179 is relevant because the

---

[2] At this juncture Mr. Cooney has addressed all of the objections raised by the government to his proposed draft stipulation and is awaiting the government's position. Mr. Cooney represented in his draft stipulation that DX3179 is a true and accurate copy of an e-mail communications and /or documents from the e-mail accounts of Fulton & Meyer and the government did not object.

defense will show that Mr. Cooney made significant efforts to remove the restriction from his Code Rebel stock so that he could sell his stock and repay the loan. This letter was produced from the email accounts of Fulton & Meyer and was reviewed by Fulton & Meyer witnesses who will be testifying at trial and relates to events surrounding Mr. Cooney's 1.2 million dollar loan and his failure to pay his loan which the government has made part of their 404(b) evidence.

The government appears to want to convict Mr. Cooney on their evidence without giving the defense the opportunity to question witnesses who were directly involved in these transactions with emails wherein they discuss relevant issue(s) raised at trial and without having the jury consider the full extent of wire transactions involving Jason Galanis' entities that were both incoming and outgoing. At this juncture in the case it is entirely too early to predict what the government's evidence will show and certainly Mr. Cooney's exhibits anticipate evidence that Mr. Cooney will likely address at trial. We will certainly adhere to rules of evidence and continue to assess whether we will seek to move these defense exhibits into evidence depending on the witnesses who testify and the government's arguments at trial.

We assure the Court that the defense emails Mr. Cooney has put on his list are emails which directly relate to the issues involved in this case and will be raised with Fulton & Meyer witnesses who were either part of the email discussions or had personal knowledge of the substance discussed within. In those instances where we are seeking to admit relevant emails pertaining to relevant wire transactions and maintaining Mr. Cooney's records for accounting purposes, we would be able to lay a proper foundation as a business record pursuant to Rule 803(b)(6). In some instances certain emails would be relevant to Mr. Cooney's business plans as evidence of his state of mind under Rule 803(3). Alternatively, Mr. Cooney anticipates offering certain document and/ or emails for a non hearsay purpose. For example, DX 3179 discussed above Mr. Cooney anticipates offering this email as non-hearsay simply to show his efforts to share the legal opinion with Fulton & Meyer to remove the restrictive legend from his Code Rebel stock rather than the truth of that legal opinion. However, if the government's witness testifies that Mr. Cooney made no efforts to remove the restrictive legend from his Code Rebel stock, certain documents like this one and /or emails will be used as potential impeachment evidence against certain anticipated testimony.

Respectfully submitted,
/s/
Attorneys for Bevan Cooney
Paula J. Notari
Abraman Hassen