LAW OFFICES
**PAULA J. NOTARI**
152 West 57th Street
8th Floor
NEW YORK, NEW YORK 10019
---------
Tel. (646) 943-2172

May 25, 2018

The Honorable Ronnie Abrams
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re: *United States v. Jason Galanis et al*
    16-cr-0371-4 (RA)

Dear Judge Abrams:

      I represent Bevan Cooney in above-entitled case and I am submitting this letter to join Mr. Archer's letter motion following the end of day discussion on the record yesterday, in which the government asked the Court to reconsider its prior ruling that the fact of Jason Galanis's September 2015 arrest is inadmissible. [ECF No. 438]. Specifically, as it applies to Mr. Cooney, the Government is seeking to admit evidence from Francisco Martin that he had a conversation with Mr. Cooney after Jason Galanis was arrested. Although we are not entirely clear what the entire substance of this alleged conversation was, the government anticipates calling Mr. Martin to say something like Mr. Cooney assured Mr. Martin that he had nothing to fear about the arrest of Jason Galanis arrest because the arrest involved the Gerova fraud, not the WLCC bonds which Martin was involved with. For months, Mr. Cooney has joined the motions of Mr. Archer – and we agree that the Court's April 13, 2018 ruling—Jason Galanis's arrest in the Gerova case is probative of nothing against Mr. Cooney and is "wholly unrelated and irrelevant to the current case." (4/13/2018 Tr. at 26 (statement of the Court)). Moreover, the way that this evidence will be introduced is deeply prejudicial. The government intends to offer evidence of Jason Galanis's arrest, but refuses to stipulate that Mr. Cooney was not involved in or knowledgeable about the Gerova conduct or investigation. Just as in the case of Mr. Archer, there is no other way for Mr. Cooney to make this point, except perhaps by calling the Gerova case agents to testify about that investigation, which will only compound the prejudice by further calling attention to the issue. [ECF No. 438, at 6].

      Mr. Cooney like Mr. Archer, during his opening statement relied on the Court's prior ruling-- that there would be no evidence of Gerova. In a case, where the government has no direct evidence against Mr. Cooney, this kind of evidence which will lead the jury to speculate about uncharged frauds that Mr. Cooney could have been a part of – when the government has zero evidence of this – is entirely prejudicial. Accordingly, for the reasons set forth in Mr. Archer's previous motions and in his recent letter to the Court, the Court should adhere to its prior ruling and exclude evidence of Jason Galanis's September 2015 arrest in Gerova.

                                                                 Respectfully,

                                                               /s/ Paula J. Notari
                                                              Paula J. Notari