

MATTHEW L. SCHWARTZ
Tel.: (212) 303-3646
E-mail: mlschwartz@bsfllp.com

May 29, 2018

**BY ECF**

Hon. Ronnie Abrams
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *United States v. Galanis, et al.*, S3 16 Cr. 371 (RA)

Dear Judge Abrams:

    I represent Devon Archer. I write in brief response to the government's two letters of yesterday, (1) seeking to limit cross-examination of the government's cooperating witness, Hugh Dunkerley, regarding two instances of his casual racism, and (2) objecting to various exhibits that Mr. Archer intends to use on cross-examination of the government's first witness, Timothy Anderson.

    With respect to the Dunkerley documents, in general, Mr. Archer does not agree that the same rules apply to cooperating witnesses as apply to defendants, as the government has suggested. *See* First Gov. Ltr. at 2 ("Indeed, defense counsel argued that similar statements by the defendants . . . had no relevance to this case. . . ."). That being said, had the government asked me in advance about these documents, I would have confirmed that Mr. Archer has no intention of cross-examining Dunkerley based on the objected-to portions of the documents attached to the government's letter. Mr. Archer does, however, reserve the right to cross-examine Dunkerley on other portions of the same documents. If we decide to do so, Mr. Archer will redact the documents to remove the references to "Indian moccasins" or "Tribal moccasins" (Exhibit A) and "U soooooo black cooney@! Where it counts!" (Exhibit B). I presume this is acceptable to the government.

    With respect to the Anderson documents, none are objectionable. The two documents Mr. Archer seeks to offer that the government says are not to or from Anderson, DX 4600 and 3514b, in fact are primarily e-mail chains involving Anderson. They are therefore identical in structure to various exhibits that the government offered on direct. *See, e.g.,* GX 1220, 2027 (e-mail chains between Anderson and others that were, in the top e-mail, forwarded to someone else). And the documents that Mr. Archer intends to offer that the government says are hearsay (DX3156, and GX 777, 1334, 1336, 1344, and 1346) are all being offered for a non-hearsay purpose. Had the government raised any of these objections with me in advance, I would have



been happy to have explained further, and I will be prepared to address any specific exhibits about which the Court has questions this morning.

    Thank you for your consideration.

                                            Respectfully,

                                         /s/  Matthew L. Schwartz
                                        Matthew L. Schwartz