LAW OFFICES
**PAULA J. NOTARI**
152 West 57th Street
8th Floor
NEW YORK, NEW YORK 10019
---------
Tel. (646) 943-2172

June 3, 2018

The Honorable Ronnie Abrams
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re: *United States v. Jason Galanis et al*
    16-cr-0371-4 (RA)

Dear Judge Abrams:

I represent Bevan Cooney and I write in response to the government's letter of June 1, 2018 [ECF No. 492] regarding the "admissibility of evidence that both Devon Archer and Bevan Cooney were rewarded by Jason Galanis for their participation in the Wakpamni bond fraud through, in part, the receipt of Code Rebel Shares." We join defendant Archer's Letter dated June 2, 2018 [ECF No. 493] and his reply letter dated June 3, 2018 [ECF No. 495] to the extent applicable and note that we have consistently joined Mr. Archer's previous motions and objections to the Code Rebel evidence.  Mr. Cooney just like Mr. Archer points out that his only connection to Code Rebel is that he held shares.

Mr. Cooney like Mr. Archer paid for his Code Rebel shares from his own pocket using real money and these shares had absolutely nothing to do with the WLCC bonds.  There will be no witness who will testify that any of the Code Rebel shares Mr. Cooney received were some sort of illicit compensation or quid pro quo for Mr. Cooney's alleged involvement with the WLCC bonds.   There is no document in which Cooney and Jason Galanis – or anyone else discuss any such thing.  We reiterate there is no such evidence.  While other individuals, as set forth in the government's letter, may have been gifted shares that were funded with the WLCC bond money, that is not the case for Mr. Cooney.

We join all of Mr. Archer's arguments. The Code Rebel evidence, would be grossly prejudicial to Mr. Cooney because there is of course the misleading appearance that the gain was illicit because the value of his shares jumped in market value.  But this of course was the result of the alleged pump and dump scheme, and by the government now being permitted to argue that Jason Galanis gave Mr. Archer these Code Rebels shares (which is utterly false), the government is trading off the pump and dump without actually proving that scheme.  Again, Mr. Cooney in fact had nothing to do with any such scheme,

Admitting this evidence is confusing, overly complex, and not probative of anything but its prejudicial value is overwhelming for the reasons stated in Mr. Archer's elaborate opposition letter and reply motion filed earlier today. The jury in this case is already burdened with learning the subtle complexities of corporate governance and the bond issuance process, to add in the wholly distinct and equally complex field of technology IPO financing would add time, confusion, and unwarranted detours.

Mr. Cooney like Mr. Archer, during his opening statement relied on the Court's prior ruling-- that there would be no evidence of the Code Rebel pump and dump scheme. In a case, where the government has no direct evidence against Mr. Cooney, this kind of evidence is entirely prejudicial. Accordingly, for the reasons set forth in Mr. Archer's previous motions and in his recent opposition letter and reply to the Court, the Court should adhere to its prior ruling and exclude the government's proffered Code Rebel evidence.  Thank you for your consideration.

    Respectfully submitted,

    /s/ Paula J. Notari
    Paula J. Notari