

MATTHEW L. SCHWARTZ
Tel.: (212) 303-3646
E-mail: mlschwartz@bsfllp.com

June 10, 2018

**BY ECF**

Hon. Ronnie Abrams
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

> **Re:** *United States v. Galanis*, S3 16 Cr. 371 (RA)

Dear Judge Abrams:

I represent Devon Archer. As discussed on Wednesday, I write to provide the Court with a summary of outstanding evidentiary motions, as well as Mr. Archer's position regarding the issue of Jason Galanis's September 2015 arrest. I also respond briefly to the government's letter of earlier today, concerning the anticipated testimony later this week of Francisco Martin [ECF No. 501].

**A.     Objections to Certain Exhibits and Testimony**

A list of outstanding motions and/or objections follows, along with citations to relevant briefing and an estimate of when the evidence is likely to be relevant, based on the government's disclosures to date. (These items are presented roughly in order of time-sensitivity).

- **GX 2117** (a 10/26/2015 e-mail from Mark Waddington). *See* ECF Nos. 464 (defense objection), 465 (government response). The government has indicated that it will seek to publish this exhibit to the jury this week, through a document reader.

- **DX 4308, 4321** (Certain BIT Board e-mails). *See* ECF No. 441 at 18-19 (government objection); ECF No. 454 at 11-12 (defense response). These documents may be relevant to the testimony of government witness Molly Moynihan, who is scheduled to testify as early as later this week.

- **Defense Experts:** As the Court observed on Wednesday, the government's motion to preclude the defense experts is fully-briefed. *See* ECF No. 410 (government objection); ECF No 452 (defense opposition).

- **DX 4908, DX 4909** (the Cooney-Crafton Recordings). *See* ECF No. 441 at 15-16 (government objection); ECF No. 454 at 1-9 (defense response); ECF No. 468 at 3 (defense letter); ECF No. 472 at 1 (government response). This evidence would be introduced during the defense case.



- **DX 4900-4906** (Certain Instagram posts). *See* ECF No. 441 at 17-18 (government objection); ECF No. 454 at 11-12 (defense response). This evidence would be introduced during the defense case.

We would be happy to provide the Court with any additional briefing or information that might be helpful.

**B.      Jason Galanis's Arrest**

Your Honor has asked about Mr. Archer's position with respect to evidence of Jason Galanis's arrest in September 2015 in the Gerova case, given that the Court has ruled that some evidence of the arrest will come in when Francisco Martin testifies about a conversation he allegedly had with Bevan Cooney.

Mr. Archer continues to believe that evidence of the arrest is unduly prejudicial with respect to him, and unnecessary to make the probative points the government wishes to make in connection with the BIT Board evidence. Mr. Archer therefore believes that the BIT Board evidence, and the evidence against Mr. Archer more generally, should be sanitized to remove references to Galanis's arrest.

In the event that the Court nonetheless determines to allow the government to introduce evidence of Galanis's arrest, Mr. Archer respectfully requests the following limiting instruction at the time the evidence is elicited:

> Ladies and gentlemen, you have just heard evidence that in September 2015, Jason Galanis was arrested. You need to know, and I therefore instruct you, that Jason Galanis's arrest in September 2015 was for totally unrelated conduct and had nothing to do with this case. I further instruct you that not only did Mr. Archer have nothing to do with the conduct for which Jason Galanis was arrested, but there is absolutely no suggestion that Mr. Archer knew anything whatsoever about Jason Galanis's unrelated criminal activity until after Jason Galanis was arrested on or about September 25, 2015.

In addition, regardless of whether the evidence of Galanis's arrest is excluded entirely as to Mr. Archer or is referenced only as an arrest on an "unrelated" matter, certain government exhibits will need to be edited. *See, e.g.,* GX 782 (BIT Board minutes, referencing "the recent federal indictment of Mr. Jason Galanis and others"); GX 2103 (attaching copy of SEC press release). Depending on the Court's ruling with respect to whether the evidence will come in at all, Mr. Archer will work with the government to come to an agreement on those exhibits.

**C.      Francisco Martin's Testimony**

Finally, I write in response to the government's letter of earlier today, seeking to preclude cross-examination of Francisco Martin on various topics related to Code Rebel, [ECF No. 501].



Mr. Archer has no intention of cross-examining Martin about his own (Martin's) receipt of Code Rebel shares, just as Mr. Archer did not cross-examine Hugh Dunkerley about his receipt of shares. Martin's falsification of documents, however, is probative of his character for truthfulness, independent of the fact that those documents related to his receipt of Code Rebel shares, and should not be off limits nor should it open the door to any of the excluded Code Rebel evidence.

The government also seeks to limit cross-examination of Martin about the fact that Mr. Archer paid for his Code Rebel shares, on relevance grounds. In the government's view, the legitimacy of the Code Rebel transaction has no relevance because the pump and dump has been excluded. The problem with this logic is that the government is still going to introduce evidence of the illegitimacy of various Code Rebel transactions, including the purchase by Martin of the overwhelming majority of the IPO and the facts that WLCC bond proceeds were used to purchase Code Rebel shares, and that proceeds from some of those shares were later used to make interest payments on the bonds. Mr. Archer should be entitled to demonstrate that the shares that he owned – a fact already in evidence – were not obtained with bond proceeds. There is no particular need for Mr. Archer to do this through cross-examination of Francisco Martin; the point could easily and simply be made through the introduction of transaction records or by stipulation. But given that the government will still be demonstrating the illegitimacy of Code Rebel, Mr. Archer should be permitted to demonstrate that the money for his shares had nothing to do with the WLCC bonds, as the government has acknowledged, without opening the door to the evidence the Court has already excluded.

Thank you for your consideration.

Respectfully,

 /s/  Matthew L. Schwartz
Matthew L. Schwartz