LAW OFFICES
**PAULA J. NOTARI**
152 W. 57th Street, Suite 800
New York, New York 10019
Tel. (646) 943-2172

June 14, 2018

The Hon. Ronnie Abrams
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

   Re: <u>United States v. Jason Galanis et al.</u>
      16-cr-0371-4 (RA)

Dear Judge Abrams:

     We write on behalf of our client, Bevan Cooney, to preclude government exhibits **GX3205, GX 3251**, **2252 and GX 2281** from being admitted at trial in the above entitled case.[1] We remind the Court that the government's stated purpose of admitting evidence relating to Citi National Bank (CNB) over Mr. Cooney's repeated objections is related to their theory regarding Mr. Cooney's representations to CNB as far as his ownership of the WLCC bond. Mr. Cooney's representations as far as his income are not relevant to the charges in this case and based on the context of these emails is not reliable evidence which the jury can rely upon; at most these were informal discussions about Mr. Cooney's income which never actually materialized. As detailed below, the government has been allowed over Mr. Cooney's repeated objections to rely on a financial statement that Mr. Cooney filled out at the direction of Matthew Fillman from Fulton Management instructing him to "take a minute and complete the attached. **Big round numbers – not too detailed**." (DX3172) (emphasis added).

     For reasons detailed below, Mr. Cooney's income is not an issue in this case. The Court has already previously granted Mr. Cooney's request to preclude a profit and loss statement (DX 2281) which was emailed to Gary Hirst. The government is now seeking to admit the same kind of prejudicial evidence to distract the jury from the reality that they simply have no direct evidence against Mr. Cooney.

     We have now sit through almost 4 weeks of trial evidence and there is simply zero direct evidence against Mr. Cooney. The evidence to date shows that the bonds were entirely legal and that Mr. Cooney, like many others had no reason to know that Jason Galanis was misappropriating the bond proceeds. We have sat through two cooperators who never spoke to Mr. Cooney about the bond, a lawyer from Dillworth Paxson who reiterated his belief that the WLCC bond was legal, and repeated testimony from other witnesses that they never met Mr. Cooney. At best we have an immunized cooperator who lies for sport and remembers Mr. Cooney calling him to say Jason Galanis got arrested for his conduct in the Gerova case. The government appears to be moving full throttle in their continued attempt to throw mudd on the walls and distract the jury with irrelevant evidence.

---

[1] We are also objecting to the admission of GX 439 and GX 440 but are still trying to work out redactions to these exhibits.

At this juncture, if the government is allowed to admit evidence of Mr. Cooney's representations about his income, we ask for an adjournment so that we can retain an accountant to dispute these utterly baseless representations. There has been testimony in this trial that Mr. Cooney was an investor and he did not make a steady wage.  His income varied based on his investments and he sometimes obtained loans to pay for his personal expenses and tax obligations.  Determinations of his income were based on complicated accounting that is not the subject of this trial.  If the government is now allowed to admit this kind of prejudicial evidence without any prior notice, there needs to be a full accounting of Mr. Cooney's finances including his assets, his liabilities, his loans and his income during the period in question since they are using this evidence against him.

1.  **Mr. Cooney seeks to preclude GX3205, GX 3251**, **2252**

    Background evidence at trial:

    At this point in the trial the Government's only evidence pertaining to Mr. Cooney's application for the January 2015 – line of credit in the amount of 100k and the June 2015 loan for 1.2 million dollars -- relates to GX405 a personal financial statement which Mr. Cooney filled out on January 28, 2015 in connection with his request for a 100k line of credit.  During the testimony of Steven Shapiro Mr. Cooney sought to admit into evidence DX3172—which is an email that was sent to Mr. Cooney from Matthew Fillman from Fulton Management in connection with (GX405) the personal financial statement Mr. Cooney filled out almost immediately and submitted to Matthew Fillman the following day.  Steve Shapiro the banker from CNB testified that he received a personal financial statement from Matthew Fillman.  On January 27, 2015, Fillman emailed Mr. Cooney with an attached personal financial statement instructing Mr. Cooney in this email:

    > Bevan
    >
    > Sure I can work something out but can you take a minute and complete the attached. **Big round numbers – not too detailed**. I just don't have a good handle of what should be on your balance sheet, plus I need the signed form to work as an application for regulatory reasons. Also would rather get something perm rather than short term loan. See DX 3172 (emphasis added).

    This is the only financial statement which the government now relies upon.  The Government is now trying to convict Mr. Cooney based on the income reported in response to Matthew Fillman's instructions to provide "big round numbers" and seeking to admit emails where Mr. Cooney is informally discussing his income with his accountant and business managers.   This is utterly unreliable evidence, not relevant to the charges which is certain to mislead the jury.

    > **Government Exhibit 3205** is an email where Mr. Cooney is corresponding with Alexis Gluckman from Fulton Management on February 20, 2014 about a corporate apartment rental in New York.  The date of this email is in February 2014 – months before Mr.  Cooney was even being considered to purchase the WLCC bond. Mr. Cooney did not purchase the bonds until October of 2014 – almost 6 months later.  Undersigned counsel has asked the Government for a proffer, as to the relevance of GX3205- and they have noted that they are specifically interested  in details about Mr. Cooney's report of his income.

**Government Exhibit 3251** is an email from Bevan Cooney to Alexis Gluckman and Michelle Bryar from Fulton Management.  In this email which was sent on May 12, 2015 Mr. Cooney was asked from Olga Abramson:

**Bevan**

**Alexis filled out your financial statement for the IRS purposes.  Please review and called me to discuss.  I need to be able to explain how are your paying your monthly bills.  Do you have any income for 2015**

**Mr. Cooney responded on that same date:**

**Zero income for 2015. Only loans.**

Here again the Government is trying to elicit evidence of Mr. Cooney's statement of his income in 2015 which is again not relevant to the crime charged and highly prejudicial propensity evidence.

**Government Exhibit 2252**

For all of the reasons stated above Mr. Cooney seeks to preclude Government Exhibit 2252.  In this instance the Government is seeking to admit correspondence between Mr. Cooney and his business manager Eric Fulton, the owner of Fulton Management.  Fulton Management prepared Mr. Cooney's taxes and they managed his personal finances and business account.  In this email Mr. Cooney and Eric Fulton are discussing the manner in which they should classify 1.9mm of income.  The Court already precluded the Government from admitting a profit and loss statement from Fulton Management relating to this 1.9 million dollars of "investment income."  Here again if the government is allowed to admit this kind of evidence then we seek an adjournment to retain an accountant to review Mr. Cooney's financial records and to explain to the jury what is meant by investment income and how an accountant makes that determination.  The Court has already precluded this evidence and the government is once again trying to admit this kind of irrelevant evidence that will prejudice Mr. Cooney.

**Government Exhibit 3251**

The Court previously granted Mr. Cooney's motion to preclude GX 2280, an unofficial draft of a profit loss statement from 2014 which Mr. Cooney is alleged to have sent as an attachment to GaryHirst at the following email address Gary@hirstlaw.com on April 22, 2015 at 10:35 pm.  This exhibit was a draft of an **unofficial** profit and loss statement prepared by Mr. Cooney's money management consultant as Fulton & Meyer.

The Government now seeks to admit GX 2281 allegedly sent from Mr. Cooney to Gary Hirst on April 23, 2015 at 3:46 a.m. with an attachment consisting of CNB bank records from Mr. Cooney's Family Trust Account.  This exhibit and GX 2280 which the Court has already precluded on an earlier date was part of the same sequence of emails that Mr. Cooney is alleged to have sent to Gary Hirst.

  The Government has proffered that this exhibit is relevant to demonstrate the relationship between Cooney and Hirst.  We do not object to the admission of the cover email as discussed in court yesterday but we do object to the introduction of Mr. Cooney's bank records for the stated purpose of showing a relationship between Mr. Cooney and Gary Hirst.  The government has not given Mr. Cooney any notice to date that it plans to introduce evidence that Mr. Cooney sent this bank statement for any reason pursuant to Rule 404(b). If it had, this issue would have been fully briefed in the extensive 404 briefing that has already occurred in this case. That the government will nevertheless attempt at trial to inform the jury that this document was somehow used in an inappropriate way or representative of some allegation which cannot be substantiated undercuts the purpose of the notice requirement in Rule 404(b). See Fed. R. Evid. 404(b)(2)(A).

  For all of the reasons stated above, the evidence which the government now seeks concerning emails with Mr. Cooney's accountants and /or business managers regarding his income must be excluded pursuant to Rules 404(b) and 403. Admission of these emails would imbue the allegations in the present case with the aura of official confirmation, as the jury will improperly be led to believe that the accounting must be representative of Mr. Cooney's finances when that is hardly the case. These unofficial statements have no probative value and are certainly going to be used as propensity evidence against Mr. Cooney.  This evidence is not relevant to the charges and is certain to result in unfair prejudice, confusion of the issues, mislead the jury.

Cc: (via ECF)

        Respectfully submitted,
        /s/ Paula Notari
        The Law Office of Paula J. Notari
        152 West 57th Street, 8th Floor
        New York, New York 10019

        Abraham J. Hassen
        O'NEILL / HASSEN

        *Attorneys for Bevan Cooney*