

MATTHEW L. SCHWARTZ
Tel.:  (212) 303-3646
E-mail:  mlschwartz@bsfllp.com

June 19, 2018

**BY ECF**

Hon. Ronnie Abrams
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *United States v. Galanis*, S3 16 Cr. 371 (RA)

Dear Judge Abrams:

      I represent Devon Archer.  I write in brief response to the government's letter of this evening [ECF No. 522], in which it asks the Court to order Mr. Archer to provide it with a sneak-preview of a defense witness's testimony.  Not surprisingly, the government cites no authority for this proposition, because there is none.  Mr. Archer made, last week, the disclosure required of him by Federal Rule of Criminal Procedure 26.2.  There is no other rule of law that would require further disclosure.  Indeed, the *government* is not required to proffer its witness's testimony –in this case it repeatedly refused to provide any "order of proof" in response to the defendants' requests for information – and many of the witnesses called by the government were accompanied by scant 3500 material.  We understand the rules of evidence, and do not intend to elicit inadmissible testimony.  In addition, as we informed the government, Dr. Archer will not be waiving the spousal communication privilege, and so will not be testifying to any statements made by Mr. Archer, or anything she learned from conversations with him.[1]  That should largely ameliorate the government's concerns.

      The government also says that we have not provided it with a list of exhibits for tomorrow, but as I noted in Court, I physically handed the government copies of any new or remarked exhibits.  In addition, my e-mail to the government providing it with specific notice of the exhibits we intend to use tomorrow crossed with its letter.  In other words, we have now provided the government with a (quite short) list of exhibits that Mr. Archer intends to move into evidence tomorrow.  Thank you for your consideration.

      Respectfully,

      /s/  Matthew L. Schwartz
      Matthew L. Schwartz

---

[1] For the same reason, the government should not on cross-examination be permitted to ask Dr. Archer about whether she knew certain alleged facts, because such questions would call for privileged information.