**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 23, 2018

**BY ECF**

The Honorable Ronnie Abrams
United States District Judge, Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**Re: United States v. Galanis, et al., S3 16 Cr. 371 (RA)**

Dear Judge Abrams:

The Government respectfully submits this letter to object to certain exhibits identified by defendants Archer and Cooney as exhibits they intend to offer on Monday, June 25.

**A. Archer's Exhibits**

The Government objects to the following exhibits being offered by Archer: DX 2000, DX 4023B, DX 4128, DX 4325, DX 4384, DX 4606, DX 4705, DX 4772, DX 4825, DX 4826, DX 4839, and DX 4846.

DX 4023B is a purported valuation report for the Valor Group regarding the purported valuation of Calvert Capital, with a retrospective valuation date of September 30, 2014. Archer attempted to admit this exhibit through the cross-examination of Francisco Martin, but Mr. Martin did not recognize the document and did not remember ever having seen or read it. (Tr. 2349-50). The Government objects to this document as hearsay and on authenticity grounds. While the parties have stipulated that this was a document produced by Hugh Dunkerley, the Government has not stipulated to the document's authenticity. The defense have proffered that they are offering this exhibit to show that Calvert was something that people other than the conspirators in this case were aware of and spoke about. That is not an argument advanced by this document. Instead, Archer is trying to introduce the material in this document for the truth of the matter asserted—that there was a valuation of Calvert purporting to show that it existed on September 30, 2014. That is hearsay and should be precluded.

The Government also objects to DX 4325 and DX 4384, yet another series of emails being offered between Archer and Jon Burnham that contain hearsay, and contain numerous irrelevant statements about Archer's family. The record is now replete with email communications between Archer and Burnham. But the additional emails Archer seeks to offer do not go to Archer's state of mind with respect to his representations in the BIT Board negotiations and are simply irrelevant back and forth between Archer and Burnham.

The Government continues its objection to DX 4128, an email chain between Tim Anderson and Elzbieta Sotborn regarding the potential Valorlife purchase of bonds, which Archer is not on and cannot go to Archer's state of mind.  Defense counsel had the opportunity to question Tim Anderson about the transaction, and chose instead to introduce DX 4127, which was admitted.  (Tr. 488-90).  DX 4128 is inadmissible hearsay and irrelevant.  The Government also objects to DX 4825 (emails attaching Valorlife Board Resolution) and 4826 (more emails regarding the Valorlife purchase) as hearsay and irrelevant.

The Government also objects to DX 2000, a January 11, 2014 email from Archer to Chase Coleman in which Archer reviews his business dealings and interests with Coleman.  This email contains Archer's own hearsay statements and is irrelevant to this case.

Archer has also marked a series of emails that he is not copied on and which contain hearsay being offered for the truth of the matter asserted.  For example, Archer seeks to introduce DX 4606, an October 20, 2014 email between Morgan Stanley employees.  Archer previously tried to introduce this email during the testimony of Catherine Driever and the Court ruled that it was inadmissible hearsay.  (*See* Tr. 876-80).

DX 4705 is an email forwarded by Jason Galanis to Archer and Cooney on December 19, 2013 regarding what appears to be an investment opportunity in a Ritz Carlton.  The Government objects to this email on hearsay and relevance grounds.  Notably, it appears this email was never produced by Archer in either his productions to the SEC or to the Government (including his Rule 16 production), underscoring its lack of relevance to the issues in this case.

In addition, DX 4846 is a January 7, 2014 email from Jason Galanis to Archer and Cooney regarding "FIRPTA Witholding" that, again, has no relevance and contains hearsay statements about withholding taxes, getting an accounting opinion from KPMG, and Jason Galanis's statement that he is "all over the real estate stuff."

DX 4772 is an email chain on November 12, 2015 with various individuals, including Rory Knight, Jason Sugarman, Archer and Dunkerley, which appear to be about Rory Knight becoming chair of various entities such as Lx Holding Company and Valorlife.  The emails in this exhibit contain multiple pieces of hearsay and have no apparent relevance to the issues here.

DX 4839 is an email chain between Archer and Julia Golden and, later, Dennis Loughran regarding Rosemont Realty interests in which, on June 16, 2015, Archer replies with an email stating: "20K in with a 20k match   (Seb)."  This email is simply irrelevant to the facts of this case and contains hearsay about an entirely different transaction.  Moreover, as with DX 4011, which the Court previously excluded a portion of, Archer clearly seeks to introduce the "20k in with a 20k match (Seb)," for the truth of a matter asserted therein, i.e., that "Seb," i.e., Sebastian Momtazi, is using Archer's email (an interpretation that would be confusing and that the Government does not agree with).  As such, DX 4839 should be excluded.

**B. Cooney's Exhibits**

The Government objects to the following exhibits being offered by Cooney: DX 3235, DX 3154, DX 3003, DX 3605 and DX 3756.

DX 3235 is an email from August 13, 2013 that Cooney is offering to establish his state of mind regarding the 1920 Bel Air loan and purchase, which happened more than one year later on November 12, 2014. The Government fails to see how this email has any bearing on Cooney's state of mind with respect to the 1920 Bel Air purchase, or on the arguments advanced by counsel that it was Cooney's intent to "make improvements on 1920 Bel Air and eventually sell it at a profit." (June 23, 2018 Letter at 1). The vague reference to "real estate proceeds" in no way establishes that this email concerns a legitimate effort by Cooney to purchase Galanis's house, to make improvements, or to sell it at a profit. This email contains hearsay, is irrelevant, and runs the risk of confusing and misleading the jury regarding irrelevant issues.

DX 3154 is an email from Cooney to his mother on February 13, 2015 regarding a New York Times article about Drexel Burnham and writes, "This is why we bought burnham mom. Drexel Burnham just an amazing history." Cooney's mother responds, "So happy for you . . . . xoxo." Cooney's self-serving statement about the reasons why he participated in the purchase of Burnham, followed by his mother's response, are hearsay and designed to elicit sympathy for Cooney. Cooney can, of course, testify and explain to the jury his purported reasons for purchasing Burnham. But he cannot offer these self-serving hearsay statements in order to suggest that his actions were made in good faith. Nor is there any relevance to Cooney's mother's response. During opening arguments, counsel improperly discussed Cooney's mother and her illness in an apparent effort to garner sympathy for Cooney. (Tr. 100). This email is a transparent effort to do the same and should not be admitted.

DX 3003 is a September 7, 2014 email from Jason Galanis to Archer and Cooney regarding "American Indian Law" and provides what appears to be a copied and pasted portion of Greenberg Traurig's website page regarding its American Indian Law practice. Galanis later discusses what appear to be wholly unrelated potential business transactions. This email in no way appears to relate to the WLCC bonds, and the only apparent connection is a reference to one of the Greenberg Traurig lawyers who represented the WLCC in connection with the WLCC bonds (but that connection is not made in the email at all). This email is hearsay and irrelevant. Efforts by the defendant to admit evidence of other purportedly legitimate transactions would also open the door to Code Rebel and other evidence of Cooney's fraudulent dealings with Galanis.

DX 3605 is a November 21, 2014 email from Cooney to Eric Fulton regarding capital stack information for COR Fund Advisors LLC. This email contains hearsay for which there is no exception and there is no relevance to Cooney's decision to send the attachment to Fulton.

DX 3756 is a September 2014 letter of reference from City National Bank regarding Cooney being a client in good standing at City National Bank. This email is entirely irrelevant and being offered solely for the truth of the matters asserted in the email – that Cooney was a client of City National Bank and in good standing. (June 23 2018 Letter at 2). Counsel has

already elicited testimony from Steve Shapiro that Cooney had been a client of City National Bank for many years (Tr. 1750-51) and that he had good credit and a good relationship with City National for some time (Tr. 1756, 1784-86). DX 3756 constitutes hearsay and should not be admitted.

Respectfully submitted,

ROBERT KHUZAMI
Attorney for the United States, Acting Under Authority Conferred by 28 U.S.C. § 515

By: /s/____________________________

Rebecca Mermelstein
Brendan F. Quigley
Negar Tekeei
Assistant United States Attorneys
(212) 637-2360/2190/2482

cc: Counsel of record (via ECF)