UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES,<br><br>v.<br><br>JOHN GALANIS, DEVON ARCHER,<br>and BEVAN COONEY,<br><br>Defendants. | No. 16-CR-371 (RA) |

RONNIE ABRAMS, United States District Judge:

## QUESTIONS FOR JURORS

Please indicate if your answer to any of the following questions is "**yes**" by circling the number of that question and informing the Court when asked. If your answer to every part of a question is "**no**," you need not do anything. Do not write your name or make any other marks on the questionnaire. If, when asked about a "**yes**" answer, you prefer not to explain your answer in open court, please say so and we will talk in a more private setting.

### I.      General Questions

1. Based on my summary, do you have any personal knowledge of the facts or allegations in this case other than what I have told you thus far?

2. Have you heard, read, or seen anything through the media, internet, or any other source that you think, for any reason, would affect your ability to be a fair and impartial juror in this case?

### II.     Trial Participants

3. The defendants in this case are, first, John Galanis, who is also sometimes referred to as "Yanni." He is represented at this trial by David Touger of the law firm Peluso & Touger. Do you know, know of, or, to your knowledge, have you or any of your relatives or close friends had any dealings, directly or indirectly, with any of these individuals or their relatives, close friends, or associates?

4. The second defendant in this case is Devon Archer. He is represented at this trial by Matthew Schwartz of the law firm Boies Schiller Flexner LLP. Do you know, know of, or, to your knowledge, have you or any of your relatives or close friends had any dealings, directly or indirectly, with any of these individuals or their relatives, close friends, or associates?

5. The third defendant in this case is Bevan Cooney. He is represented at this trial by Paula Notari of the law office of Paula J. Notari, and Abraham Abegaz-Hassen of the law firm O'Neill and Hassen. Do you know, know of, or, to your knowledge, have you or any of your relatives or close friends had any dealings, directly or indirectly, with any of these individuals or their relatives, close friends, or associates?

6. The Government is represented here by the Acting United States Attorney for the Southern District of New York—Robert Khuzami. The conduct of the trial will be in the immediate charge of Assistant United States Attorneys Rebecca Mermelstein, Brendan Quigley, and Negar Tekeei. Joining the Assistant United States Attorneys at counsel's table are Ellie Sheinwald and Eric Wissman, paralegals with the U.S. Attorney's Office, and Shannon Bieniek, a Special Agent with the FBI. Do you know, know of, or, to your knowledge, have you or any of your relatives or close friends had any dealings, directly or indirectly, with any of these individuals or their relatives, close friends, or associates?

7. Do you know, know of, or have you had any dealings, directly or indirectly, with any of the following individuals or entities whose names may come up during the trial, or who may be witnesses in this case:

## Individuals

| | | |
|---|---|---|
| Abduov, Nurlan | Cohen, Neil | Fascio, Adam |
| Allen, Michael | Cole, Clifford | Fillman, Matthew |
| Anderson, Tim | Cooper, Jeffrey | Finnerty, John |
| Archer, Breck | Crafton, Billy | Fulton, Eric |
| Archer, Kier | Cole, Clifford | Galanis, Chandra |
| Archer, Krista | Connell, Bill | Galanis, Jared |
| Archer, Palin | Deary, Richard | Galanis, Jason |
| Atkins, Paul | Devine, Marcelle | Ginter, Brett |
| Berger, Monet | Driever, Catharine | Gluckman, Alexis |
| Berger, Ralph | Dunkerley, Hugh | Godfrey, Andrew |
| Biden, Joe | Duross, Agata | Greenwood, John |
| Biden, Hunter | Eisen, Harvey | Griffen, Leo |
| Bluebird, Deb | Eisen, Margaret | Guess, Philip |
| Clements, Dina | Ezekiel, David | Guffey, Lawrence |

| | | |
|---|---|---|
| Haines, Martha | McClory, Dan | Shimaitis, Matthew |
| Harris Keith | McGinness, Michael | Shone, Michael |
| Haynes, Steven | McMillan, David | Smith, Mike |
| Heinz, Chris | Milken, Michael | Sohn, Paul |
| Henselen, Keith | Ming, Jiang | Standingbear, Wilma |
| Hirst, Gary | Momtazi, Sebastian | Sugarman, Elizabeth |
| Jannace, William | Moore, Cliff | Sugarman, Jason |
| Kaplan, Mark | Moran, John | Sugarman, Steven |
| Kendall, Dayna | Morton, Michelle | Thompson, Heather |
| Kerry, John | Moynihan, Molly | Thunelius, Gerald |
| Knight, Rory | Myles, Glenn | Turney, Daniel |
| Laby, Arthur | Nathaniel, Peter | Underwood, Mac |
| Laventhirarajah, Saranya | Oremlund, Deborah | Waddington, Mark |
| Lisa, Carolyn | Patten, Jarrod | Walch, Pat |
| Liu, Yaojun (Larry) | Pigliucci, Alex | Walter, Beth |
| Leonard, Kevin | Raines, Raycen | Wearing, Chris |
| Lonehill, Geneva | Rasmussen, Randy | Weiss, Stephen |
| Loughran, Dennis | Richerson, Timothy | Wheeler, Pat |
| Lungstrum, Justin | Roche, Sara | Whisnant, Steve |
| Mahoney, Michael | Santos, Enrique | Wolff, Clifford |
| Malkin, Justin | Schatz, Eugene | Wicker, Devin |
| Mann, Lucas | Schwerin, Eric | Wilke, David |
| Martin-Fernandez, Francisco | Sellers, Ronald | Wool, Kyle |
| | Schatz, Eugene | |
| McCarthy, Valerie | Shapiro, Steven | |

## Entities

| | |
|---|---|
| Archer Diversified Investment LLC | Calvert Capital Partners G.P. |
| Archer Diversified TCG | Chicago Transit |
| Atlantic Asset Management | City National Bank |
| Ballybunnion | Code Rebel |
| BAM Holdings | Condor Financial |
| Birmingham Water Works Board | COR Capital |
| BOE Capital | COR Fund Advisors |
| Bonwick Capital Partners | COR International |
| Bermuda International Insurance Services Limited ("BIISL") | COR Securities |
| | COR Securities Holdings |
| BFG Socially Responsible Investing/Investments | Dillworth Paxson |
| | Dodson Diversified |
| Burnham | Flikmedia |
| Burnham & Co. | Flikdate |
| Burnham Asset Management | Gerova Financial Group, Ltd. |
| Burnham Financial Group ("BFG") | Greenberg Traurig |
| Burnham Investment Trust | GMT Duncan |
| Burnham Securities, Inc. | Hughes Capital Management |

| | |
|---|---|
| Insurance Company of the Americas | Tag Virgin Islands |
| Kirin International | Teneo Consulting |
| Lausanne LLC | Terrapin Insurance |
| MBloom | Thorsdale Fiduciary and Guaranty Company, Ltd. |
| Michelin North America, Inc. Master Trust Investment Committee | Thunder Valley Engineering |
| Mgmt International Longshoremen's Association (MILA) | US Bank |
| | Valor Group Ltd. |
| Milk Drivers Local 246 | Valor Investment Group |
| Morgan Stanley | Valorlife Lebensversicherungs AG |
| Omaha School Employees' Retirement System | Vaudoise Assurances Holding SA |
| | VL Assurance (Bermuda) Ltd. |
| Philadelphia Housing Authority | Wakpamni Lake Community Corporation |
| Richmond Retirement | Washington Suburban Sanitary Commission |
| Rosemont Capital LLC | Wealth Assurance AG |
| Rosemont Realty | Wealth-Assurance Beteiligungs AG |
| Rosemont Seneca Bohai | Wealth Assurance Holdings |
| Rosemont Seneca Partners | Wealth Assurance Private Client Corporation |
| Rosemont Seneca Technology Partners | |
| RSTP Capital | Welling Investment Corporation PTE Ltd. |
| Seymour Capital | Wolff Law Firm |
| Sovereign Nations | |

8. Certain conduct at issue in this case took place at the following locations:

>1920 Bel Air Road, Los Angeles, California
>260 West Broadway
>152 W. 57th Street

What do you know about these areas? Are you familiar with these specific locations? Do you think that your familiarity with these areas will affect your ability to be a fair and impartial juror in this case?

9. As you look around this room, do you recognize anyone else you know?

### III. Issues Relating to Subject Matter of this Case

10. During this trial, you are going to hear evidence about the financial industry, about the issuance of bonds, and about the operations of asset managers and investment advisors. You may have seen articles about the role of bonds and the financial industry generally in the recession that took place in 2008. But this case is not about the recession, or the causes of the recession. This case must be decided fairly and exclusively on the evidence that you see and hear during trial. Do you believe that the nature of the charges will affect your ability to be a fair and impartial juror in this case?

11. More specifically, you will hear evidence in this case concerning bonds issued by a Native American Tribal entity. In simple terms, a bond is a type of loan. Investors buy a bond from a government, municipality, corporation or other entity and the entity agrees to pay the investors back, with interest, on specified terms. You will hear evidence in this trial about the issuance of bonds, the rules that govern such issuances, and the various entities that participate in such issuances. Do you, or any of your relatives or close friends, work in the bond industry?

12. You will also hear evidence about the issuance of shares of stock, the rules that govern such share issuances and the listing of stocks on securities exchanges like the New York Stock Exchange. Is there anything about your own investment experience, or your views on the securities industry more broadly, that will affect your ability to be a fair and impartial juror in this case?

13. Have you, or any of your relatives or close friends, worked in the securities industry or for a financial services company?

14. You will also hear evidence about investment advisers, who are people that provide investment advice and manage assets for individuals or institutional investors. Have you worked as, or invested with, an investment adviser?

15. Have you lost money from your investments due not to market forces or other innocuous reasons, but instead due to alleged mismanagement by someone providing you investment advice or otherwise managing assets on your behalf? If so, would that affect your ability to be a fair and impartial juror in this case?

16. Do you have any opinion about the federal criminal laws relating to conspiracy, securities fraud, wire fraud or investment adviser fraud—or their enforcement—that would affect your ability to be a fair and impartial juror in this case?

17. You may hear about transactions involving tens of millions of dollars, and wealthy individuals. Will the fact that this case involves wealthy individuals and transactions involving large sums of money affect your ability to be a fair and impartial juror in this case?

18. Have you, or any of your relatives or close friends, ever brought a claim against a broker, investment advisor, or other person or firm in the financial industry?

19. Do you watch any financial or business-related programming, or follow any financial or business-related news, that would affect your ability to be a fair and impartial juror in this case?

20. In this case, there will a lot of finance-related and other technical testimony. Do you have any particular knowledge of any of these subjects through education, work, personal experience, or otherwise?

21. Have you ever felt that you, or any relatives or close friends, were taken advantage of in a business or financial transaction?

22. Have you ever relied on the advice of a stock broker, investment manager, investment advisor, securities trader, investment analyst, investor, or anyone else to help you make investment decisions?

23. Have you ever relied on an investment adviser or asset manager in regards to a pension or retirement fund?

24. Have you ever made or lost so much money at one time that it changed your lifestyle?

25. This case involves a Native American tribal entity. Do you, or any of your relatives or close friends, have any connection or dealings with any Native American tribal entities? If you learn that a Native American tribal entity lost money through a bond issuance in this case, would that affect your ability to be a fair and impartial juror?

## IV. Issues Relating to Experience with Legal System

26. Do you, or any of your relatives or close friends, work for or with any federal, state or local law enforcement agency, such as the United States Postal Inspection Service or the FBI, the police or sheriff's department, district attorney's office, the United States Attorney's Office or the Securities and Exchange Commission, commonly referred to as the SEC?

27. Do you, or any of your relatives or close friends, work for a criminal defense lawyer or private investigator?

28. Are you, or any or your relatives or close friends, law clerks, court attendants, court clerks, other types of court personnel, probation officers, or persons connected with any correctional institution, jail, or prison?

29. Have you, or any of your relatives or close friends, ever been a witness or a complainant in any federal or state prosecution?

30. Have you, or any of your relatives or close friends, ever been involved or appeared as a witness in any investigation by a federal or state grand jury, or by a Congressional or state legislative committee, licensing authority, or governmental agency?

31. Have you, or any of your relatives or close friends, ever been the subject of any investigation or accusation by any federal or state grand jury, or by any congressional committee?

32. Have you, or any of your relatives or close friends, ever been questioned in any matter by a federal, state, or local law enforcement agency, including the United States Attorney's Office, the United States Department of Justice, the United States Postal Inspection Service, or the Federal Bureau of Investigation?

33. Are you, or any of your relatives or close friends, now under subpoena or, to your knowledge, about to be subpoenaed in any criminal case?

34. Have you, or any of your relatives or close friends, ever been charged with a crime?

35. Have you ever been involved, or do you expect to become involved, in any legal action or dispute with the United States or any agency, officer, or employee of the United States, or have you had any financial interest in such a dispute?

36. Have you, or any of your relatives or close friends, ever been a victim of any crime, including a securities or financial fraud?

37. Have you, or any of your relatives or close friends, ever been a witness to a crime?

38. Have you—either through any experience that you have had, or anything that you have seen or read—developed any strongly held views, either for or against, the United States Department of Justice, the United States Attorney's Office, the FBI or the Securities & Exchange Commission that would affect your ability to be a fair and impartial juror in this case? Any other federal, state, or local law enforcement or regulatory agency?

39. Have you—either through any experience that you have had, or anything that you have seen or read—developed any strongly held views, either for or against, a criminal defense lawyer or a private investigator that would affect your ability to be a fair and impartial juror in this case?

40. Do you have any feelings about individuals who have been charged with financial fraud or securities fraud?

41. Do you believe that our system of criminal justice improperly favors anyone?

## V. Views on Evaluating Evidence and Witnesses

42. The witnesses in this case may include, among others, agents of the FBI or the United States Postal Inspection Service, and employees of the SEC and the Financial Industry Regulatory Authority ("FINRA"), an independent regulator for securities firms doing business in the United States. Do you have any strong feelings, impressions, or opinions about law enforcement officers or government employees that would affect your ability to be a fair and impartial juror in this case? Would you be more likely to believe or disbelieve a witness because he or she is a law enforcement officer or works for an independent regulator?

43. Do you have any expectations about the types of evidence that the Government might present in criminal trials? Would you be unable to follow the Court's instruction that the Government is not required to use any particular techniques when investigating and presenting evidence of a crime?

44. Some of the witnesses called by the Government may have past criminal convictions, or may have been involved in some of the crimes charged in the indictment. These witnesses have pled guilty and are testifying pursuant to lawful cooperation agreements with the Government. Some of these witnesses may be hoping that their cooperation will result in a reduced sentence or some other benefit. There is nothing unlawful about the Government's use of such witnesses. Do you have problems with this type of witness such that it will affect your ability to be a fair and impartial juror in this case?

45. You may hear testimony from witnesses who have been immunized for their testimony in this case. At the end of the case, I will give you more detailed instructions on these matters. For now, it is enough for you to know that if a witness has been immunized, the Government may not use that witness's testimony, or any evidence derived from that testimony, against the witness in a future prosecution. Such a grant of immunity does not, however, prevent

the Government from later prosecuting the witness for any crimes about which the witness testified. I instruct you that the use of immunity is a legal and often necessary tool to compel the attendance of witnesses who otherwise may decline to testify by asserting their right against self-incrimination. Do you have any feeling about the Government's use of immunity that would affect your ability to be a fair and impartial juror in this case?

46. You also may hear testimony from expert witnesses. Have you had any experiences with experts, or do you have any feelings about the use of experts, that would affect your ability to be a fair and impartial juror in this case?

47. You may hear evidence in this trial of criminal activity committed by people other than the defendants. Those other individuals are not on trial here. You may not draw any inference, favorable or unfavorable, towards the Government or the trial defendants from that fact. You also may not speculate as to the reason why other persons are not on trial. Would you have any difficulty following my instructions on the law in this regard?

48. I will also instruct you that you are to give any witness called by the government and any witness called by the defense no greater or lesser weight simply because they are called by the government or by the defense. Would you have any difficulty following my instructions on the law in this regard?

49. Under our Constitution, a defendant does not have to testify, because the burden of proof beyond a reasonable doubt remains with the Government at all times. If a defendant does not testify, the jury may not draw any unfavorable inference against that defendant based on that decision. That fact cannot enter at all into the jury's deliberations. Would you have any difficulty following my instructions on the law in this regard?

50. In addition, under our Constitution, a defendant is under no obligation to present any evidence or case on his own behalf. It is the government that must prove its case beyond a reasonable doubt. If a defendant elects not to present any evidence, the jury cannot draw any adverse inference against him based on that decision. That fact cannot enter at all into the jury's deliberations in any way. Would you have any difficulty following my instructions on the law in this regard?

## VI. Ability to Follow the Law

51. Do you have any religious, philosophical, or other beliefs that would make you unable to render a verdict for reasons unrelated to the evidence or the Court's instructions?

52. Will you have any difficulty following the Court's instructions even if you do not agree with them?

53. Do you have any problem with the legal principle that the burden of proof in a criminal case rests solely on the government?

54. Does the fact that these defendants were indicted change your view of them?

## VII. Prior Jury Service and Lawsuits

55. Have you ever been a juror in a criminal or civil case, state or federal? If so, please state whether each case was in state or federal court, whether it was a criminal or civil matter, and, without telling me what the verdict was, whether a verdict was reached.

56. Have you ever served as a grand juror, state or federal? If so, please indicate where and when you served, and describe, in general terms, the kinds of cases you heard.

57. Have you ever been a plaintiff or a defendant in a lawsuit, meaning have you ever sued someone or been sued? If so, what was the nature of the allegations?

## VIII. Function of the Court and Jury

58. The function of the jury is to decide questions of fact. As a juror, you are the sole judge of the facts and nothing that the Court or the attorneys say or do may intrude in any way on your role as the exclusive fact finder. However, when it comes to the law, you are to take your instructions from the Court and you are bound by those instructions. You may not substitute your ideas of what the law is or what you may think the law should be. At the conclusion of this case, your job will be to determine whether or not the defendants are guilty as charged in the Indictment. Would you have any difficulty following my instructions on the law in this regard?

59. Will you accept the proposition that the question of punishment is for the Court alone to decide and that the possible punishment must not enter into

> your deliberations as to whether the defendants on trial here are guilty or not guilty?

60. Will you accept the proposition of law that sympathy must not enter into the deliberations of the jurors as to whether each defendant is guilty or not guilty, and that only the evidence produced here in Court may be used by you to determine whether the defendants are guilty or not guilty of the crimes charged?

61. It is not a particularly pleasant duty to find another individual guilty of committing a crime. Even if the evidence established a defendant's guilt beyond a reasonable doubt, would you have difficulty rendering a guilty verdict for reasons unrelated to the law and the evidence?

62. On the other hand, if the government fails to prove a defendant's guilt beyond a reasonable doubt, would you hesitate to render a verdict of not guilty?

63. In these questions, I have tried to direct your attention to possible reasons why you might not be able to serve as a fair and impartial juror. Aside from the previous questions I have asked, do you have the slightest doubt, for any reason whatsoever, about your ability to be a fair and impartial juror in this case?

## IX. **Difficulties in Understanding or Serving**

> This trial is expected to last approximately four to six weeks. The jury will typically sit from 10:00 a.m. to 5:00 p.m. Mondays through Thursdays unless the jury is deliberating, in which case it will also sit on Fridays.

64. Do you have any physical problem, disability, medical issue, or other personal or emotional hardship that may prevent you from serving as a juror and giving full attention to all of the evidence at this trial?

65. Do you have problems with your hearing or vision which would interfere with your ability to follow the evidence in this case?

66. Are you taking any medication that prevents you from giving full attention to all of the evidence at this trial?

67. Do you have any difficulty in reading or understanding English?

68. Is there any other reason why you may not be able to give your full attention to the trial, or serve responsibly as a juror?

X. **Questions for Individual Jurors**

1. Without mentioning your exact address, what neighborhood do you live in? If fewer than five years, state where else you have lived in the last five years.

2. How far did you go in school and what did you study?

3. If you are employed, who is your employer? If retired or unemployed, for whom did you last work?

4. What is your job title and what are your responsibilities?

5. How long have you been employed in your current position? If fewer than five years, where else have you worked in the last five years?

6. Who are the members of your household and what are their occupations?

7. Do you have children, and, if so, are they grown? If you have grown children, what are their occupations?

8. How do you get your news?

9. What, if anything, do you enjoy reading?

10. Do you watch any television shows on a regular basis? If so, which ones?

11. Do you listen to talk radio or Podcasts? If so, what stations or programs?

12. Do you regularly visit any websites or utilize social media? If so, which ones? Who are some of the notable people you follow?

13. Are you a member of any organizations, clubs, associations, or unions, or do you volunteer your time?

14. What do you like to do in your spare time?

15. Name a public person, dead or alive, other than a relative, friend, or associate, whom you admire.

16. Aside from the questions that have already been asked, is there anything else you believe that this Court or any of the parties might want to know in deciding whether you should be selected to serve as a juror in this case?