


**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 17, 2019

**BY EMAIL AND ECF**

The Honorable Ronnie Abrams
United States District Judge
40 Foley Square
New York, New York 10007

    Re:    **United States v. Michelle Morton, 16 Cr. 371 (RA)**

Dear Judge Abrams:

    Michele Morton has filed a renewed motion to withdraw her guilty plea in the above referenced matter based in part on allegations of ineffective assistance of counsel by her prior counsel in connection with her plea. The Government respectfully submits that in order to resolve the motion, it is necessary to obtain a statement from prior counsel responding to the allegations of ineffective assistance. A statement from prior counsel is necessary because the defendant's motion is premised upon specific factual allegations regarding privileged discussions with the defendant and her prior counsel. The Government accordingly requests that the Court enter the attached Order to effectuate this expansion of the record.

    By making the motion to withdraw her plea, the defendant has waived any privilege with prior counsel regarding the communications discussed in her motion, including, but not limited to communications concerning her plea, payments by counsel, and preparation for sentencing. In the analogous context of claims of ineffective assistance in habeas proceedings, "[i]t is well settled . . . that the assertion of a claim of ineffective assistance of counsel in a habeas petition constitutes a waiver of the attorney-client privilege." *E.g., Rudaj v. United States*, 2011 WL 2610544 (S.D.N.Y.), citing *United States v. Pinson*, 584 F.3d 972, 978 (10th Cir.2009) (implicit waiver), and *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir.1991) (waiver when defendant asserts a claim that in fairness requires examination of protected communications). Given the foregoing it was, prior to 2010, common practice for prior defense counsel whose assistance was alleged in a §2255 petition to be ineffective to submit, usually at the request of the Government, an affidavit or statement responding to the allegations. In 2010, however, the ABA Standing Committee on Ethics and Professional Responsibility issued Formal Opinion 10-456 (July 14, 2010), *Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim* (copy attached). In that opinion, the ABA committee opined that even if the evidence sought from the former lawyer is relevant and not privileged, the former lawyer should still not voluntarily disclose the information to the prosecution. Instead, the former lawyer should only disclose such information upon ruling of the court or informed

consent from the client. While that ABA opinion has no binding effect, it has nonetheless inhibited defense lawyers from voluntarily providing affidavits in §2255 ineffective assistance litigation.

The first Judge of this Court to deal with the aftereffects of the ABA opinion was Judge McMahon in *Douglas v. United States*, 09 Civ. 9566 (CM), 04 Cr. 1064 (CM). Judge McMahon summarized the state of practice as follows:

> As is well settled, where a habeas petitioner raises a claim of ineffective assistance of counsel, the petitioner waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer. *Frias v. United States,* No. 09 Civ. 2537, 2009 WL 1437797 at *1 (S.D.N.Y. May 20, 2009) (quoting *In re Lott,* 424 F.3d 446, 457-58 (6th Cir. 2005) (quoting *Bittaker v. Woodford,* 331 F.3d 715,720 (9th Cir. 2003) (en banc); *Tasby v. United States,* 504 F.2d 332, 336 (8th Cir. 1974). Where the defendant's allegations of fact, if credited, would support a finding of ineffective assistance, the court is required to obtain testimony from the attorney, either to support the former client's claim or to undermine it, and (if there is a conflict in the testimony of the movant and his former attorney) to make any needed credibility findings. The attorney's testimony is mandatory; in nearly every case, it is the only way to test the credibility of the defendant's assertion of ineffective assistance (an assertion that is, in this court's experience, often false). The relevance of such testimony is obvious and cannot be overstated; without it, any convict who chose to claim that his lawyer was ineffective, and who made a preliminary showing of same, would automatically win reversal of his conviction.
>
> Because the need for the attorney's testimony was patent and the waiver of privilege plain, it has become the practice for attorneys to supply the required testimony (in the form of an affidavit or declaration, which qualifies as testimony and so perfectly acceptable) without obtaining express written consent from the former client. Formal consent was deemed unnecessary because the client had waived the privilege simply by making the motion. Additionally, some attorneys have given their testimony without being formally ordered to do so by a court, knowing that the waiver would be given effect and that a court order was guaranteed to issue. In most instances, the testimony was solicited by and given to the prosecutor's office that originally indicted and prosecuted the defendant, since it is the prosecutor that assembles the record in opposition to the § 2255 motion.

*Douglas v. United States*, 09 Civ. 9566 (CM), 04 Cr. 1064 (CM), Decision and Order Regarding Attorney Client Privilege (filed Jan. 28, 2011) (copy attached). In view of the ABA opinion and the Government's request for guidance, Judge McMahon issued the following guidelines:

> 1. When the court receives a § 2255 motion alleging ineffective assistance of counsel, it will review the motion and transmit it to the Government. If the Government believes that the motion on its face does not contain sufficient allegations of fact to support the claim of ineffective assistance, it shall so advise

the court in a preliminary opposition to the motion. If the motion can be disposed of on the basis of the Government's preliminary opposition, the court will decide the motion on that basis.

    2. If, however, the Government believes that attorney testimony is needed for it to respond fully to the motion, the Government shall so notify the court. The court will then issue an order [directing counsel to file an affidavit and the petitioner to execute an Informed Consent].

The Government believes that Judge McMahon's guidelines and form order provide a very useful framework in motions of this nature. The proposed Order and Informed Consent submitted by the Government herein largely follow Judge McMahon's framework, except they have been modified to remove the suggestion that the ABA opinion has binding authority, or that client consent is needed in the presence of a court order, and to rephrase the explanations and nature of testimony required in the Informed Consent.

### Conclusion

For the reasons set forth above, the Government respectfully requests the Court to enter the proposed Order submitted herewith. No prior request for the relief set forth herein has been made except as may be set forth above.

    Respectfully submitted,

    Audrey Strauss
    Acting United States Attorney

by: _____/s_____
    Rebecca Mermelstein
    Assistant United States Attorney
    (212) 637-2360

cc.: Nola Heller, Esq. (via email)