N.Y.S.D. Case #
16-cr-0371-7(RA)

19-2522-cr
*United States v. Cooney*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of February, two thousand twenty-one.

PRESENT: JOHN M. WALKER, JR.,
REENA RAGGI,
WILLIAM J. NARDINI,
*Circuit Judges*.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Feb 09 2021

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                  No. 19-2522

BEVAN COONEY,

*Defendant-Appellant*,

JASON GALANIS, GARY HIRST, JOHN GALANIS, also known as Yanni, HUGH DUNKERLEY, MICHELLE MORTON, DEVON ARCHER,

*Defendants*.

FOR APPELLEE: NEGAR TEKEEI *for* Audrey Strauss, United States Attorney for the Southern District of New York (Rebecca Mermelstein, David Abramowicz, *on the brief*), New York, NY

FOR DEFENDANT-APPELLANT: PAULA JACLYN NOTARI, The Law Office of Paula J. Notari, New York, NY (Ezra Spilke, Law Offices of Ezra Spilke, PLLC, Brooklyn, NY, *on the brief*)

On appeal from a final judgment of the United States District Court for the Southern District of New York (Ronnie Abrams, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court, entered on July 31, 2019, is **AFFIRMED** in part, **VACATED** in part, and **REMANDED** for entry of judgment as modified by this order.

Following a trial, a jury found Defendant-Appellant Bevan Cooney guilty of substantive and conspiratorial securities fraud, *see* 15 U.S.C. §§ 78j(b), 78ff; 18 U.S.C. § 371; 17 C.F.R. § 240.10b-5. Cooney now appeals from the part of his judgment ordering him to pay $43,785,176 in restitution to the crimes' victims: the Wakpamni Lake Community Corporation of the Oglala Sioux Tribe (the "Wakpamni") and the pension fund clients of two investment firms.

Cooney faults the restitution order for three reasons: (1) the Wakpamni did not suffer actual losses because the tribe is immune to suit by bondholders; (2) the court failed to provide a complete accounting of each victim's losses; and (3) the court did not make factual findings clearly enough to permit appellate review. We deferentially review orders of restitution pursuant to the Mandatory Victims Restitution Act of 1996 ("MVRA"), 18 U.S.C. § 3663A, and will vacate only for abuse of discretion. *See United States v. Gushlak*, 728 F.3d 184, 190 (2d Cir. 2013). When, as in the case of Cooney's second and third challenges, a defendant has not preserved his objections, he bears the heavier burden of showing plain error. *See United States v. Zangari*, 677 F.3d 86, 96–97 (2d Cir. 2012). We assume the reader's familiarity with the record.

First, the district court ordered $507,740 in restitution to the Wakpamni for construction expenses incurred as part of bond-backed developments ($150,000) and for the expected cost of finishing those projects ($357,740). The district court separately ordered Cooney to make $43,277,436 in restitution to the bondholders whose assets the scheme misappropriated. Thus,

2

Cooney's argument concerning the tribe's sovereign immunity to bondholder suit is irrelevant to the restitution awarded to the tribe.

Second, Cooney's claim that the district court did not account for each victim's losses fails because each victim's loss amount was specified in the Schedule of Victims, attached to the district court's restitution order and filed under seal pursuant to statutory privacy requirements. *See* 18 U.S.C. §§ 3664(d)(4), 3771(a)(8); Fed. R. Crim. P. 49.1. The district court orally explained its reasoning in determining these loss amounts at the sentencing hearing. On this record, we find no error—much less plain error—in the district court's reliance on the scheduled loss amounts in calculating Cooney's restitution obligation.

Finally, Cooney's alternative argument, that the district court's factual findings concerning the victims' loss amounts were insufficient to permit appellate review, is equally meritless because the district court's sentencing statement and the Schedule of Victims detail a sound methodology for identifying each victim's loss amount.

Apart from Cooney's claims, the Government argues that Cooney's restitution obligation to the Wakpamni should be reduced to include only the actual $150,000 loss, spent on unfinished construction projects in reliance on the conspirators' false promises, and to exclude $357,740 in expectation damages for anticipated costs to complete those projects, *see United States v. Boccagna*, 450 F.3d 107, 119 (2d Cir. 2006). The Wakpamni do not object to the government's proposal. We agree, and therefore direct the district court to reduce its restitution award by $357,740 from $43,785,176 to $43,427,436.

\* \* \*

3

We have considered Cooney's remaining arguments and we find them to be without merit. We therefore **AFFIRM** the judgment of the district court in all respects, except that we **VACATE** that part awarding restitution, and **REMAND** with direction to enter a modified restitution order consistent with this order.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

4