LAW OFFICES
**PAULA J. NOTARI**
125 PARK AVENUE
8th Floor
NEW YORK, NEW YORK 10017
---------
Tel. (646) 943-2172

June 22, 2023

BY ECF and Email

The Honorable Ronnie Abrams
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

*Re: United States v. Bevan Cooney, S1 16 Cr. 371 (RA)*

Application granted.

SO ORDERED.

_____
Ronnie Abrams, U.S.D.J.
June 23, 2023

Dear Judge Abrams:

    This letter is respectfully submitted to reply to the Government's response to Bevan Cooney's motion requesting modification of his conditions of supervised release which is set to expire in May of 2024. First, the government, with approval from the probation department consents to terminate Mr. Cooney's drug testing condition. Additionally, the government does not object to requests by Mr. Cooney to visit family members or participate in family-related activities in Michigan, Ohio, Nevada, California, Idaho, and Washington. With regard to Mr. Cooney's request to travel freely to the Southern and Eastern District of New York, Mr. Cooney agrees to seek permission from the probation department in the event he would like to visit friends or family members in New York.

    Finally, Mr. Cooney respectfully requests that he be permitted to travel within the state of Montana where he resides without getting prior authorization from the probation department. The probation department has made it extremely difficult and embarrassing for Mr. Cooney to travel locally and resume a normal life since he has been released from prison. For example, Mr. Cooney cannot currently travel even 25 minutes from his home (within his home state of Montana) to a local lake house owned by his wife's family without getting prior authorization for an overnight visit. They typically ask for the local address and the contact information for the friend or family member and then proceed to call that person and interrogate them as to the nature of the visit, thereby embarrassing Mr. Cooney and deterring him from making any future requests to travel locally.

The probation department has informed the government that their basis for denying Mr. Cooney travel privileges is based at least in part on their concern that "Cooney may be expending funds toward personal travel that could be expended toward restitution payments to his victims." See Government's Response Letter (ECF No. 1069).  Certainly, an overnight visit to a local home, owned by another family member or friend, is not going to result in excessive money being spent by Mr. Cooney which will take away from restitution he could otherwise make towards victims. As noted in Mr. Cooney's motion, he takes seriously his commitment to make his monthly restitution payments.  While Mr. Cooney's term of supervised release will terminate in less than one year, his restitution obligations will continue for the rest of his life until the balance is paid.

At sentencing in Mr. Cooney's case, the Court may recall that it granted Mr. Cooney a minor role adjustment finding that he was "substantially less culpable than the average participant in the Wakpamni bond fraud." (Dkt. 801, Page 10 Bevan Cooney Sentencing Tr. at 30). The Court recognized Mr. Cooney's record of good conduct prior to his arrest and sentenced him far below his guideline range. The Court even noted that she was confident that Mr. Cooney would be successful on supervised release. Mr. Cooney has essentially been supervised by this Court since May of 2016 without a single incident, and there can be no doubt that the harsh conditions of confinement during the pandemic served as both punishment and deterrence towards him ever re-offending. As noted herein, he takes seriously his commitment to make his monthly restitution payments.

Based on the foregoing we respectfully request that the Court modify the conditions of Mr. Cooney's supervised release to: (1) terminate drug testing condition and (2) allow Mr. Cooney to freely travel to: Michigan, Ohio, Nevada, California, Idaho, Washington and within the state of Montana without getting prior authorization from the probation department.  Thank you for your consideration of this motion and please let the parties know if the Court requires any additional information.

Respectfully submitted,
By:_____/s/_____
Paula J. Notari
Attorney for Bevan Cooney
125 Park Avenue, 8th Floor
New York, New York 10017
(646)943-2172 (Tel.)